IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02884-CYC

TOLL BROTHERS, INC., a Delaware corporation; TOLL SOUTHWEST LLC, a Colorado limited liability company and TB PROPRIETARY CORP., a Delaware Corporation

   *Plaintiffs*,

v.

JEFFREY GU, an individual; TOLL BROTHERS LLC, a Colorado Limited Liability Company; TB PROPRIETARY CORP LLC, a Colorado Limited Liability Company; TOLL ARCHITECTURE LLC, a Colorado Limited Liability Company; TOLL HOLDINGS LLC, a Colorado Limited Liability Company; TB PROPRIETARY CORP., a Colorado Corporation;  TOLL ARCHITECTURE, INC, a Colorado Corporation; TOLL BROTHERS, INC, a Colorado Corporation; and TOLL SOUTHWEST LLC, a Wisconsin Limited Liability Company

   *Defendants*.

---

**PLAINTIFFS' RESPONSE TO DEFENDANT GU'S MOTION TO STRIKE VERIFICATION OF COMPLAINT**

---

Plaintiffs, Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp. (collectively, "Plaintiffs"), by and through their undersigned counsel, files their Response ("Response") to Defendant, Jeffrey Gu's ("Defendant"), Motion to Strike Verification of Complaint ("Motion") and states as follows:

**Introduction**

Defendant Gu's Motion is another example of his vexatious behavior. Since recently filing his appearance in this matter, Mr. Gu submitted 98 pages of counterclaims, the Motion, along with another motion relating to Plaintiffs' corporate disclosures (which has since been stricken by the Court), and taken it upon himself to file the Magistrate Consent Form without speaking to undersigned counsel (which has also been stricken). The Motion does not carry the burden set forth in the Rule it was brought under, and more fundamentally, the Motion simply nit-picks at something not relevant or material to the case—whether the verification properly identifies the corporate entity that issues the paychecks of the person giving the verification, attorney Matthew Care. While this supposed "inconsistency" will no doubt make for scintillating cross examination of Mr. Care, it's not a basis on which to strike the verification. The Motion should be denied.

**Argument**

Defendant's Motion should be denied because it does not comply with the Federal Rules of Civil Procedure ("F.R.C.P."). Defendant filed his Motion pursuant to Rule 12(f), which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) motions are a disfavored, drastic remedy. *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997).[1] "Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the

---

[1] Unless otherwise noted in this Response, forms of incorporation are omitted in citations.

controversy." *Id.* "Even where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike." *Id.*[2]

Defendant did not allege that any portion of Plaintiff's complaint should be stricken because it is redundant, immaterial, impertinent, or scandalous. In fact, Defendant's Motion does not even request that the Court strikes any allegation. It is therefore a waste of the Court's time and resources, which is completely contrary to the purpose of the rule. *See Sierra Club*, 173 F.R.D. at 285. ("[Rule 12(f)'s] purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case.").

Although it is unnecessary to delve into the content of Defendant's Motion, given that it plainly fails to comply with Rule 12(f), the Verification attached to Plaintiffs' Complaint properly lists Matthew Care ("Mr. Care") as counsel for Toll Brothers, Inc. Contrary to Defendant's assertion, the facts that "Mr. Care swore that he is 'counsel for Toll Brothers, Inc.'" and "his official bar registration lists a different corporate employer, 'Toll Bros., Inc.'" (Motion, p. 3) are not mutually exclusive. As is common for attorneys, Mr. Care is counsel for more than one entity, and is indeed counsel for Toll Brothers, Inc. The verification is accurate.

---

[2] Further, a court may strike irrelevant allegations as scandalous only if they degrade the adverse party's moral character, contain repulsive language, or detract from the dignity of the court. *Sierra Club*, 173 F.R.D. 275, 285 (D. Colo. 1997). A court may strike relevant allegations as scandalous only if they satisfy the same criteria and go into unnecessary detail. *Id.*

WHEREFORE, Plaintiffs, Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp. respectfully request that the Court denies Defendant Jeffrey Gu's Motion to Strike Verification of Complaint.

Dated October 8, 2025.

Respectfully Submitted,

*/s/ Henry M. Baskerville*
Henry M. Baskerville
Kiana J. Rugar
FOX ROTHSCHILD LLP
1225 17th St., Suite 2200
Denver, CO  80202
303-292-1200
hbaskerville@foxrothschild.com
krugar@foxrothschild.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

    This is to certify that on October 8, 2025, a true and correct copy of the foregoing was e-filed via CM/ECF to all parties of record.


                                                      */s/ Rho Rudolph*
                                                    Rho Rudolph