IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

**Civil Action No: 1:25-cv-02884-CYC**

**TOLL BROTHERS, INC., et al.,**

    Plaintiffs,

v.

**JEFFREY GU, et al.,**

    Defendant/Counterclaim Plaintiff,

and

**Toll Brothers, Inc.,**

**Toll Southwest LLC,**

**TB Proprietary Corp,**

    Counterclaim Defendants.

## DEFENDANT'S SUPPLEMENTAL BRIEF IN RESPONSE TO PLAINTIFFS' OPPOSITION (ECF NO. 30)

Defendant Jeffrey Gu respectfully submits this short supplemental statement to clarify a material inconsistency concerning the verification of Plaintiffs' Complaint by attorney Matthew Care.

1. Plaintiffs' opposition asserts that "Mr. Care is counsel for more than one entity, and is indeed counsel for Toll Brothers, Inc." That characterization is incompatible with Mr. Care's active The Disciplinary Board of the Supreme Court of Pennsylvania registration, in which he affirms that he maintains no professional-liability insurance "because I do not have private clients and have no possible exposure to malpractice actions (e.g., retired, full-time in-house counsel, prosecutor, full-time government counsel, etc.)." (See Exhibit A)

2. That declaration is legally significant. An attorney may claim exemption from malpractice coverage in Pennsylvania only if he is a full-time in-house lawyer employed by a single corporate client or government entity. Such status is mutually exclusive with serving as outside counsel for multiple independent corporations.

3. Accordingly, Plaintiffs' representation that Mr. Care "is counsel for more than one entity" cannot coexist with his sworn bar disclosure. Either Mr. Care is (a) outside counsel—contradicting his Pennsylvania filing and raising ethical concerns—or he is (b) in-house counsel—confirming that the several Plaintiff entities he purports to represent are, in substance, a single operational enterprise lacking the corporate separateness they claim.

4. This distinction also explains why Mr. Care's role differs sharply from that of Plaintiffs' litigation counsel, Mr. Baskerville of Fox Rothschild LLP. Mr. Baskerville's appearance is that of conventional outside counsel retained for litigation. Mr. Care's verification, by contrast, purports to speak from within the corporate structure itself and therefore must accurately identify the employer entity on whose behalf it is made. That precision is not

"nit-picking"; it is required to ensure that the verification is authorized and that the proper entity possesses standing.

5. Because this inconsistency bears directly on standing, corporate separateness, and the authenticity of the verification, Defendant renews his request that the Court permit limited discovery into Plaintiffs' corporate employment and payroll structure, or in the alternative, direct Plaintiffs to clarify Mr. Care's exact employment relationship and authority to verify on behalf of multiple Plaintiffs.

Respectfully submitted,

_____   October 8, 2025

Jeffrey Gu, Defendant and Counterclaim Plaintiff, Pro Se

2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548, Pro Se