IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No: 1:25-cv-02884-CYC

**TOLL BROTHERS, INC., et al.,**

    Plaintiffs,

v.

**JEFFREY GU, et al.,**

    Defendant/Counterclaim Plaintiff,

and

**Toll Brothers, Inc.,**

**Toll Southwest LLC,**

**TB Proprietary Corp,**

    Counterclaim Defendants.

## MOTION TO CLARIFY OWNERSHIP AND STANDING REGARDING TRADEMARK HOLDERS

Defendant Jeffrey Gu respectfully moves the Court for an order directing Plaintiff Toll Brothers, Inc. to clarify its claimed ownership or enforcement rights in the trademark identified in the AO

120 "Report on the Filing or Determination of an Action Regarding a Patent or Trademark" filed on September 15, 2025 (ECF No. 5).

## I. BACKGROUND

In its AO 120 filing, Plaintiff listed the holder of U.S. Trademark Reg. No. 73636618 as "Toll Brothers, Inc. through TB Proprietary Corp." Publicly available USPTO records, however, identify TB Proprietary Corp**.**—a separate corporate entity—as the sole registrant and owner of that mark. (See Exhibit A)

Plaintiff Toll Brothers, Inc. has not submitted any assignment, license, or other document establishing a right to enforce the mark in its own name.  This discrepancy leaves unclear whether the named plaintiff possesses standing under 15 U.S.C. § 1116 or any other provision of the Lanham Act to assert trademark claims in this Court.

Despite Defendant's good-faith request for informal clarification, Plaintiff declined to provide it, stating that the information "is best found in discovery."  Because the relationship at issue bears directly on standing and judicial economy, clarification now—rather than after protracted discovery—is both reasonable and efficient.

## II. ARGUMENT

Only the registrant of a trademark, or a duly authorized assignee or exclusive licensee, may bring an infringement action under the Lanham Act.  See 15 U.S.C. § 1125; Fed. R. Civ. P. 17(a).

The AO 120 phrase "Toll Brothers, Inc. through TB Proprietary Corp." provides no legally cognizable description of ownership or authorization. The preposition "through" does not denote

assignment, agency, or license in any recognized legal sense, and its use here renders the source of enforcement authority uncertain.

Clarifying which entity owns or controls the asserted mark will prevent unnecessary discovery disputes and ensure that the party invoking this Court's jurisdiction is properly before it. This ambiguity is consistent with a broader pattern in which Plaintiffs and their affiliates employ multiple single-purpose entities, making it difficult to determine where liability and rights actually reside. Resolving that uncertainty early promotes fairness and efficiency for all parties and for the Court.

## III. RELIEF REQUESTED

Defendant respectfully requests that the Court order Plaintiff Toll Brothers, Inc. to file, within fourteen (14) days, a verified statement identifying:

1. Whether Toll Brothers, Inc. is the current registrant, assignee, or licensee of U.S. Trademark Reg. No. 73636618;
2. If not, the precise relationship between Toll Brothers, Inc. and TB Proprietary Corp. that purports to confer enforcement rights; and
3. Any supporting documentation demonstrating such ownership or authorization.

## IV. Certificate of Conferral (D.C.COLO.LCivR 7.1(a))

Counterclaim Plaintiff certifies that he conferred in good faith with opposing counsel by email on October 13, 2025 regarding the issues raised in this motion but was unable to reach resolution, with the opposing counsel responding with "it sounds like the information you're

seeking is best found in discovery, not emails with me or unnecessary motions with the court."

(See Exhibit B)



Respectfully submitted,

_____   October 13, 2025

Jeffrey Gu, Defendant and Counterclaim Plaintiff, Pro Se

2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548, Pro Se