IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

**Civil Action No: 1:25-cv-02884-PAB-CYC**

**TOLL BROTHERS, INC., et al.,**

    Plaintiffs,

v.

**JEFFREY GU, et al.,**

    Defendant/Counterclaim Plaintiff

## MOTION FOR DEFAULT JUDGMENT

**Against Toll Brothers, Inc., TB Proprietary Corp., and Toll Southwest LLC**

### I. INTRODUCTION

Defendant/Counterclaim Plaintiff **Jeffrey Gu** respectfully moves this Court, pursuant to Fed. R. Civ. P. 55(b)(2), for entry of default judgment against Plaintiffs **Toll Brothers, Inc.**, **TB Proprietary Corp.**, and **Toll Southwest LLC** (collectively, the "Toll Entities"). Each has failed to plead or otherwise defend against the Counterclaims filed September 29, 2025. The Clerk entered default on October 21, 2025.

### II. PROCEDURAL BACKGROUND

1. Plaintiffs filed their Complaint on September 12, 2025. (ECF No. 1)

2. Defendant timely filed his **Answer and Counterclaims** on September 29, 2025. (ECF No. 17)

3. Pursuant to Fed. R. Civ. P. 12(a)(1)(B), Plaintiffs' deadline to respond was **October 20, 2025**.

4. No response or motion was filed.

5. On October 21, 2025, the Clerk entered default against **Toll Brothers, Inc.**, **TB Proprietary Corp.**, and **Toll Southwest LLC.** (ECF No. 46)

These plaintiffs are sophisticated corporate parties, represented by national counsel, and their failure to respond cannot be characterized as excusable neglect.

## III. LEGAL STANDARD

Default judgment is proper when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." *Fed. R. Civ. P.* 55(b)(2). Upon default, all well-pleaded factual allegations are deemed admitted, and the Court may enter judgment as to liability. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).

## IV. WELL-PLEADED COUNTERCLAIMS SUBJECT TO DEFAULT

**Count 1 — Declaratory Judgment (CP-1 Exemption / C.R.S. § 12-10-201 et seq.)**

**Against:** Toll Brothers, Inc.; TB Proprietary Corp.; Toll Southwest LLC

Defendant/Counterclaim Plaintiff seeks a declaration that the Toll Entities cannot lawfully rely on the "owner-broker" exemption (Commission Position CP-1) because the sale of his property was conducted through shell entities and "paper officers" not actually employed by the titled

seller. Their default concedes the factual basis: they marketed, contracted, and conveyed the property without a licensed broker in violation of Colorado's real-estate-licensing laws.

### Count 2 — Fraudulent Inducement

**Against:** Toll Brothers, Inc.; TB Proprietary Corp.; Toll Southwest LLC

The Toll Entities misrepresented their sales practices, corporate registrations, officer legitimacy, and licensing status, inducing Defendant/Counterclaim Plaintiff to purchase his home under false pretenses. Their default establishes liability for fraudulent inducement.

### Count 3 — Civil Conspiracy (as to the Toll Entities' participation)

**Against:** All Defendants (including Toll Brothers, Inc.; TB Proprietary Corp.; Toll Southwest LLC)

Their default establishes agreement and participation in a coordinated scheme to conceal licensing violations and mislead consumers.

### Count 4 — Deceptive Trade Practices (C.R.S. § 6-1-105)

**Against:** Toll Brothers, Inc.; TB Proprietary Corp.; Toll Southwest LLC

Their default admits knowing violations of the Colorado Consumer Protection Act by misrepresenting the source, sponsorship, and quality of their homes and failing to disclose material information to induce sales.

### Count 6 — Abuse of Process

**Against:** Toll Brothers, Inc.; TB Proprietary Corp.; Toll Southwest LLC

Their default admits they misused cease-and-desist threats and the instant litigation to chill protected speech and suppress legitimate consumer complaints.

## V. DAMAGES AND RELIEF REQUESTED

Pursuant to Rule 55(b)(2), Defendant/Counterclaim Plaintiff requests that the Court:

1. Enter judgment as to liability on Counts 1, 2, 3 (as to these entities), 4, and 6;
2. Award actual damages of **$380,792.37**, plus punitive damages to be determined at hearing;
3. Award mitigation expenses in the amount of **$51,980.98.**
4. Enter declaratory relief that the Toll Entities may not invoke the CP-1 "owner-broker" exemption and violated Colorado licensing statutes;
5. Award costs and reasonable fees; and
6. Grant such other relief as the Court deems just.

## VI. CONFERRAL STATEMENT

Because Plaintiffs have failed to plead or otherwise defend and default has been entered, **conferral under D.C.COLO.LCivR 7.1(a) is not practicable.**

## VII. CONCLUSION

For these reasons, Defendant/Counterclaim Plaintiff respectfully requests that the Court enter default judgment against Toll Brothers, Inc., TB Proprietary Corp., and Toll Southwest LLC under Fed. R. Civ. P. 55(b)(2) and schedule a damages hearing if required.

Respectfully submitted,

_____   October 21, 2025

Jeffrey Gu, Defendant and Counterclaim Plaintiff, Pro Se

2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548, Pro Se