IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

**Civil Action No: 1:25-cv-02884-PAB-CYC**

**TOLL BROTHERS, INC., et al.,**

    Plaintiffs,

v.

**JEFFREY GU, et al.,**

    Defendant/Counterclaim Plaintiff

## MOTION TO STRIKE UNAUTHORIZED FILING BY DEFAULTED PARTIES

**Defendant/Counterclaim Plaintiff Jeffrey Gu ("Defendant")** respectfully moves the Court to strike Plaintiffs' filing titled "PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR ENTRY OF DEFAULT" (the "Unauthorized Filing") from the record. (ECF No. 49)

**I. Procedural Background**

On October 21, 2025, the Clerk of Court entered a Clerk's Entry of Default (ECF No. 46) against Plaintiffs Toll Brothers, Inc., TB Proprietary Corp., and Toll Southwest LLC (collectively, "Defaulted Plaintiffs") pursuant to Fed. R. Civ. P. 55(a), for failure to timely respond to Defendant's Counterclaim filed on September 29, 2025. (ECF No. 17)

Following that entry, the Defaulted Plaintiffs filed the Unauthorized Filing on October 22, 2025, despite being in default and without first moving under Fed. R. Civ. P. 55(c) to set aside the default. (ECF No. 49)

The Unauthorized Filing purports to oppose Defendant's Motion for Entry of Default or otherwise argue matters related to the default, but it was made after default and without leave of court, in direct violation of the Federal Rules of Civil Procedure and this Court's Local Rules.

## II. Argument

### A. Defaulted Parties May Not File Pleadings

Under Federal Rule of Civil Procedure 55(a), when a party fails to plead or otherwise defend, the Clerk must enter the party's default. After that entry, the default remains in effect until it is set aside by the Court under Rule 55(c).

Accordingly, their filing on October 22, 2025 was made while in default and is therefore procedurally improper. (ECF No. 49) Unless and until the Court vacates the default, no further pleadings, motions, or responses may be entertained from those parties.

### B. The Filing Confuses the Record and Prejudices Judicial Efficiency

The purpose of the default process under Rule 55 is to bring clarity and finality to unresponsive parties. Allowing filings from defaulted parties undermines judicial efficiency and creates unnecessary confusion in the docket.

Because the Defaulted Plaintiffs have not moved to vacate the default, their filing should be disregarded and stricken to maintain procedural integrity.

**III. Relief Requested**

For the foregoing reasons, Defendant respectfully requests that the Court:

1. Strike Plaintiffs' unauthorized filing (ECF No. 49) from the record;

2. Admonish the Defaulted Plaintiffs that no filings are permitted unless and until the default is set aside under Fed. R. Civ. P. 55(c); and

3. Grant any other relief the Court deems just and proper.

**IV. Certification of Conferral**

Because the only parties that could have been consulted—**Toll Brothers, Inc., TB Proprietary Corp., and Toll Southwest LLC**—are presently in default and lack standing to participate in this action, no conferral was possible or required.

Respectfully submitted,

_____    October 22, 2025

Jeffrey Gu, Defendant and Counterclaim Plaintiff, Pro Se

2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548