IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02884-CYC

TOLL BROTHERS, INC., a Delaware corporation; TOLL SOUTHWEST LLC, a Colorado limited liability company and TB PROPRIETARY CORP., a Delaware Corporation

    Plaintiffs,

v.

JEFFREY GU, an individual; TOLL BROTHERS LLC, a Colorado Limited Liability Company; TB PROPRIETARY CORP LLC, a Colorado Limited Liability Company; TOLL ARCHITECTURE LLC, a Colorado Limited Liability Company; TOLL HOLDINGS LLC, a Colorado Limited Liability Company; TB PROPRIETARY CORP., a Colorado Corporation;  TOLL ARCHITECTURE, INC, a Colorado Corporation; TOLL BROTHERS, INC, a Colorado Corporation; and TOLL SOUTHWEST LLC, a Wisconsin Limited Liability Company

    Defendants.

**PLAINTIFFS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

Plaintiffs Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp. (collectively, "Plaintiffs"), through undersigned counsel, respectfully move the Court to set aside the Clerk's Entry of Default (the "Entry of Default") entered on October 21, 2025 (ECF No. 46), pursuant to Fed. R. Civ. P. 55(c), and in support state as follows:

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Plaintiffs advises that he has tried to confer with Defendant Jeffrey Gu by emailing him multiple times and leaving two voicemails for him. Defendant apparently failed to respond to counsel for Plaintiffs because he was too busy drafting and filing frivolous motions designed to waste the Court's time. Given the tenor of his most recent frivolous motion, undersigned counsel presumes Mr. Gu opposes this Motion.[1]

## INTRODUCTION

The Clerk's Entry of Default was improperly entered because of Defendant Jeffrey Gu's pattern of bad-faith litigation conduct, calculated efforts to circumvent procedural safeguards, and misrepresentations to the Court. Defendant failed to disclose to the Court that Plaintiffs had timely filed a Motion under Local Rule 8.1(a) seeking review of his Counterclaims, which by the letter of the Rule, automatically tolls the time for Plaintiffs to respond to the Counterclaims even without the motion being ruled upon. Even if Local Rule 8.1(a) did not automatically toll the deadline to respond (it did), Plaintiffs' Motion also requested an extension of time to respond, and that motion remains pending before the Court. More importantly, Defendant also failed to confer with Plaintiffs prior to filing his Motion for Entry of Default by the Clerk, in direct violation of D.C.COLO.LCivR 7.1(a), despite prior warnings from the Court regarding his noncompliance. Had Defendant Gu

---

[1] Shortly after Plaintiffs' counsel tried to confer with Defendant Jeffrey Gu regarding this Motion, he filed a Motion to Strike Plaintiffs' Response to Defendant's Motion for Entry of Default with the Court without conferring with Plaintiffs' Counsel.

complied with his conferral obligations, undersigned counsel would have explained to him the language in Local Rule 8.1(a) that tolls the time to answer the Counterclaims, and all of this unnecessary motion practice could have been avoided. But yet again, he ignored his conferral obligations and filed an unnecessary motion that contains false representations about the procedural posture of the case, causing the Clerk to improperly enter a default despite the clear language of Rule 8.1(a). Defendant's tactics and disregard for the Court's rules enabled him to obtain his desired result while prejudicing Plaintiffs, and wasting the Court's resources.

The Entry of Default should be set aside, and the Court should determine whether sanctions against Mr. Gu are appropriate, particularly given Magistrate Judge Chung's prior admonitions.

## **PROCEDURAL BACKGROUND**

Defendant Jeffrey Gu ("Defendant") filed his Answer and Counterclaims (the "Counterclaims") on September 29, 2025 (ECF No. 17). On October 7, 2025, Plaintiffs filed a Motion under Local Rule 8.1(a) for the Court to review Defendant's Counterclaims and filed a Motion for Extension of Time to Answer Defendant's Counterclaim (the "Local Rule 8.1(a) Motion") (ECF No. 28). The Local Rule 8.1(a) Motion is pending before the Court. On October 21, 2025, at 12:22 am, Defendant Gu, without conferring with Plaintiffs, filed his Motion for Entry of Default by the Clerk ("Motion for Default") (ECF No. 45). That same day, at 7:44 am, the Clerk entered a default against Plaintiffs (ECF No. 46).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(c), a court may "set aside an entry of default for good cause." "That is a 'fairly liberal' standard." *Alzado-Lotz v. Bock*, No. 20-CV-02928-DDD-CYC, 2025 WL 2725049, at *2 (D. Colo. Aug. 11, 2025).[2] "A court may consider the following non-exclusive factors in determining good cause: '(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense,'" but need not consider all the factors. *Id.* "The preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

## ARGUMENT

**I.     The Entry of Default is the result of Defendant's Culpable Conduct.**

The Entry of Default is in error, but it is not the result of culpable conduct of Plaintiffs. On the contrary, the Entry of Default is the result of Defendant's culpable conduct. Well before their deadline to respond to the Counterclaims, on October 7, 2025, Plaintiffs filed their Local Rule 8.1(a) Motion, requesting that the Court reviews Defendant's Counterclaim and for an extension of time to respond to Defendant's Counterclaims pursuant to Local Rule 8.1(a), which automatically tolls Plaintiffs' deadline to respond to the Counterclaims. Local Rule 8.1(a) says, in relevant part:

> The time for filing an answer or response shall be tolled until the designated judicial officer determines that the pleadings should not be dismissed summarily at which time the judicial

---

[2] Internal citations omitted unless otherwise noted.

4

> officer shall issue an order directing service of the order and
> the pleadings on the defendant(s) or respondent(s).

Local Rule 8.1(a) is designed to filter out pleadings like Defendant's Counterclaims, which are prolix, legally baseless, and crafted to antagonize rather than litigate.[3]

In his motion, Defendant failed to disclose that Plaintiffs' Local Rule 8.1(a) Motion requested an extension of time and that Local Rule 8.1(a) requires a tolling of time under the Court issues an order, which is clearly delineated in Plaintiff's Local Rule 8.1(a) Motion. Instead, Defendant stated in his Motion for Default that Plaintiffs "have not filed an answer, a motion under Rule 12, or any stipulation for extension in response to Defendant's Counterclaims." Mot. for Default ¶ 3, ECF No. 45. Had Defendant exercised candor and explained to the Court (and by extension the Clerk of the Court), that Local Rule 8.1(a) automatically tolls the time to respond, it is doubtful that the Clerk would have granted his motion in error. Defendant's disregard for his duty of candor to the Court appears to be intentional, and is reflective of his continued pattern of abusive litigation tactics.

Perhaps more importantly, Defendant, once again, failed to confer with Plaintiffs on their Motion for Default, as required by D.C.COLO.LCivR 7.1(a). While striking two of Defendant's filings for failing to confer with Plaintiffs, Magistrate Judge Chung specifically informed Defendant that he "is not immune from this requirement" and "further failure to comply with Court Orders, the Federal Rules of Civil Procedure, the Local Rules of this

---

[3] Defendant's Counterclaims span 108 pages and include 514 paragraphs of rambling, incoherent "factual" allegations, 26 pages of implausible legal contentions, and 201 exhibits spanning 1,490 pages that are unnecessarily burdensome. He's also filed a spurious lawsuit against Plaintiffs' in California in which the sole basis for the claims against Plaintiffs is the filing of this lawsuit.

5

District, and/or the Court's Practice Standards would interfere with the judicial process and may result in a loss of e-filing privileges or other sanctions." Min. Order, ECF No. 29. Given that Order, it's difficult to imagine that Mr. Gu was unaware of his conferral obligations. Rather, he likely intentionally chose not to confer with Plaintiffs regarding his Motion for Entry of Default in hopes of obtaining the exact relief he received—an improperly granted Default. This is yet another example of his continued exploitation of the judicial process by circumventing the rules to advance meritless and disruptive filings.

Default would not have been entered had Defendant fulfilled his duty to confer and candidly disclosed the pending motion for extension under Plaintiffs' Local Rule 8.1(a) Motion because undersigned counsel would have explained to him that his Motion was frivolous given the language of Local Rule 8.1(a).

## II. Defendant will not be Prejudiced if the Clerk's Entry of Default is Set Aside.

Defendant will not be prejudiced if the default should be set aside because the case is in its infancy stages. In *Apex Mobility Transportation, LLC v. First Transit, Inc.*, "the Court [found] no prejudice to Plaintiffs in setting aside the entry of default because Defendant moved to vacate the entry of default within two weeks of the Clerk's entry of default, which was entered less than a full month after the case was initiated." No. 14-CV-02645-REB-MEH, 2015 WL 59553, at *3 (D. Colo. Jan. 2, 2015). As such, "the case is still in its early stages, and Plaintiffs' ability to pursue their claims has not been hindered." *Id.*

Here, Plaintiffs move to set aside the Entry of Default the day after the Clerk's Entry of Default, which was entered less than a month after Defendant filed his Counterclaims.

6

The case is in its early stages, as it was in *Apex Mobility*, and Defendant's ability to pursue his claims has not been hindered.

### III.     Plaintiffs' Presentation of a Meritorious Defense is Inapplicable.

Defendant's Counterclaims are so procedurally deficient that they do not warrant a substantive response on the merits. Under Rule 8, a party must plead "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2). Local Rule 8.1(a) plainly takes the Rule 8 obligations even further by setting up a gatekeeper for pro se complaints like Defendant's Counterclaims, which contain hundreds of excessively verbose, unintelligible, immaterial allegations that fail to establish Defendant is entitled to relief. Rather than engage with Counterclaims that are legally and procedurally defective, Plaintiffs have sought appropriate relief to compel compliance with basic pleading standards.[4] Therefore, the question of a meritorious defense is premature.

### CONCLUSION

**WHEREFORE**, Plaintiffs respectfully requires that this Court enter an order setting aside the Clerk's Entry of Default entered on October 21, 2025, review the Counterclaims under Local Rule 8.1(a), allow Plaintiffs to respond to the Counterclaims after the Court's Local Rule 8.1(a) review (to the extent the Counterclaims survive), requires Defendant to seek pre-approval from the Court to file any motions with the Court, and order whatever other relief the Court deems just under the circumstances.

---

[4] In fact, it appears that the Local Rule 8.1(a) review is supposed to occur immediately upon filing without need for a motion, but Plaintiffs suspect that step likely was missed in this case since the pleading at issue is a counterclaim rather than an original complaint.

7

| | |
|---|---|
| Dated October 22, 2025. | Respectfully submitted,<br><br>Fox Rothschild, LLP<br><br>*/s/ Henry M. Baskerville*<br>Henry M. Baskerville<br>Kiana J. Rugar<br>1225 17th St., Suite 2200<br>Denver, CO  80202<br>303-292-1200<br>hbaskerville@foxrothschild.com<br>krugar@foxrothschild.com<br><br>*Attorneys for Plaintiffs* |

# CERTIFICATE OF SERVICE

This is to certify that on October 22, 2025, a true and correct copy of **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR ENTRY OF DEFAULT** was e-filed via CM/ECF to the following:

Jeffrey GU
2332 North Clay St., Apt. 3
Denver, CO  80211
720-593-1548
jeffwgu@gmail.com
*Pro Se*

*/s/ Rhonda Rudolph*
Rhonda Rudolph

8