IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

**Civil Action No: 1:25-cv-02884-PAB-CYC**

**TOLL BROTHERS, INC., et al.,**

    Plaintiffs,

v.

**JEFFREY GU, et al.,**

    Defendant/Counterclaim Plaintiff

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

**I. INTRODUCTION**

Plaintiffs—three sophisticated corporate entities represented by national counsel—seek to undo a default that resulted entirely from their own failure to follow the **Federal Rules of Civil Procedure**. Their motion offers no legitimate basis for relief under **Rule 55(c)**. Instead, Plaintiffs rely on a strained reading of **D.C.COLO.LCivR 8.1**, a purely administrative screening rule that has no application to counterclaims or to parties already in active litigation. Plaintiffs' invocation of D.C.COLO.LCivR 8.1 is not a legal argument — it's an admission that they have no substantive defense to the Counterclaims and seek to escape Rule 12 obligations by mischaracterizing an administrative intake rule as a stay order.

Because Plaintiffs cannot show **(1)** excusable neglect, **(2)** a meritorious defense, or **(3)** absence of prejudice, the Clerk's Entry of Default (ECF No. 46) should remain in place.

## II. LEGAL STANDARD

Under **Fed. R. Civ. P. 55(c)**, the Court may set aside an entry of default only for **good cause**, evaluated under three familiar factors:

1. Whether the default was the result of culpable conduct or excusable neglect;
2. Whether the defaulting party has a meritorious defense; and
3. Whether setting aside the default would prejudice the non-defaulting party.

## III. ARGUMENT

**A. No Excusable Neglect Exists.**

Plaintiffs missed a clearly stated deadline under **Rule 12(a)(1)(B)**. Their failure was neither inadvertent nor unavoidable:

- They were represented by experienced litigation counsel at Fox Rothschild LLP;
- They had actual notice of the filing date of the Counterclaims via the ECF system;
- They chose not to request an extension or stipulation within the response period.

Their sole explanation—that Local Rule 8.1 "automatically tolled" the deadline—is demonstrably incorrect. **Rule 8.1(a)** applies only to initial complaints filed by pro se parties upon filing so that a judicial officer can screen unserved actions before service. It does not suspend deadlines for counterclaims in an ongoing case, nor does it displace **Rule 12(a)**. Plaintiffs cite no authority suggesting otherwise.

The neglect was therefore **culpable**, not excusable.

### B. Plaintiffs Have Not Shown a Meritorious Defense.

A movant must proffer specific facts that, if proven, would constitute a complete defense. Plaintiffs have offered none. Their motion recites no factual rebuttals to the Counterclaims, no legal theories addressing liability, and no documents contradicting the allegations. Instead, they criticize Defendant's style and length. Conclusory complaints about "verbosity" do not establish a defense under Rule 55(c).

Because Plaintiffs declined to engage the substance of the Counterclaims when first required to respond—and still have not done so—the Court has no basis to find any meritorious defense.

### C. Setting Aside the Default Would Prejudice Defendant.

Allowing three well-resourced corporate plaintiffs to re-enter this litigation after missing a straightforward deadline would substantially prejudice Defendant:

- Defendant has expended time and resources pursuing default and default-judgment remedies in reliance on Plaintiffs' inaction;
- Reinstatement would reward strategic delay and undermine confidence in the Court's scheduling orders;
- The imbalance of resources between an individual pro se litigant and a billion-dollar plaintiff magnifies that prejudice.

Plaintiffs had every procedural tool available—extensions, stipulations, Rule 6(b) motions—and used none. The equities do not favor reopening the door.

**IV. LOCAL RULE 8.1 DOES NOT APPLY**

Local Rule 8.1(a) empowers the **Chief Judge** to review newly filed pro se complaints prior to service. It says nothing about counterclaims or pleadings already within an active case. The rule's purpose is administrative, not substantive; it is triggered "upon filing" of a new civil action, not upon filing of a responsive pleading. Plaintiffs' own footnote 4 concedes that the "step likely was missed … since the pleading at issue is a counterclaim." That admission ends the inquiry: the rule was never intended to apply here.

Accordingly, Plaintiffs cannot convert an internal intake rule into a blanket extension of federal deadlines.

**V. CONCLUSION**

Plaintiffs are sophisticated repeat litigants who simply ignored the Federal Rules. Their misunderstanding of a local administrative rule is not "good cause." Because they have shown no excusable neglect, no meritorious defense, and clear prejudice to Defendant, the **PLAINTIFFS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT** should be **DENIED**.

Respectfully submitted,

_____  October 23, 2025

Jeffrey Gu, Defendant and Counterclaim Plaintiff, Pro Se

2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548

CERTIFICATE OF SERVICE

This is to certify that on October 23, 2025, a true and correct copy of **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT** was e-filed via CM/ECF to the following:

Henry M. Baskerville 303-292-1200 hbaskerville@foxrothschild.com

_____   October 23, 2025

Jeffrey Gu