IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02884-CYC

TOLL BROTHERS, INC., a Delaware corporation; TOLL SOUTHWEST LLC, a Colorado limited liability company and TB PROPRIETARY CORP., a Delaware Corporation

    Plaintiffs,

v.

JEFFREY GU, an individual; TOLL BROTHERS LLC, a Colorado Limited Liability Company; TB PROPRIETARY CORP LLC, a Colorado Limited Liability Company; TOLL ARCHITECTURE LLC, a Colorado Limited Liability Company; TOLL HOLDINGS LLC, a Colorado Limited Liability Company; TB PROPRIETARY CORP., a Colorado Corporation;  TOLL ARCHITECTURE, INC, a Colorado Corporation; TOLL BROTHERS, INC, a Colorado Corporation; and TOLL SOUTHWEST LLC, a Wisconsin Limited Liability Company

    Defendants.

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

Plaintiffs Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp. (collectively, "Plaintiffs") submit this Reply in Support of their Motion to Set Aside Clerk's Entry of Default (the "Motion to Set Aside").

## **ARGUMENT**

In addition to abdicating his duty to confer on the myriad filings he has made in this case[1], Mr. Gu also apparently has decided that the duty of candor to the Court does not apply to him. For example, in his Response in Opposition to the Motion to Set Aside ("Response"), the entire predicate for his argument is that there is no excusable neglect because Plaintiffs supposedly "chose not to request an extension or stipulation within the response period." Resp., ECF No. 53, p. 2. That is a lie.

On October 6, 2025, undersigned counsel conferred with Mr. Gu regarding Plaintiffs' proposed Local Rule 8.1(a) Motion. *See* Oct 6, 2025, Email *attached as* Exhibit 1. As noted, by operation of law, Local Rule 8.1(a) automatically tolls Plaintiffs' deadline to respond, even without the need to file a Motion. Nevertheless, on October 7, 2025—well before their deadline to respond to Mr. Gu's Counterclaims—Plaintiffs' filed the Local Rule 8.1(a) Motion, which sought an extension under Local Rule 8.1(a) and also asked for an extension under the Court's inherent powers to manage deadlines in cases before it. *See* Local Rule 8.1(a) Mot., ECF No. 28. Undersigned counsel also discussed this Motion with Mr. Gu during a conference call on October 7, 2025. *See* Oct 7, 2025, email, *attached as* Exhibit 2. Thus, Mr. Gu's statement that Plaintiffs "chose not to request an extension or stipulation within the response period" is false.

---

[1] He filed another spurious motion yesterday without conferring claiming—without any citation to authority, as he is wont to do—that he need not confer with undersigned counsel because of the Clerk's Entry of Default. Again, Mr. Gu is wrong. In relevant part, Local Rule 7.1(A) requires a *pro se* party to confer before filing **any** motion, except for a motion under Fed.R.Civ.P. 12 or 56. *Zimmerman v. The CIT Grp., Inc.*, No. CIV.A.08CV00246ZLW, 2008 WL 1994948, at *1; *see also* D.C.COLO.LCivR 7.1. "The Court takes the duty to confer imposed by Rule 7.1A *very seriously.*" *Id.* (D. Colo. May 7, 2008) (emphasis supplied).

Mr. Gu also repeatedly misrepresents the law. For example, Mr. Gu argues (repeatedly and without citing any authority whatsoever) that Local Rule 8.1(a) does not apply here. *See* Resp., ECF No. 53, p. 4. That too is false. Under Local Rule 8.1(a) the Court must review a *pro se*'s pleadings to determine whether any claims should be dismissed summarily. *Blunt v. U.S. Dep't of Educ.*, No. 19-CV-00625-LTB-GPG, 2019 WL 13214055, at *1 (D. Colo. May 24, 2019); *see also* D.C.COLO.LCivR 8.1(a); *see also White River Vill., LLP v. Fid. & Deposit Co. of Maryland*, No. 08-CV-00248-REB-MEH, 2013 WL 6168853, at *2 (D. Colo. Nov. 25, 2013) ("An answer is a pleading pursuant to Fed.R.Civ.P. 7(a)(2)"); *see also Avemco Ins. Co. v. Cessna Aircraft Co.*, 11 F.3d 998, 1000 (10th Cir. 1993) ("Fed.R.Civ.P. 13(a) provides that '[a] pleading shall state as a counterclaim any claim which…'").

Simply put, Local Rule 8.1(a) automatically tolled Plaintiffs' deadline to respond to Mr. Gu's Counterclaims. Plaintiffs did not have to do anything. But they did—they filed a motion asking the Court to review the claims under Local Rule 8.1(a) and specifically asking for an extension of time to respond. Mr. Gu's knowingly false statements to the Court do not change those undisputable facts. The Court should grant the Motion to Set Aside, and award whatever other relief the Court deems equitable and just.

This Court already has informed Mr. Gu of his obligations to confer and to avoid abusing the Court system and his ECF Filing Privileges. The Court's instructions to Mr. Gu seem to have gone in one ear and out the other since he has repeatedly violated them. This behavior should not be tolerated. Plaintiffs respectfully requests that the Court requires Mr. Gu to seek leave of Court before filing any more motions, and to sanction him for his repeated intentional violations of this Court's Orders and Rules.

Dated October 23, 2025.

Respectfully submitted,

Fox Rothschild, LLP

*/s/ Henry M. Baskerville*
Henry M. Baskerville
Kiana J. Rugar
1225 17th St., Suite 2200
Denver, CO  80202
303-292-1200
hbaskerville@foxrothschild.com
krugar@foxrothschild.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

This is to certify that on October 23, 2025, a true and correct copy of **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR ENTRY OF DEFAULT** was e-filed via CM/ECF to the following:

Jeffrey GU
2332 North Clay St., Apt. 3
Denver, CO  80211
720-593-1548
jeffwgu@gmail.com
*Pro Se*

*/s/ Rhonda Rudolph*
Rhonda Rudolph

4