IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

**Civil Action No: 1:25-cv-02884-PAB-CYC**

**TOLL BROTHERS, INC., et al.,**

    Plaintiffs,

v.

**JEFFREY GU, et al.,**

    Defendant/Counterclaim Plaintiff

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR REVIEW UNDER LOCAL RULE 8.1(a) AND FOR EXTENSION OF TIME**

**I. INTRODUCTION**

Plaintiffs' motion under D.C.COLO.LCivR 8.1 should be denied.

The issue is **moot**—the October 20, 2025 deadline to answer Defendant's Counterclaims has long passed. More fundamentally, Local Rule 8.1 governs **initial pleadings in newly filed cases**, not counterclaims within ongoing litigation. Plaintiffs' reliance on that rule to toll their Rule 12(a)(1)(B) deadline was both legally and factually mistaken.

Even if timely, Plaintiffs' motion was not a true motion for extension under Rule 6(b), since it sought an indefinite "hold in abeyance" rather than a defined period supported by good cause. And if Plaintiffs genuinely believed Defendant's Counterclaims were defective or "sprawling,"

the Federal Rules already provide clear remedies under Rule 12(b)(6), 12(e), or 12(f). Their failure to use them confirms that the neglect here was strategic, not excusable.

## II. THE MOTION IS MOOT

The motion was filed on October 7, 2025. (ECF No. 28) The deadline to respond to the Counterclaim under Rule 12(a)(1)(B) was October 20, 2025. Plaintiffs did not seek or obtain a stay or extension from the Court within that time, and, thus, the Clerk properly entered default on October 21, 2025. (ECF No. 46)

Because the time to answer has expired and default has entered, there is nothing left for the Court to "hold in abeyance." The motion is therefore moot.

## III. LOCAL RULE 8.1 GOVERNS INITIAL FILINGS, NOT ACTIVE CASES

Local Rule 8.1 was designed to help the Court screen *initial pleadings* by pro se or in forma pauperis parties before service. It is not a substitute for Rule 12 deadlines in ongoing cases.

### A. The Pre-2024 Rule Confirmed Its Narrow Scope

Before the 2024 amendments, Local Rule 8.1 stated:

> *A judicial officer designated by the Chief Judge shall review the pleadings of a party who is allowed to proceed without prepayment of filing fees to determine whether the pleadings should be dismissed summarily.*

That rule applied only to *in forma pauperis* pleadings—i.e., the initial filings of parties seeking to proceed without fees. It did not apply to counterclaims or to represented parties in existing litigation.

### B. The 2024 Amendment Did Not Expand the Rule to Active Cases

The current rule reads:

> *A judicial officer designated by the Chief Judge shall review the pleadings of a pro se party or a party who is allowed to proceed without prepayment of filing fees… The time for filing an answer or response shall be tolled until the designated judicial officer determines that the pleadings should not be dismissed summarily…*

The amendment simply extended the screening process to *pro se* initial complaints. It did **not** transform the rule into a mechanism that halts litigation in progress. The tolling language applies **only between filing and service of an unreviewed, unserved initial pleading**—not to counterclaims in a case already assigned to a district judge and magistrate judge.

### C. Subsection (c) Reinforces That Local Rule 8.1 Applies Only to New Actions

Subsection (c) provides:

> *If an action is not dismissed summarily, the action shall be assigned to a district judge and/or a magistrate judge… A judicial officer to whom the action is assigned may order issuance of a summons.*

That language unmistakably describes the *commencement* of a case—review, assignment, and issuance of summons—not filings in an ongoing matter. Plaintiffs' attempt to stretch this administrative rule into a procedural escape hatch contradicts its plain structure.

### IV. PLAINTIFFS' REQUEST IS NOT A VALID RULE 6(b) MOTION

Federal Rule 6(b) requires that any request for an extension of time:

1. Be filed **before** the deadline expires;
2. State a **specific period of extension**; and

3. Show **good cause**.

Plaintiffs' motion neither states a specific period nor shows good cause. It seeks to "hold in abeyance" their obligation to respond *indefinitely* until after the Court's hypothetical review—an undefined delay dependent on their own mistaken assumption that Local Rule 8.1 applied. Such a request is not an extension "for good cause"; it is a request for open-ended suspension of the Rules.

## V. IF THE COUNTERCLAIMS WERE "SPRAWLING," THE PROPER REMEDY WAS A RULE 12 MOTION

Plaintiffs repeatedly disparage Defendant's Counterclaims as "rambling" and "manifesto-like." Even if that were true, the Federal Rules already provide specific remedies:

- **Rule 12(b)(6)** – motion to dismiss for failure to state a claim;
- **Rule 12(e)** – motion for a more definite statement;
- **Rule 12(f)** – motion to strike redundant or immaterial matter.

Plaintiffs used none. Instead, they attempted to bypass Rule 12 entirely through an inapplicable local rule. Their failure to invoke the proper mechanisms underscores that their neglect was *intentional and strategic*, not excusable.

## VI. LOCAL RULES CANNOT OVERRIDE THE FEDERAL RULES OF CIVIL PROCEDURE

Even assuming that Local Rule 8.1 could be read to reach counterclaims in active litigation, it would still be subordinate to the Federal Rules of Civil Procedure. Under Fed. R. Civ. P.

83(a)(1), local rules "must be consistent with—but not duplicate—federal statutes and rules adopted under 28 U.S.C. §§2072 and 2075…" Rule 12(a)(1)(B) unambiguously requires that a party "must serve an answer to a counterclaim within 21 days after being served."

Therefore, even if Local Rule 8.1 could be read to toll response deadlines—which it cannot—it could not do so in a manner inconsistent with the Federal Rules' plain language.

**VII. CONCLUSION**

Local Rule 8.1 is an **administrative intake rule** for unserved initial pleadings, not a shield for corporate plaintiffs represented by counsel. The motion was untimely, substantively mistaken, and is now moot.

Accordingly, Defendant respectfully requests that the Court **DENY Plaintiffs' Motion for Review Under Local Rule 8.1 and for an Extension of Time (ECF No. 28)** as moot and improper, and **affirm that Plaintiffs' deadline to answer expired on October 20, 2025**.

Respectfully submitted,

_____  October 24, 2025

Jeffrey Gu, Defendant and Counterclaim Plaintiff, Pro Se

2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548