IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02884-PAB-CYC

TOLL BROTHERS, INC., a Delaware
corporation; TOLL SOUTHWEST LLC, a
Colorado limited liability company and TB
PROPRIETARY CORP., a Delaware Corporation

      Plaintiffs,

v.

JEFFREY GU, an individual; TOLL BROTHERS
LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP LLC, a Colorado
Limited Liability Company; TOLL
ARCHITECTURE LLC, a Colorado Limited
Liability Company; TOLL HOLDINGS LLC, a
Colorado Limited Liability Company; TB
PROPRIETARY CORP., a Colorado
Corporation;  TOLL ARCHITECTURE, INC, a
Colorado Corporation; TOLL BROTHERS, INC,
a Colorado Corporation; and TOLL
SOUTHWEST LLC, a Wisconsin Limited Liability
Company

      Defendants.

---

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO CLARIFY OWNERSHIP
AND STANDING REGARDING TRADEMARK HOLDERS**

---

Plaintiffs Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp.
(collectively, "Plaintiffs"), through undersigned counsel, respectfully submit their
Response to Defendant, Jeffrey Gu's ("Defendant"), Motion to Clarify Ownership and
Standing Regarding Trademark Holders (ECF No. 35) (the "Motion"), and state as follows:

Defendant continues to waste judicial resources by filing improper, frivolous motions with this Court. On October 8, 2025, Defendant unilaterally (and contrary to the Court's practice standards) requested a discovery conference via email from Judge Chung's Chambers seeking information from Plaintiffs. *See* Oct 8, 2025, email, *attached as* Exhibit 1. Chambers informed Defendant that Judge Chung will not hear any discovery disputes until after the scheduling conference and Defendant must follow the Court's discovery dispute process. *See id.*

Yet through the Motion, Defendant seeks to further circumvent his obligations to comply with the Court's discovery dispute process and to leverage the Court to access information from Plaintiffs—information that he easily could obtain through discovery—by way of an improper motion that does little more than waste this Court's time and resources. He did not file a Rule 12(e) Motion for a More Definitive Statement and apparently did not need this information to file an Answer to the Complaint (ECF No. 17), which he did several weeks ago. Nor could he file such a motion now, since Rule 12(e) states that "[t]he motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." F.R.C.P. 12(e).

Moreover, there is no currently pending discovery dispute between the Parties, and this is information that Defendant could seek through various forms of discovery if he so chose.  But instead, Defendant apparently thinks he does not have to adhere to the discovery process prescribed by the Federal Rules of Civil Procedure, this Court's Local Rules, or the specific directions from Magistriate Judge Chung and his staff.

2

As Plaintiffs' counsel informed Defendant before he filed the Motion (*see* Mot. pp. 3-4), discovery is the proper channel for Defendant to obtain the information he seeks[1], not through a motion with the Court.

Plaintiffs respectfully request that the Court deny Defendant's Motion for to Clarify Ownership and Standing Regarding Trademark Holders, require Defendant to seek pre-approval from the Court to file any additional motions with the Court, and order whatever other relief the Court deems just under the circumstances.

Dated October 29, 2025.                      Respectfully submitted,

                                             Fox Rothschild, LLP

                                             */s/ Henry M. Baskerville*
                                             Henry M. Baskerville
                                             Kiana J. Rugar
                                             1225 17th St., Suite 2200
                                             Denver, CO  80202
                                             303-292-1200
                                             hbaskerville@foxrothschild.com
                                             krugar@foxrothschild.com

                                             *Attorneys for Plaintiffs*

---

[1] Defendant requests a statement verifying "[w]hether Toll Brothers, Inc. is the current registrant, assignee, or licensee of U.S. Trademark Reg. No. 73636618" and "the precise relationship between Toll Brothers, Inc. and TB Proprietary Corp. that purports to confer enforcement rights," and supporting documentation. *See* Mot. p. 3.

3