IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02884-CYC

TOLL BROTHERS, INC., a Delaware
corporation; TOLL SOUTHWEST LLC, a
Colorado limited liability company and TB
PROPRIETARY CORP., a Delaware Corporation

      Plaintiffs,

v.

JEFFREY GU, an individual; TOLL BROTHERS
LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP LLC, a Colorado
Limited Liability Company; TOLL
ARCHITECTURE LLC, a Colorado Limited
Liability Company; TOLL HOLDINGS LLC, a
Colorado Limited Liability Company; TB
PROPRIETARY CORP., a Colorado
Corporation; TOLL ARCHITECTURE, INC, a
Colorado Corporation; TOLL BROTHERS, INC,
a Colorado Corporation; and TOLL
SOUTHWEST LLC, a Wisconsin Limited Liability
Company

      Defendants.

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR REVIEW UNDER
LOCAL RULE 8.1 AND FOR AN EXTENSION OF TIME TO RESPOND TO
DEFENDANT'S ANSWER AND COUNTERCLAIMS**

Plaintiffs Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp. (collectively, "Plaintiffs"), through undersigned counsel, respectfully submit their Reply in Support of their Motion for Review Under Local Rule 8.1 and for an Extension of Time to Respond to Defendant's Answer and Counterclaims (ECF No. 28) (the "Motion"), and state as follows:

In his Response to the Motion for Review ("Response"), Defendant claims that Local Rule 8.1 does not apply. Yet his behavior—including myriad frivolous filings, meandering verbose claims, deceitful briefs, refusal to participate in conferrals, and refusal to participate in proper discovery procedures—is precisely what the screening mechanism of Local Rule 8.1 is designed to prevent. *Ballard*, 2024 WL 5356889 at *2 ("Neither the court nor defendants are required to sift through verbose, disjointed, and confusing allegations to determine the heart of each claim."); *Blanton v. Young*, No. 24-CV-03015-RTG, 2024 WL 5505235, at *1 (D. Colo. Dec. 12, 2024), *aff'd*, No. 25-1002, 2025 WL 992426 (10th Cir. Mar. 31, 2025) (dismissing *pro se* party's claims because she failed to comply with the Court's directives and instead filed numerous frivolous documents). Defendant's argument is wrong and contradicts the plain language of Local Rule 8.1.

Defendant has continued to engage in frivolous filings[1], refusals to confer[2], and refusal to comply with discovery procedures[3], despite the Court striking two of his filings

---

[1] Defendant's frivolous filings include his Motion to Compel Disclosure Statements (ECF No. 22), Motion and Amended Motion to Strike Verification of Complaint (ECF Nos. 24 & 26), Motion to Clarify Ownership and Standing re Trademark Holders (ECF No. 35), Motion for Default Judgment (ECF No. 47), Notice to the Court (ECF No. 48), and Motion to Strike Unauthorized Filing by Defaulted Parties (ECF No. 50).

[2] Defendant failed to confer with Plaintiffs on his Motion to Compel Disclosure Statements (ECF No. 22), the Magistrate Consent Form he filed (ECF No. 27), Motion for Default Judgment (ECF No. 47), and Motion to Strike Unauthorized Filing by Defaulted Parties (ECF No. 50).

[3] Defendant unilaterally (and contrary to the Court's practice standards) requested a discovery conference via email from Judge Chung's Chambers seeking information from Plaintiffs to which Chambers instructed him to comply with the Court's discovery dispute process and that that Judge Chung will not hear any discovery disputes until after the scheduling conference. *See* Oct 8, 2025, email, *attached as* Exhibit 1. The next time Defendant wanted discoverable information, instead of listening to Chambers and going through the discovery process, he filed a motion to leverage the Court to access

for failing to confer. Judge Chung explicitly warned that "further failure to comply with Court Orders, the Federal Rules of Civil Procedure, the Local Rules of this District, and/or the Court's Practice Standards would interfere with the judicial process and may result in a loss of e-filing privileges or other sanctions." *See* Min. Order, ECF No. 29.[4] Defendant's behavior provokes the exact harm that Rule 8.1 (and the Court's admonition) is designed to prevent: consumption of scarce judicial resources with frivolous and voluminous filings, and requiring the opposing, represented party to incur significant expense and effort in responding to those filings.

Perhaps the most egregious example of Defendant's disregard for this Court and the judicial process is his successful request for the Clerk to enter a Default against Plaintiffs based on a deliberate misrepresentation of the applicable rules and procedural posture. In his Motion for Entry of Default by the Clerk, Defendant failed to disclose that Plaintiffs moved for an extension of time in the Motion (*see* Mot. ¶ 7) and that Local Rule 8.1 automatically tolls the time to answer. *See* Mot. for Entry of Default by the Clerk, ECF No. 35. Now, he claims that the Motion is moot due to the Clerk's Entry of Default (that he improperly induced) and again misrepresents that "Plaintiffs did not seek or obtain a stay or extension of from the Court[.]" Resp. p. 2.

---

information from Plaintiffs. *See* Motion to Clarify Ownership and Standing re Trademark Holders, ECF No. 35.

[4] Defendant's frivolous filings have extended to the Central District of California (the "CA Action" styled *Jeffrey Gu v. City of Irvine, et al.*, Case Number 8:2025-cv-02134), where he copied the allegations from this action verbatim into his Amended Complaint in the CA Action, and slapped on a claim under a California civil rights statute alleging that Plaintiffs' are interfering with his constitutional rights by initiating this action. Defendant did not even have the courtesy to remove his sections about parties solely in this action.

3

In his Response, Defendant also definitively asserts an application of D.C.COLO.LCivR 8.1(a) that is contrary to the plain language of the Rule–without citing support from any authority. *Compare* Resp. p. 3 ("The tolling language applies **only between filing and service of an unreviewed, unserved initial pleading**[.]") (emphasis supplied) *with* D.C.COLO.LCivR 8.1(a) ("A judicial officer designated by the Chief Judge **shall review the pleadings of a pro se party** … to determine whether the pleadings should be dismissed summarily. … The time for filing an answer or response **shall be tolled until** the designated judicial officer determines that **the pleadings should not be dismissed summarily**") (emphasis added); *see also Ballard v. Dep't of Hum. Servs., Anne Gallegos*, No. 24-CV-02924-RTG, 2024 WL 5356889, at *1 (D. Colo. Nov. 6, 2024) ("The Court conducts an initial review to determine whether **the claims** should be dismissed summarily.") (emphasis added).

While Local Rule 8.1(a) automatically triggers judicial review of a *pro se* party's pleadings and tolls the time to respond, Plaintiffs' submitted the Motion as an added safeguard to ensure that Defendant's Counterclaims would be properly reviewed before and responsive pleading was required. The Motion also served as notice to Defendant that Plaintiffs did not intend to engage with his deficient and unintelligible pleading until it was approved by the Court. Nevertheless, Defendant seeks to circumvent the plain language of Local Rule 8.1(a) and has made repeated misrepresentations to the Court in an effort to improperly secure judgment on incoherent and procedurally defective Counterclaims.

Respectfully submitted on October 30, 2025.

    Fox Rothschild, LLP

    */s/ Henry M. Baskerville*
    Henry M. Baskerville
    Kiana J. Rugar
    1225 17th St., Suite 2200
    Denver, CO 80202
    303-292-1200
    hbaskerville@foxrothschild.com
    krugar@foxrothschild.com

    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    This is to certify that on October 30, 2025, a true and correct copy of the foregoing was e-filed via CM/ECF to all parties of record.

    */s/ Rho Rudolph*
    Rho Rudolph