IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02884-CYC

TOLL BROTHERS, INC., a Delaware corporation;
TOLL SOUTHWEST LLC, a Delaware limited liability company and
TB PROPRIETARY CORP., a Delaware Corporation

    Plaintiffs,

v.

JEFFREY GU, an individual;

    Defendant.

TOLL BROTHERS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP LLC, a Colorado Limited Liability Company;
TOLL ARCHITECTURE LLC, a Colorado Limited Liability Company;
TOLL HOLDINGS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP, a Colorado Corporation;
TOLL ARCHITECTURE, INC, a Colorado Corporation;
TOLL BROTHERS, INC, a Colorado Corporation; and
TOLL SOUTHWEST LLC, a Wisconsin Limited Liability Company

    Nominal Defendants.

---

### TOLL BROTHERS, INC., TOLL SOUTHWEST LLC, AND TB PROPRIETARY CORP.'S MOTION TO DISMISS JEFFREY GU'S COUNTERCLAIMS

---

Plaintiffs and Counterclaim Defendants Toll Brothers, Inc., Toll Southwest, LLC ("Toll Southwest"), and TB Proprietary Corp. ("TB") (collectively, "Toll" or "Plaintiffs"), by and through their undersigned counsel, files this Motion to Dismiss[1] Defendant and Counterclaim Plaintiff Jeffrey Gu's ("Gu") Counterclaims, and state as follows:

---

[1] Unless otherwise noted, for citations in this Motion, internal quotations, citations, and forms of incorporation are omitted.

## CERTIFICATION OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Plaintiffs advise that they have conferred with Defendant Jeffrey Gu regarding the relief sought herein and he has advised that he opposes this motion.

## INTRODUCTION

"It is neither the court's nor the [defendants'] role to sift through a lengthy, conclusory and poorly written complaint to piece together the cause of action." *Arena Land & Inv. Co. v. Petty*, 69 F.3d 547, 547 (10th Cir. 1995) (affirming dismissal with prejudice of 89-page complaint). "Indicative of the complaint's inadequacy is the fact that it rambles on for sixty-four pages before reaching the first claim for relief." *Id*. "It is a matter of precision, not length that is required. Vague and conclusory assertions, regardless of how long or how short, are inadequate to state such causes of action." *Id*.

That opinion describes Gu's Counterclaims to a T. The 108-page, 514 paragraph Counterclaim filing is "wordy, repetitive and fails to allege the necessary elements of the claims it is asserting." *Id.* All five of Gu's claims against Toll should be dismissed under Rule 12(b)(6) because they are prolix, unintelligible, and lack clarity to what Toll allegedly did wrong, violating Rule 8 and failing to state any plausible claim to relief.[2]

## STANDARD OF REVIEW

Rule 8(a)(2) contains a threshold requirement that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*,

---

[2] Despite alleging two fraud-based claims, the Counterclaims come nowhere near the Rule 9(b) standard. But because they also fail on a simple Rule 8 analysis, for the sake of brevity, Rule 9(b) is not addressed extensively herein.

550 U.S. 544, 557 (2007). Rule 8(a)(2) requires a "showing," rather than a blanket assertion, of entitlement to relief. *Id.* at 556 n. 3. "Rule 8(d)(1) helpfully adds that '[e]ach averment of a pleading shall be simple, concise, and direct.'" *Trump v. New York Times Co.*, No. 8:25-CV-2487-SDM-NHA, 2025 WL 2680597, at *1 (M.D. Fla. Sept. 19, 2025). "A complaint is a mechanism to fairly, precisely, directly, soberly, and economically inform the defendants—in a professionally constrained manner…—of the nature and content of the claims." *Id.* at *2.

A claimant must satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. *Twombly*, 550 U.S. at 557. Rule 8(a) does not authorize a pleader's "bare averment that he wants relief and is entitled to it." *Id.* Rather, "to state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated." *Baker*, 2016 WL 8924928 at *4.

A *pro se* litigant must follow the rules of federal procedure. *Schupper v. Edie*, 193 F. App'x 744, 745 (10th Cir. 2006). Pleadings that are overly long, prolix, confusing, unintelligible, filled with unnecessary legal (or non-legal) arguments and detail, or lack clarity about what each defendant allegedly did to incur liability violate Rule 8 and are subject to dismissal. *See Edie*, 193 F. App'x 744 at 746 (affirming dismissal of a pro se litigant's 38–page complaint containing 292 paragraphs, plus 120 pages of exhibits); *see also Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017) (affirming dismissal of a pro se litigant's complaint spanning 42 pages with 398 paragraphs, 17 causes of action, and unnecessary legal arguments); *Arena Land & Inv. Co., supra; compare*

*favorably with Trump*, 2025 WL 2680597 at *2 (striking complaint filled with unnecessary arguments). "Neither the defendants nor the district court should be required to sort through hundreds of paragraphs in an effort to identify the operative facts and theories of the complaint." *Proenza v. Greco*, 3 F. App'x 742, 745 (10th Cir. 2001) ("forty-three pages of single-spaced prose with 96 documents attached as exhibits" is a "vastly overlong complaint"). In sum, a complaint "is a short, plain, direct statement of allegations of fact sufficient to create a facially plausible claim for relief and sufficient to permit the formulation of an informed response." *Trump*, 2025 WL 2680597 at *2.

## ARGUMENT

### I.   The Counterclaims Do Not Comply with Rule 8.

The Counterclaims are 108 pages, include 514 paragraphs of "factual" allegations, 26 pages of unnumbered paragraphs poised as claims, and over 200 exhibits spanning 1,490 pages–well over twice the size, and even far more egregious than the complaints from *Edie*, and *Baker*, *supra*, where the 10th Circuit affirmed dismissal. They consist of sprawling, outlandish, and irrelevant allegations. To name a few, they detail Gu's tracking and harassment of individuals currently and formerly associated with Toll. *See, e.g.,* Countercl. ¶¶ 458, 460 & 461 ("Ms. Stein accused [Gu] of 'intruding'" "On information and belief, Ms. Stein worked down the hallway from Mr. Yearly" "The two spoke about [Gu] for a few minutes after Ms. Stein stopped speaking with [Gu]"); *see also, e.g.,* Countercl. ¶¶ 422 & 432 ("Kenneth Gary became a licensed attorney in Pennsylvania on or around May 27, 1986" "Documents signed by Mr. Gary throughout his tenure and submitted to Secretaries of State show him simply as "Vice President""). They go into detail about the construction of his townhome–as granular as the stud width on the walls (Countercl. ¶¶

4

100–107)—when there is not even a construction defect claim. And they attempt to paint a picture of a nation-wide conspiracy between entities, local officials, and municipalities whose only connection is that they are all victims of Gu's harassment.

What the Counterclaims do *not* do is provide fair notice of the claims and grounds on which they rest. Even if it were the job of undersigned counsel and the Court to sift through Gu's complaint in an effort to cobble together a legal theory[3], the 514 paragraphs of "factual" allegations cannot be pieced together to support any of Gu's claims, which are smothered with grievances but devoid of any coherent cause of action. A complaint is "not a protected platform to rage against an adversary" (*Trump*, 2025 WL 2680597 at *2) and "[i]t is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action" (*Edie*, 193 F. App'x 744 at 746). As such, Gu's Counterclaims should be dismissed.

II.     **Gu Failed to State a Claim for Declaratory Relief.**

A.     **No Case or Controversy Exists.**

Gu seeks a declaration that the Colorado Real Estate Commission (the "Commission") Position Statement 1, which states that homebuilders are exempted from license requirements (the "Exemption," *see* Countercl. ¶ 131), does not apply to Toll Southwest, and whether Toll violated "Colorado's real estate licensing statutes[.]" Countercl. p. 70. Gu's claim for declaratory relief fails because he does not have standing to bring it and no case or controversy exists, which are requirements under the Uniform Declaratory Judgment Act ("UDJA").

---

[3] That is not our job. *See Arena Land & Inv. Co., supra, Proenza, supra,* and *Edie, infra*.

To establish the existence of an actual case or controversy, the claimant must show "that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character." *Liberty Mut. Pers. Ins. Co. v. Prutsman*, No. 1:23-CV-02615-RMR-SBP, 2024 WL 3341002, at *3 (D. Colo. June 10, 2024) (report and recommendation adopted).

There is no case or controversy because there is no dispute capable of relief through a judicial decree. The role of federal courts is to review disputes arising out of specific facts when the resolution of the dispute will have practical consequences to the conduct of the parties. *Prutsman*, 2024 WL 3341002 at *3. Declaratory judgment is "meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Pickup v. Dist. Ct. of Nowata Cnty., Oklahoma*, No. CIV 20-0346 JB/JFJ, 2023 WL 1394896, at *67 (N.D. Okla. Jan. 31, 2023) (declaratory relief is improper because it would amount to nothing more than a declaration that the plaintiffs were wronged and should be compensated). The UDJA cannot create a cause of action where there is no risk of the future lawsuit from which the plaintiffs seek prospective relief, as there is no case or controversy. *Braidwood Mgmt., Inc. v. Equal Emp. Opportunity Comm'n*, 70 F.4th 914, 932 (5th Cir. 2023).

Gu's request seeks a declaration determining whether the Exemption applies and whether Toll "violated Colorado's real estate statutes[.]" Countercl. P. 70. His allegations do not even specify which statutes, rendering a decree impossible.

More importantly, however, Gu cannot pursue a claim for relief because the real estate statutes do not provide a private cause of action and where a statute does not

6

provide for a private cause of action, a plaintiff may not pursue a claim for relief upon the statute. *Hancock v. Cirbo*, No. 17-CV-02255-RM-NRN, 2018 WL 6605839, at *7 (D. Colo. Dec. 14, 2018); *see also* C.R.S. § 12-10-217. Enforcement of Colorado's Real Estate law is exclusively vested in the Colorado Real Estate Commission (the "Commission")—thus, Gu cannot obtain relief under the statutes he seeks relief from. *See Holter v. Moore & Co.*, 681 P.2d 962, 965 (Colo. App. 1983) (absent language indicating a private right of action, C.R.S. § 12-10-217 grants enforcement of compliance with Colorado real estate law exclusively to the Commission). As even Gu's allegations admit, the Commission has already addressed a complaint filed by Gu, determining that Toll did not violate the license law. *See* Countercl., Ex. 47.

### B. Gu Does Not Have Standing to Bring his Claim for Declaratory Relief.

To bring a claim under the UDJA, the plaintiff must also establish that he has standing. *Hooper v. City of Tulsa*, 71 F.4th 1270 at 1277 (10th Cir. 2023). To have standing, the claimant must plead (i) that he suffered an injury in fact; (ii) that is traceable to the challenged conduct of the defendant; and (iii) that the injury would likely be redressed by judicial relief. *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 871 (10th Cir. 2020).

Gu does not allege that he suffered an injury caused by Toll's conduct. Whether the Colorado real estate licensing statutes apply to Toll is not material to the supposed damages Gu claims to have suffered, which are effectively construction defect damages. Even if Toll were required to have a separate real estate agent, Gu does not and cannot allege that he was injured by that failure since he no doubt would have paid the same price for his townhome regardless.

7

The Court should dismiss Gu's claim for declaratory relief because he does not have standing to bring it and no case or controversy exists.

### III. Gu Failed to State a Fraud Claim.

In order to state a claim for fraudulent concealment, Gu must allege that: (1) the concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages. *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1020 (10th Cir. 2018), *as revised* (Apr. 13, 2018).

Under Rule 9(b), the complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Genesis*, 282 F. Supp. 3d 1225, 1234 (D. Colo. 2017). Accordingly, to meet the requirements of Rule 9(b), the complaint must particularly describe the elements that amount to fraud under Colorado law. *Id.*

Gu has failed to allege these elements at all, much less with the particularity required by Rule 9(b). After weeding through Gu's 108 pages of noncohesive theories, it appears that the harbinger of his claims is that Plaintiffs allegedly failed to disclose to him that he was contracting with Toll Southwest, rather than with Toll Brothers, Inc. (Countercl. pp. 71 & 75). But as Gu acknowledges, ***Toll Southwest was the named Seller in the Agreement of Sale****, **Toll Southwest was the named Seller in the Final Closing Disclosure, and Toll Southwest was the Grantor on the Specialty Warranty Deed.*** Countercl. ¶¶ 35, 120 & 142 (emphasis added).

8

In other words, the very information he claims was concealed from him was disclosed in no uncertain terms in the closing documents he signed, as he readily admits. Of course, no claim for fraudulent concealment can lie when the supposed concealed information was disclosed.

Nor does Gu, at any point, allege how this supposed nondisclosure that he was contracting with Toll Southwest, not Toll Brothers, Inc., caused his damages. The only damages he identifies is for alleged construction defects. But there is no allegation that one of the Toll entities has refused to repair his alleged construction defects because the warranty was issued by another Toll entity. Thus, even if he had damages (he does not) and even if he had alleged an omitted fact (he did not), his claim still must be dismissed because there are no allegations that the supposed omission caused his damages.

Gu did not plead with particularity that any elements (and certainly not all elements) of fraudulent concealment and therefore the Court should dismiss the claim.

**IV.     Gu Failed to State a CCPA Claim.**

Gu's claim under the Colorado Consumer Protection Act ("CCPA") is premised upon the same theory that supports his inadequately pleaded fraud claim, and like the fraud claim, Gu's CCPA claim fails too.

An individual must allege five elements to state a private CCPA claim: (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of the defendant's business; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury. *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 147 (Colo. 2003). A claim under the CCPA

9

must also be pleaded with specificity under Rule 9(b). *Monson v. Country Preferred Ins. Co.*, No. 17-CV-02130-RBJ, 2018 WL 11016704, at *7 (D. Colo. Sept. 28, 2018); s*ee also Van Rees v. Unleaded Software, Inc.*, 373 P.3d 603, 608–09 (Colo. 2016) (holding that "bare bones" allegations that only sketch the elements of a CCPA offense were insufficient to state a claim). Like the plaintiff in *Van Rees*, Gu's bare bones recital of the CCPA is insufficient to state a claim and should be dismissed.

### V. Gu Failed to State an Abuse of Process Claim.

Gu failed to state an abuse of process claim because he did not allege any of the required elements. A valid abuse of process claim must allege (1) an ulterior purpose for the use of a judicial proceeding; (2) use of a legal proceeding in an improper manner; and (3) resulting damage. *Cross Creek Ranch, LLC v. Crotts*, No. 23-CV-00050-RM-JPO, 2024 WL 1156601, at *3 (D. Colo. Mar. 18, 2024). The improper manner element ordinarily "takes the form of coercion to obtain collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." *Id*. In sum, in addition to damages, the concept of abuse of process requires two basic showings: using legal *means* improperly, and harboring an improper *motive* for doing so. *Id.* at *4. Gu does not allege any of these elements with enough facts to be plausible.

Moreover, any such claim is barred by the litigation privilege, as the statements made in Toll's Letter were in preparation of litigation and the Complaint was filed in the course of litigation. *Patterson v. James*, 454 P.3d 345, 350 (Colo. App. 2018) (statements made in the course of, or in preparation for, judicial proceedings case cannot be the basis of a tort claim if the statements are related to the litigation); *see also Begley v. Ireson*, 399 P.3d 777, 780 (Colo. App. 2017) (litigation privilege protects free access to the courts

for litigants); *see also Killmer, Lane & Newman, LLP v. BKP, Inc.*, 535 P.3d 91, 93 (Colo. 2023); *see also Ping v. Bounds*, No. 21CA0633, 2022 WL 22924243, at *4 (Colo. App. Aug. 25, 2022) (the litigation privilege bars abuse of process claim premised on statements made during a court hearing); *see also Ctr. for Int'l Document Specialists, Inc. v. Topelson*, No. 16CA2059, 2018 WL 11714583, at *2 (Colo. App. Jan. 18, 2018) (all claims arising from cease and desist letter are barred by the litigation privilege).

## VI. Gu Failed to State a Civil Conspiracy Claim.

Gu's civil conspiracy claim consists of baseless conclusory statements with no logical connection that could possibly amount to a conspiracy claim. Because all of his other claims fail, so too does the civil conspiracy claim.

WHEREFORE, Plaintiffs / Counterclaim Defendants Toll Brothers, Inc., Toll Southwest, LLC, and TB Proprietary Corp. respectfully request that the Court dismiss Defendant / Counterclaimant's Counterclaims with prejudice.[4]

---

[4] Plaintiffs also request that the Court awards them attorneys fees under Colo. Rev. Stat. § 13-17-201, which provides for attorneys fees for frivolous actions that lie in tort (like Gu's) and are dismissed pursuant to Rule 12(b). *Goode v. Gaia, Inc*, No. 20-CV-00742-DDD-KAS, 2025 WL 545948, at *2 (D. Colo. Feb. 19, 2025) (report and recommendation adopted).

11

Dated December 15, 2025.

Respectfully submitted,

Fox Rothschild, LLP

*/s/ Henry M. Baskerville*
Henry M. Baskerville
Kiana J. Rugar
1225 17th St., Suite 2200
Denver, CO 80202
303-292-1200
hbaskerville@foxrothschild.com
krugar@foxrothschild.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

This is to certify that on December 15, 2025, a true and correct copy of the foregoing **TOLL BROTHERS, INC., TOLL SOUTHWEST LLC, AND TB ROPRIETARY CORP.'S MOTION TO DISMISS JEFFREY GU'S COUNTERCLAIMS** was e-filed via CM/ECF to the following:

| | |
|---|---|
| Jeffrey GU<br>2332 North Clay St., Apt. 3<br>Denver, CO 80211<br>720-593-1548<br>jeffwgu@gmail.com<br>***Pro Se e*** | Nick Poppe<br>Nathan Dumm & Mayer PC<br>7900 E. Uion Ave., Suite 600<br>Denver, CO 80237-2776<br>303-691-3737<br>npoppe@ndm-law.com<br>***Attorneys for City of Wheat Ridge and Gerald Dahl*** |
| Joseph P. Peohlmann<br>Quarles & Brady LLP<br>411 E. Wisconsin Ave., Suite 2400<br>Milwaukee, WI 53202<br>414-277-5763<br>joseph.poehlmann@quarles.com<br>***Attorneys for Marsh & McLennan Companies, Inc., Marsh LLC and Marsh USA LLC*** | Kent T. Dallow<br>Quarles & Brady LLP<br>8744 Kendrick Castillo Way, #650<br>Highlands Ranch, CO 802129<br>303-268-0071<br>kent.dallow@quarles.com<br>***Attorneys for Marsh & McLennan Companies, Inc., Marsh LLC and Marsh USA LLC*** |
| Melanie S. Woodfin<br>Plante Huguenin Lebovic Kahm LLP<br>999 18th St., Suite 3000<br>Denver, CO 80202<br>720-912-3359<br>mwoodfin@phlklaw.com | Scott Slawson, #46001<br>McDonough Law Group<br>300 Main St., Suite 102<br>Grand Junction, CO 81501<br>907-776-3311<br>scott@mcdonoughlawgroup.com |

| **Attorneys for The New Home Company, Inc.** | **Attorneys for Bert L. Howe and Associates, Inc.** |
|---|---|
| Jacqueline Pons-Bunney, Reg. No. 56100<br>Daniel P. Velocci, Reg. No. 37766<br>Scott Kelsey, Reg. No. 25PPA1237<br>(Practice temporarily authorized pending admission under C.R.C.P. 205.6)<br>4600 South Syracuse St..9th Flr.<br>Denver, CO 80237<br>(720) 279-7624<br>**Attorneys for Charles Abbot Associates, Inc. and Renee Meriaux** | Sean Marco Kneafsey<br>The Kneafsey Firm<br>707 Wilshire Blvd., Suite 3700<br>Los Angeles, CA  90017<br>213-892-1200<br>skneafsey@kneafseyfirm.com<br>**Attorneys for Bert L. Howe and Associates, Inc.** |

/s/ Rho Rudolph
Rho Rudolph