IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02884-PAB-CYC

TOLL BROTHERS, INC., a Delaware Corporation;
TOLL SOUTHWEST LLC, a Delaware Limited Liability Company; and
TB PROPRIETARY CORP., a Delaware Corporation;

    Plaintiffs,

v.

JEFFREY GU, an individual,

    Defendant.

TOLL BROTHERS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP LLC, a Colorado Limited Liability Company;
TOLL ARCHITECTURE LLC, a Colorado Limited Liability Company;
TOLL HOLDINGS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP., a Colorado Corporation;
TOLL ARCHITECTURE, INC, a Colorado Corporation;
TOLL BROTHERS, INC, a Colorado Corporation; and
TOLL SOUTHWEST LLC, a Wisconsin Limited Liability Company.

    Nominal Defendants.

---

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

Before the Court is the Stipulation to Amend Caption and All Pleadings Pursuant to The New Home Company Inc.'s Name Change to Risewell Homes Inc. (the "Motion"), ECF No. 176, which was filed as a stipulation, but changed to a motion by the presiding judge and referred to the undersigned. The Motion states that counterclaim defendant The New Home Company Inc. changed its name to Risewell Homes Inc. on or about December 10, 2025. ECF No. 176 at 2. As a result, that counterclaim defendant and defendant/counterclaim plaintiff

Jeffrey Gu agree, pursuant to Federal Rule of Civil Procedure 15(a)(2), that all relevant pleadings and the case caption should be amended to reflect this change.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings after the time for amending as a matter of right has passed "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, the name change relates to one counterclaim defendant and the counterclaim plaintiff consents to the change. That is all well and good, but in order for the change to take effect as the parties wish, the Court must also consider Rule 15(c). *See Graves v. Gen. Ins. Co.*, 412 F.2d 583, 584 (10th Cir. 1969) ("Corrections of misnomers are permitted under Rule 15(c)."); *Robinson v. Southeastern Pa. Transp. Auth.*, 572 F. Supp. 3d 136, 147–48 (E.D. Pa. 2021). Under that rule, "[a]n amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Here, as outlined in the Motion, the requirements of Rule 15(c)(1)(C) are met. *See Bachor v. Bd. of Cnty. Comm'rs of La Plata Cnty.*, 2023 WL 2824364, at *4 (D. Colo. Mar. 15, 2023). While this motion may also have been brought under Federal Rule of Civil Procedure 17, which requires that "[a]n action must be prosecuted in the name of the real party in interest," Fed. R. Civ. P. 17(a)(1); *see Fed. Deposit Ins. Corp. v. Geldermann Inc.*, 975

2

F.2d 695, 698 (10th Cir. 1992) ("[T]he real party in interest is the one who, under applicable substantive law, has the legal right to bring suit." (quotation marks omitted)), the Court will not engage in an analysis under that rule as the outcome would be the same. Accordingly, it is hereby ORDERED that the Motion, ECF No. 176, is **GRANTED**.

Accordingly, it is further ORDERED that the Clerk of the Court shall modify the name of counterclaim defendant The New Home Company Inc. on the Court's docket to Risewell Homes Inc.

It is further ORDERED that all parties shall use the updated name of this party on all future filings.

It is further ORDERED that any filings referencing the entity's prior name shall be treated as referring to counterclaim defendant Risewell Homes Inc. unless a filing needs to draw a legal distinction between the periods in which the entity was identified by the two different names. For example, the motion to compel arbitration or dismiss filed by this counterclaim defendant, ECF No. 132, will be considered filed by Risewell Homes Inc. even though the title uses the entity's former name.

Given the above and Mr. Gu's consent to the Motion, it is further ORDERED that Counterclaim Plaintiff's Motion for Order to Show Cause Regarding Change in Party Name and Real Party in Interest, ECF No. 172, is **DENIED as moot**.

Entered this 27th day of January, 2026, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

3