IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02884-CYC

TOLL BROTHERS, INC., a Delaware corporation;
TOLL SOUTHWEST LLC, a Delaware limited liability company and
TB PROPRIETARY CORP., a Delaware Corporation

      Plaintiffs,

v.

JEFFREY GU, an individual;

      Defendant.

TOLL BROTHERS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP LLC, a Colorado Limited Liability Company;
TOLL ARCHITECTURE LLC, a Colorado Limited Liability Company;
TOLL HOLDINGS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP, a Colorado Corporation;
TOLL ARCHITECTURE, INC, a Colorado Corporation;
TOLL BROTHERS, INC, a Colorado Corporation; and
TOLL SOUTHWEST LLC, a Wisconsin Limited Liability Company

      Nominal Defendants.

---

**PLAINTIFFS' AND THIRD-PARTY DEFENDANTS' REPLY IN SUPPORT OF THEIR
JOINT MOTION TO STAY DISCOVERY**

---

Movants,[1] by and through their undersigned counsel, jointly submit this Reply in

Support of their Motion to Stay Discovery on Defendant and Counterclaim Plaintiff Jeffrey

Gu's Counterclaims (ECF No. 158, "Joint Motion"), and state as follows:

---

[1] Movants include Plaintiffs and Counterclaim Defendants, Toll Brothers, Inc., Toll
Southwest, LLC, and TB Proprietary Corp. and Third-Party Defendants City of Wheat

Mr. Gu's Opposition to the Joint Motion (ECF No. 161, "Opposition") fails to explain why discovery should not be stayed until Movants' Motions are resolved. It creates its own rules instead of citing *any* legal authority, is filled with conclusions produced from thin air, and demonstrates the improper ways Mr. Gu intends on using discovery.

In their Joint Motion, Movants discuss how discovery should be stayed until the threshold issues raised in their Motions are resolved. Mr. Gu does not address any of these issues in his Opposition. Instead, he consistently argues that discovery will reveal to the court whether the facts that "go to the heart of the counterclaims" exist—essentially admitting that his claims are without merit. Mr. Gu's meritless claims are part of the reason why it's important that he does not have access to discovery in the first place. In addition to the threshold issues that need to be resolved, as Movants explained in their Joint Motion, the *String Cheese* factors weigh in favor of a stay. Movants respectfully rest that the Court stay all discovery pending the outcome of their Motions.

## I.      Threshold Issues Must be Resolved Before Discovery Commences.

Movants raised numerous important threshold issues that may be dispositive of Mr. Gu's Counterclaims and that warrant a stay in discovery until these issues are resolved. *See* Joint. Mot. p. 4 *and cases cited therein*. In their Motions, Movants argue that Mr. Gu's conclusory, rambling, convoluted claims fail for myriad reasons, including

---

Ridge and Gerald Dahl, Renee Meriaux, Charles Abbott & Associates, Marsh & McLennan Companies, Inc., Marsh LLC, Marsh USA LLC, and Risewell Homes Inc. (f/k/a The New Home Company Inc.). Movants use the same defined terms herein as set out in their Joint Motion.

lack of jurisdiction, immunity, Colorado's anti-SLAPP statute, failure to state a claim upon which relief could be granted, and noncompliance with Rule 8's pleading standard. *See* Movants Joint Mot. 4-8. Mr. Gu should not be given access to discovery absent a determination of whether he successfully pleads that Movants engaged in any unlawful conduct. *See id.* p 5. Colorado's anti-SLAPP statute even provides for an automatic stay of discovery. *See id.* p. 8. Mr. Gu did not address any of these arguments raised in the Joint Motion and therefore concedes them. *See Thomas v. City of Aurora*, No. 20-CV-03308-LTB-NYW, 2021 WL 5810742, at *14 (D. Colo. Dec. 7, 2021) ("Mr. Thomas does not address, and thus implicitly concedes, this argument in his Response").[2]

## II. The String Cheese Factors Weigh in Favor of A Stay

A stay of discovery is warranted considering the *String Cheese* Factors because Mr. Gu will not be prejudiced by a stay, the burden on Movants is high without a stay, a stay is more convenient for the court, and the interest of nonparties and the public interest favors a stay. *See* Joint Mot. pp. 3-4.

### A. Mr. Gu Will Not be Prejudiced by a Stay of Discovery.

Mr. Gu will not be prejudiced by a stay because, among other things, the case is in its preliminary stages of litigation. *See* Joint Mot. pp. 9-10.

Mr. Gu argues that he will be prejudiced because "[h]e is unable to meaningfully interact with the City of Wheat Ridge's Building Department to address serious

---

[2] Unless otherwise noted, for citations in this Reply, internal quotations, citations, and forms of incorporation are omitted.

construction defects and permitting irregularities, and he continues to pay a mortgage on a home that was fraudulently sold to him." Opp. to Joint Mot. p. 2. He does not explain how discovery will resolve his issues with the City. And it wouldn't. The purpose of discovery is to provide a mechanism for making relevant information available to the litigants. *Davis v. United States Dep't of Veterans Affs.*, No. 16-CV-00701-CBS, 2017 WL 3608192, at *8 (D. Colo. Aug. 22, 2017), aff'd, 730 F. App'x 571 (10th Cir. 2018). The purpose of discovery is **not** to give Mr. Gu an avenue to continue his harassing communications regarding his construction defect and permitting concerns.

Mr. Gu also failed to explain how a stay of discovery would prejudice him with regards to his mortgage payments, as he calculated these payments into his damages. *See* Countercl. Ex. 201. If Mr. Gu was indeed fraudulently induced into buying a home (he wasn't) and he is rightfully owed money for his mortgage payments (he isn't), he would be compensated accordingly. A brief stay of discovery would not cause him any prejudice.

Mr. Gu claims that a stay of discovery would "reward procedural gamesmanship and incentivize dilatory tactics" because Toll delayed its response to the Counterclaims "and filed motions premised largely on a misreading of Local Rule 8.1(a)." Opp. to Joint Mot. p. 2. The docket filings that Mr. Gu cites as support of these "motions" Toll filed as so-called tactical delays include:

- Mr. Gu's Counterclaim's first 50 exhibits (ECF No. 18);
- Toll's Response to Mr. Gu's Motion to Clarify Ownership and Standing Regarding Trademark Holders (ECF No.  56);
- Toll's Response to Mr. Gu's Motion for Entry of Default Judgment (ECF No. 49);
- Toll's Response to Mr. Gu's Motion for Default Judgment (ECF No. 61);
- Toll's Response to Mr. Gu's Motion to Strike Toll's Unauthorized Filing (ECF No. 62); and

4

- Toll's Motion to Set Aside Clerk's Entry of Default and its corresponding Reply (ECF Nos. 51 & 54).

Opp. to Joint Mot. p. 2. As such, Gu mostly cites to either *his own filings* or Toll's *responses to his own motions*. One of the two (out of eight) cited filings that was actually a Motion filed by Toll is their Motion to Set Aside Clerk's Entry of Default. That motion was necessary because, as the Clerk stated in its entry overturning the default Mr. Gu induced it to enter based on misrepresentations, "[Mr. Gu's] use of the Clerk's Motion for Entry of Default was inappropriate."  Clerk's Note Regarding Default, ECF No. 82.

Not only does the content of the court filings that Mr. Gu cites highlight his own procedural gamesmanship, but the fact that he frames the filings as Toll's "tactical delays" (when he has no support for this assertion) further illuminates his own bad faith tactics. Although "procedural gamesmanship" is not a *String Cheese* factor, if it were, it would also weigh against Mr. Gu.

**B.  The Burdan on Movants is High Without a Stay of Discovery.**

If discovery is not stayed, it is likely to be lengthy, complex, costly, and filled with discovery disputes, as Mr. Gu brought nine claims against thirteen parties with his Counterclaims containing lengthy and convoluted allegations, imposing a high burden on Movants. *See* Joint Mot. pp. 10-12. In addition, many discovery disputes will ensue considering Mr. Gu's history of badgering Movants for information he has no right to obtain. *Id*. at 11-12.

Mr. Gu attempts to minimize the burden that will be imposed on Movants by describing it as "speculative." Opp to Joint Mot. p. 3. The complexity of discovery is not

speculative. Mr. Gu's Counterclaims include 514 paragraphs of "factual" allegations and nearly 1,500 pages of exhibits. As described in his own Counterclaims, Mr. Gu has already harassed Movants with requests for information. *See* Joint Mot. p. 11. Furthermore, his requests for information were so overwhelming that three Counterclaim Defendants had to send Mr. Gu five cease-and-desist letters. *See* Countercl. Exs. 82, 127, 130, 131 & 133.

Furthermore, Mr. Gu's already requested non-relevant information from Toll, including employment records of five irrelevant individuals beginning four years before his relationship with Toll commenced. *See* Joint Mot. p. 11; *see also* Joint Mot., **Ex. B**. Mr. Gu double downs on this request in his Opposition without including any explanation of how this information is discoverable. He stated that discovery would "involve payroll records, emails, and testimony from a small number of long-tenured employees from a fairly narrow timeframe." Opp. to Joint Mot. p. 3. The only thing that's speculative is this "fairly narrow timeframe" and any proper purpose Mr. Gu intends on using discovery for.

Mr. Gu's main argument against the heavy burden discovery will impose on Movants is that they are "billion-dollar corporations and municipal entities with routine access to digital document management systems." *Id.* Once again, Mr. Gu is making up statements about Movants, this time to try and show that they have resources to handle the heavy burden that discovery will impose on them—*not* that discovery won't impose a huge burden on them. Irrespective of how incorrect Mr. Gu's characterizations about Movants' finances are, and irrespective of his disregard for taxpayer money and resources that would have to be used for Government Defendants to engage in discovery,

the question isn't whether Movants are *able* to engage in discovery. The question is whether discovery will be burdensome for Movants. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). And when discovery is likely to be lengthy, complex, and costly, as it is here, the burden on defendants is heavy if a stay is not put in place. *Doe v. McAfee*, No. 13-CV-01287-MSK-MJW, 2013 WL 5548905, at *2 (D. Colo. Oct. 8, 2013) (granting a stay of discovery) (burden on defendants is high because the facts are lengthy and complex and there's many parties).

### C. A Stay of Discovery is Convenient for the Court.

The Court's convenience weighs in favor of a stay because Movants' Motions could result in Mr. Gu's claims being disposed of and it is more convenient for the Court to grant the stay until it is clear that the case will proceed. *See* Joint Mot. p. 12. Additionally, without a stay in place, the Court will have to expend its resources on overseeing the inevitable discovery disputes that will accumulate. *Id*. at 12-13.

In arguing that proceeding with discovery would be more convenient for the Court, Mr. Gu again confuses the purpose of discovery. Mr. Gu argues that discovery will "aid the Court by illuminating key factual disputes" including "whether internal communications" that support his civil conspiracy claims against the parties "exist." Opp. to Joint Mot. p. 3-4. Mr. Gu continues, "[d]iscovery will help confirm or disconfirm these linkages." *Id*.

Discovery cannot be used as a tool for Mr. Gu to investigate whether he has any valid claims. *See Kolesnikov v. Austin*, No. 14-CV-00879-KMT, 2014 WL 5092686, at *4

(D. Colo. Oct. 10, 2014) ("Discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim."). Mr. Gu was responsible at the pleading stage for alleging sufficient facts on which a recognized legal claim could be based and likewise represented to the Court that his claims have evidentiary support. *See Davis v. Studdert*, No. 02-4110, 2003 WL 464067, at *2 (10th Cir. Feb. 25, 2003); Fed. R. Civ. P. 11.

Mr. Gu is also confused about the Court's role. The Court typically is not involved during the discovery process except to resolve any disputes that may arise among the parties. *Gray v. United States*, No. 11-CV-02024-WYD-MEH, 2011 WL 5976729, at *2 (D. Colo. Nov. 28, 2011). And sifting through the parties' discovery to determine whether Mr. Gu's claims have any merit is certainly not in the name of judicial efficiency.

While Mr. Gu believes that "[t]his Court is fully capable of managing discovery in parallel with pending motions" he apparently does not believe the Court is capable of using its judgment in reviewing his Counterclaims and deciding how to rule on the Motions. Opp to Joint Mot. p. 4 ("Without discovery, the Court is left to evaluate Counterclaim Defendants' motions colored by their own characterizations of the pleadings."). Discovery has no bearing on the Motions (which are fully briefed), as the Court must only consider the pleadings to decide most of the issues raised. Plus, the question is not whether the Court is capable of managing discovery. The question is whether a stay of discovery is convenient for the Court, which it is.

Lastly, Mr. Gu asserts that a blanket stay will invite piecemeal disputes and future motion practice around rescheduling and document production. *Id.* Mr. Gu, once again, offers this statement without any basis or explanation of how a stay would result in this.

### D.  The Interest of Non-parties Favors a Stay.

Mr. Gu argues that the interest of non-parties weigh against a stay because "[m]any other homeowners *may* be similarly affected," "[d]elaying discovery means delaying *potential factual clarification* that could impact hundreds or even thousands of third parties," and "the *potential civil conspiracy and licensing violations described in the Counterclaim* directly implicate building official, third-party consultants, and real estate professionals." *Id.* at 5 (emphasis added).

Not only does Mr. Gu further concede that his claims are meritless and he intends to use discovery as a part of a fishing expedition, but he also invents hypothetical third parties and speculative harms they may supposedly suffer premised on his baseless theory. Even if his claims were viable (which they are not), Mr. Gu does not explain how any claim relates to these purported third parties or how discovery in this case would benefit them.

### E.  The Public Interest Favors a Stay.

A stay is in the public's interest because the public's primary interest is an efficient and just resolution. *See* Joint Mot. pp. 13-14. Mr. Gu argues that allowing discovery to proceed sends the message that litigation can serve as a tool to uncover systemic abuse, and the public's confidence in the integrity of building permits, inspections, insurance

documents, and Certificates of Occupancy "depends on" allowing discovery to proceed. Opp. to Joint Mot. pp. 5-6.

While he fails to explain how a brief stay of discovery would cause the collapse of the public's perception in both the judicial system and all procedures related to home buying, it doesn't matter. A stay of discovery until the Motions are resolved ensures a just resolution by giving Mr. Gu the keys to discovery only if it is determined he brought claims with merit. Furthermore, Mr. Gu's opinion on how the public may perceive the judicial system is not considered when deciding whether a stay of discovery is in the public's interest. "The public interest is served by avoiding what may be unnecessary expenses associated with allowing discovery, particularly in a case where qualified immunity has been raised." *Melnick v. Raemisch*, No. 19-CV-00154-CMA-KLM, 2021 WL 12306078, at *4 (D. Colo. Apr. 27, 2021). Unnecessary expenses of the parties, including the Government Defendants, and the Court, will be avoided by issuing a brief stay of discovery until the issues raised in the Motions are resolved, and the claims may be disposed of.

Respectfully submitted January 28, 2026.

| | |
|---|---|
| */s/ Henry M. Baskerville* | */s/ Melanie S. Woodfin* |
| Henry M. Baskerville | Melanie S. Woodfin |
| Kiana J. Rugar | Brian C. Plante |
| Fox Rothschild LLP | Plante Huguenin Lebovic Kahm LLP |
| 1225 17th St., Suite 2200 | 999 18th St., Suite 3000 |
| Denver, CO  80202 | Denver, CO  80202 |
| 303-292-1200 | 720-912-3359 |
| hbaskerville@foxrothschild.com | mwoodfin@phlklaw.com |
| krugar@foxrothschild.com | bplante@phlklaw.com |
| *Attorneys for Plaintiffs / Counterclaim Defendants* | *Attorneys for Risewell Homes Inc. (f/k/a The New Home Company Inc.)* |

/s/ Jacqueline Pons-Bunney
Jacqueline Pons-Bunney
Daniel P. Velocci
Scott Kelsey
4600 South Syracuse St..9th Flr.
Denver, CO 80237
(720) 279-7624
*Attorneys for Charles Abbot Asssociates,
Inc. and Renee Meriaux*

/s/ Nick Poppe
Nicholas Poppe
Nathan Dumm & Mayer PC
7900 E. Uion Ave., Suite 600
Denver, CO  80237-2776
303-691-3737
npoppe@ndm-law.com
*Attorneys for City of Wheat Ridge and
Gerald Dahl*

/s/ Joseph P. Poehlmann
Joseph P. Poehlmann
Quarles & Brady LLP
411 E. Wisconsin Ave., Suite 2400
Milwaukee, WI  53202
414-277-5763
joseph.poehlmann@quarles.com
Kent T. Dallow
Quarles & Brady LLP
8744 Kendrick Castillo Way, #650
Highlands Ranch, CO  802129
303-268-0071
kent.dallow@quarles.com
*Attorneys for Marsh & McLennan
Companies, Inc., Marsh LLC and Marsh
USA LLC*

## CERTIFICATE OF SERVICE

This is to certify that on January 28, 2026, a true and correct copy of the foregoing was e-filed via CM/ECF to all counsel and parties of record.

/s/ Rho Rudolph
Rho Rudolph

11