IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02884-PAB-CYC

TOLL BROTHERS, INC., a Delaware Corporation;
TOLL SOUTHWEST LLC, a Delaware Limited Liability Company; and
TB PROPRIETARY CORP., a Delaware Corporation;

    Plaintiffs,

v.

JEFFREY GU, an individual,

    Defendant.

TOLL BROTHERS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP LLC, a Colorado Limited Liability Company;
TOLL ARCHITECTURE LLC, a Colorado Limited Liability Company;
TOLL HOLDINGS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP., a Colorado Corporation;
TOLL ARCHITECTURE, INC, a Colorado Corporation;
TOLL BROTHERS, INC, a Colorado Corporation; and
TOLL SOUTHWEST LLC, a Wisconsin Limited Liability Company.

    Nominal Defendants.

---

# ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge**.

The counterclaim defendants request a stay of discovery pending resolution of their pending dispositive motions. ECF Nos. 96, 106, 125, 129, 132, 140, 142, and 145. For the reasons that follow, the motion to stay, ECF No. 158, is **GRANTED**.

## BACKGROUND

This case was initiated by the plaintiffs on September 12, 2025. ECF No. 1. They assert that defendant Jeffrey Gu created seven entities in Colorado with names similar to those of the plaintiffs because he is dissatisfied with a home he purchased. *Id*. ¶ 2. As a result, they seek a

declaratory judgment and bring trademark infringement, unfair competition, and misappropriation of business value claims against him. *Id*. ¶¶ 59–84. In response, Gu filed an answer that included a counterclaim against thirteen counterclaim defendants. ECF No. 17 at 15–16. Eleven of the counterclaim defendants seek a stay of discovery while the Court considers pending dispositive motions. One of those motions argues that the counterclaims asserted against Risewell Homes Inc. must proceed through arbitration. ECF No. 132 at 1–15. The other motions argue a variety of grounds including that Gu lacks standing, ECF No. 125 at 7–8, and that certain parties are entitled to immunity, ECF No. 96 at 2–12, both of which are jurisdictional issues.

## DISCUSSION

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. However, Rule 26(c) permits the Court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c), and Rule 1 instructs that the rules of procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Moreover, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). An order staying discovery is thus an appropriate exercise of this Court's discretion. *Id.* at 254-55.

In evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL

2

894955 at *2 (D. Colo. Mar. 30, 2006). "[S]tays of the normal proceedings of a court matter should be the exception rather than the rule and courts in this District generally disfavor stays." *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2029) (quotations marks omitted). Further, "a stay is not warranted merely because Defendants filed a Motion to Dismiss that they believe is dispositive of this entire matter." *Id*. However, "a court may decide that in a particular case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2040 (3d ed. 2024); *see, e.g., Ashley v. Kellerman*, No. 25-cv-02673-PAB-SBP, 2025 WL 3170802, at *2–3 (D. Colo. Nov. 13, 2025) (staying discovery when motion to dismiss that argued that the plaintiff lacked standing was pending); *Richan v. Ageiss, Inc.*, No. 22-cv-01060-NYW, 2022 WL 2643565, at *3 (staying discovery when a motion to compel arbitration was pending); *Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *3 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties.").

Considering the factors, the Court concludes that a stay is warranted.

First, with regard to the potential prejudice to defendant/counterclaim plaintiff Gu of a delay and his interests in proceeding expeditiously, he argues that a delay in proceeding with the case will prejudice him because "he continues to pay a mortgage on a home that was fraudulently sold to him." ECF No. 161 at 2. This argument assumes facts not yet decided. However, even assuming they are true, Gu is arguing that any delay will prejudice him. That is true for all litigants opposing a stay on the ground that their claims are legally correct. Mr. Gu has an interest in proceeding expeditiously and a stay could potentially prejudice him; as a result this

3

factor weighs against a stay.

The counterclaim defendants argue that they will be unfairly burdened if they are forced to engage in discovery when their pending motions may dispose of the counterclaims Gu asserts against them or result in those claims proceeding through arbitration. ECF No. 65 at 6–7. Regardless of the merits of the motions, *see Church Mut. Ins. Co. v. Coutu*, No. 17-cv-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017) ("[N]o element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case."), engaging in discovery here could result in prejudice to the counterclaim defendants particularly where some of the their arguments for dismissal are jurisdictional and "the disposition of the motion[s] to dismiss may significantly narrow the scope of discovery, if not entirely eliminate the need for any discovery." *Ashley v. Kellerman*, No. 25-cv-02673-PAB-SBP, 2025 WL 3170802, at *3 (D. Colo. Nov. 13, 2025). In short, engaging in discovery at this point would unfairly burden the counterclaim defendants. Accordingly, this factor weighs in favor of a stay.

In addition, a stay would serve the Court and the public interest by avoiding the unnecessary expenditure of the Court's time and resources while motions are pending that could significantly narrow the issues — which here are more than a typical case, amplified by the number and diversity of counterclaim defendants — in dispute. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[N]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (quoting *Dem. Rep. Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007)). Accordingly, the third and fifth factors weigh in favor of a stay.

4

Finally, regarding the interest of third parties, Gu asserts that "[t]he underlying issues in this case extend well beyond Counterclaim Plaintiff's individual home purchase" because "[e]ntire subdivisions have been developed and sold through a fraudulent and deceptive scheme, involving improper licensure, shell entities, and misrepresented professional oversight." ECF No. 161 at 4. Whether that is true or not, Gu may not litigate on behalf of anyone other than himself. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Davis v. Saint Anthony's Hosp.*, No. 24-cv-00131-SBP, 2024 WL 6474433, at *1 (D. Colo. Mar. 11, 2024) ("A pro se litigant may not represent another pro se litigant in federal court."). This lawsuit is between the plaintiffs/counterclaim defendants, defendant/counterclaim plaintiff Gu, the nominal defendants, and the other counterclaim defendants — no other individuals are parties to this case and any relief that may be granted in this case only affects the parties in interest. The Court is not aware of any third parties who have an interest in this case. As a result, this factor is neutral.

A balance of these factors favors a stay. *See Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB-KMT, 2013 WL 2466917, at *3 (D. Colo. June 7, 2013) (noting that a plaintiff's "interest in proceeding expeditiously" can be "overcome by the burden" of "proceed[ing] with discovery only to have the case dismissed for lack of subject matter jurisdiction"). Therefore, good cause exists to impose a stay of discovery in this case until the Court rules on the pending dispositive motions.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that the Plaintiffs and Third-Party Defendants' Joint Motion to Stay Discovery, ECF No. 158, is **GRANTED**.

It is further ORDERED that discovery in this matter is **STAYED** pending further order of the Court.

Entered and dated this 2nd day of February, 2026, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

6