IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02884-PAB-CYC

TOLL BROTHERS, INC., a Delaware corporation,
TOLL SOUTHWEST LLC, a Delaware limited liability company, and
TB PROPRIETARY CORP., a Delaware corporation,

  Plaintiffs,

v.

JEFFREY GU, an individual,
TOLL BROTHERS, LLC, a Colorado limited liability company,
TB PROPRIETARY CORP., a Colorado limited liability company,
TOLL ARCHITECTURE, LLC, a Colorado limited liability company,
TOLL HOLDINGS, LLC, a Colorado limited liability company,
TB PROPRIETARY CORP LLC, a Colorado corporation,
TOLL ARCHITECTURE, INC., a Colorado corporation,
TOLL BROTHERS, INC., a Colorado Corporation, and
TOLL SOUTWEST LLC, a Wisconsin limited liability company,

  Defendants,

and

JEFFREY GU, an individual,

  Counterclaimant,

v.

TB PROPRIETARY CORP., a Delaware corporation,
TOLL BROTHERS, INC., a Delaware corporation, and
TOLL SOUTHWEST LLC, a Delaware limited liability company,

  Counter-Defendants,

and

CITY OF WHEAT RIDGE,
GERLAD DAHL, in his capacity as City Attorney of Wheat Ridge,
RENEE MERIAUX, in her capacity as Chief Building Official of City of Wheat Ridge
Building Department,

CHARLES ABBOT ASSOCIATES, INC.,[1] a California Corporation,
FELTEN GROUP, INC., an Arizona Corporation,
MARSH & MCLENNAN COMPANIES, INC., a Delaware Corporation,
MARSH LLC, a Delaware LLC,
MARSH USA LLC, a Delaware LLC,
BERT L HOWE AND ASSOCIATES, INC, a California Corporation, and
RISEWELL HOMES INC., a/k/a The New Home Company Inc.,

       Third-Party Defendants.

---

## MINUTE ORDER

**Entered by Judge Philip A. Brimmer**

This matter is before the Court on the Notice of Voluntary Dismissal Without Prejudice [Docket No. 186].

On September 12, 2025, plaintiffs filed this action based, in part, on defendant Jeffrey Gu creating multiple business entities with names that are confusingly similar to plaintiffs' names. Docket No. 1 at 12-16, ¶¶ 59-84. On September 29, 2025, Mr. Gu filed an answer, bringing counterclaims against plaintiffs and claims against ten third-party defendants. Docket No. 17 at 12-99. All counter-defendants and third-party defendants filed motions to dismiss.[2] Docket Nos. 96, 106, 125, 129, 140, 142, 145. No third-party defendant has filed an answer or motion for summary judgment. On August 12, 2026, Magistrate Judge Cyrus Y. Chung issued a recommendation on the motions to dismiss. Docket No. 185. Shortly after Judge Chung issued his recommendation, Mr. Gu filed a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), purporting to dismiss all claims against every third-party defendant without prejudice. Docket No. 186.

Rule 41(a)(1)(A)(i) provides that "plaintiff may dismiss an action without a court order by filing: . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). "Although Rule 41(a)(1)(A) refers to dismissal of the 'action,' the rule permits the dismissal of fewer than all parties so long as all claims against a particular party are dismissed." *Kristina Consulting Grp., LLC v. Debt Pay Gateway, Inc.*, 2022 WL 881575, at *2 n.4 (10th Cir. Mar. 25, 2022) (unpublished). "A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of

---

[1] This third-party defendant asserts that its actual name is Charles Abbott & Associates. Docket No. 106 at 1.
[2] Third-party defendant Risewell Homes Inc., a/k/a The New Home Company Inc. also filed a motion to compel arbitration, in the alternative to its motion to dismiss. Docket No. 132.

jurisdiction over the merits." *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) (citation omitted). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). A plaintiff may file a notice of dismissal under Rule 41(a)(1)(A)(i) even if the defendant has filed a motion to dismiss, so long as the defendant has not filed an answer or motion for summary judgment. *De Leon*, 659 F.3d at 1283 ("Here, Denman was the only defendant to appear, and it filed a motion to dismiss, not an answer or motion for summary judgment. Thus, [plaintiff] could have dismissed the case unilaterally under Rule 41(a)(1)(A)(i)."); *Post Tension Cables Inc. v. Actuant Corp.*, 2019 WL 6686679, at *1 (W.D. Wash. Nov. 12, 2019), *report and recommendation adopted*, 2019 WL 6683775 (W.D. Wash. Dec. 6, 2019) ("Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1).") (citation omitted).

Rule 41(c) "applies to a dismissal of any counterclaim, crossclaim, or third-party claim." Fed. R. Civ. P. 41(c). The rule specifies that "[a] claimant's voluntary dismissal under Rule 41(a)(1)(A)(i) must be made . . . before a responsive pleading is served." Fed. R. Civ. P. 41(c)(1). "A motion to dismiss is not a responsive pleading." *Bissen v. Fielder*, No. 98-cv-909-CAB, 1999 WL 164422, at *4 (D. Colo. Mar. 8, 1999) (citing *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994)); *see also Livingston v. Virgin Islands Water & Power Auth.*, 2021 WL 1234599, at *1 (D.V.I. Feb. 17, 2021) ("for purposes of Fed. R. Civ. P. 41(c), a motion to dismiss does not amount to a 'responsive pleading.'") (citation omitted).

Mr. Gu has filed a notice under Rule 41(a)(1)(a)(i) dismissing all third-party defendants in this action before any third-party defendant filed an answer or a motion for summary judgment. The Court finds this notice is effective even though the third-party defendants have filed motions to dismiss on which a recommendation was issued.

Therefore, it is

**ORDERED** that the Notice of Voluntary Dismissal Without Prejudice [Docket No. 186] is deemed effective as a means of dismissing third-party defendants City of Wheat Ridge, Gerald Dahl, Renee Meriaux, Charles Abbot Associates, Inc., Felten Group, Inc., Marsh & McLennan Companies, Inc., Marsh LLC, Marsh USA LLC, Bert L Howe and Associates, Inc, and Risewell Homes Inc., a/k/a The New Home Company Inc. It is further

**ORDERED** that City of Wheat Ridge and Gerlad Dahl's Motion to Dismiss Mr. Gu's Counterclaim Complaint under F.R.C.P. 12(b)(1), 12(b)(5) [Docket No. 96] is **DENIED as moot**. It is further

**ORDERED** that Counterdefendants Charles Abbott & Associates (Erroneously Sued as Charles Abbott Associates, Inc.) and Renee Meriaux's Motion to Dismiss Defendant Jeffrey Gu's Counterclaim [Docket No. 106] is **DENIED as moot**. It is further

3

**ORDERED** that Counterclaim Defendant The New Home Company Inc.'s Special Motion to Dismiss Jeffrey Gu's Counterclaim Pursuant to C.R.S. § 13-20-1101, and in the Alternative, Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) [Docket No. 129] is **DENIED as moot**.  It is further

**ORDERED** that The New Home Company Inc's Motion to Compel Arbitration and Stay the Litigation, Filed in the Alternative to its Motion to Dismiss (Anti-SLAPP Statute; F.R.C.P. 12(b)(6)) [Docket No. 132] is **DENIED as moot**.  It is further

**ORDERED** that Third Party Defendant Bert L. Howe & Associates, Inc.'s Special Motion to Dismiss Pursuant to C.R.S. § 13-20-1101 [Docket No. 140] is **DENIED as moot**.  It is further

**ORDERED** that Third Party Defendant Bert L. Howe & Associates, Inc.'s Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 142] is **DENIED as moot**.  It is further

**ORDERED** that Marsh & McLennan Companies, Inc., Marsh LLC, and Marsh USA, LLC's Motion to Dismiss Jeffrey Gu's Counterclaim [Docket No. 145] is **DENIED as moot**.

DATED August 13, 2026.