**Jeffrey Gu**
**jeffwgu@gmail.com**
**2332 N Clay St Apt 3**
**Denver, CO 80211**
**1-720-593-1548**
**Counterclaim Plaintiff Pro Se**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| **Toll Brothers, Inc. et al,**<br>**Plaintiffs and**<br>**Counterclaim Defendants**<br>**v.**<br>**Gu et al,**<br>**Defendants and**<br>**Counterclaim Plaintiff** | **Case No.: 1:25-cv-02884-PAB-CYC** |

# MOTION FOR LEAVE OF COURT TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIM

## LOCAL RULE 7.1(a) CERTIFICATION

Pursuant to Local Rule 7.1(a), Counterclaim Plaintiff Jeffrey Gu hereby certifies that he has in good faith conferred with Toll Brothers, Inc., TB Proprietary Corp., and Toll Southwest LLC's counsel Henry Baskerville to discuss the substance of this Motion and to reach a potential stipulation regarding the filing of the First Amended Answer and Counterclaim (FAAC). Counterclaim Plaintiff provided a copy of the FAAC, a redline version, and new exhibits via email. <u>See</u> Exs. 2-4. Mr. Baskerville indicated their opposition to this motion on August 14, 2026 via email and during a phone conversation. <u>See</u> Ex. 1. The parties were unable to reach a resolution, thus necessitating the filing of the present Motion.

August 17, 2026

Jeffrey Gu, Counterclaim Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548

## TABLE OF CONTENTS

**MOTION FOR LEAVE OF COURT TO FILE.....................................................1**
**FIRST AMENDED ANSWER AND COUNTERCLAIM................................. 1**
LOCAL RULE 7.1(a) CERTIFICATION.................................................... 2
TABLE OF CONTENTS.......................................................................................3
TABLE OF AUTHORITIES.................................................................................. 3
Cases............................................................................................................ 3
Statutes....................................................................................................... 4
Rules........................................................................................................... 4
I. INTRODUCTION..............................................................................................5
II. FACTUAL BACKGROUND.............................................................................. 5
A. Procedural Posture.................................................................................... 5
B. New Factual Developments........................................................................ 6
III. LEGAL STANDARD..........................................................................................6
IV. ARGUMENT...................................................................................................... 7
A. The Absence of Undue Delay or Bad Faith............................................. 8
B. Lack of Prejudice to Counterclaim Defendants....................................... 8
C. The Amendment is Not Futile.......................................................................9
D. Justice Requires Testing the Claims on the Merits................................ 10
IV. CONCLUSION.................................................................................................. 11

## TABLE OF AUTHORITIES

### Cases

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ......................................................................... 9

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ........................................... 9

Foman v. Davis, 371 U.S. 178 (1962) ........................................................ 6, 7, 11

Gohier v. Enright, 186 F.3d 1216 (10th Cir. 1999) .......................................... 7, 9

Minter v. Prime Equip. Co., 451 F.3d 1196 (10th Cir. 2006) .............................. 7-8

SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507 (10th Cir. 1990) .............................. 7

**Statutes**

C.R.S. § 18-4-405 ................................................................................................ 9

C.R.S. § 38-30-172 .............................................................................................. 5

C.R.S. § 38-35-109(3) ............................................................................ 5-6, 8-9

C.R.S. Title 7 .................................................................................................... 5, 9

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................ 9-10

Fed. R. Civ. P. 15(a)(2) ........................................................................... 5-6, 11

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Counterclaim Plaintiff respectfully moves this Court for leave to file the First Amended Answer and Counterclaim (FAAC) against Toll Brothers, Inc., TB Proprietary Corp., and Toll Southwest LLC (Counterclaim Defendants), additional Toll-related entities, and several past or current employees. The proposed FAAC refines Counterclaim Plaintiff's claims by detailing specific, objective facts demonstrating that the recorded Statements of Authority and several instruments failed to satisfy the statutory requirements of C.R.S. § 38-30-172 and C.R.S. Title 7. In addition, the amendment accounts for recent procedural developments: Counterclaim Plaintiff served a formal statutory demand letter on August 3, 2026, yet Toll Brothers, Inc. and Toll Southwest LLC and their signatories failed to cure or release the contested recorded instruments under C.R.S. § 38-35-109(3). Granting leave ensures the action is decided on its substantive legal merits.

## II. FACTUAL BACKGROUND

### A. Procedural Posture

The Counterclaim Plaintiff filed the operative Answer and Counterclaim (AC) on September 29, 2025. See ECF No. 17.

Magistrate Judge Cyrus Chung filed a Recommendation suggesting to dismiss "without prejudice" claims one (Declaratory Judgment), two (Fraudulent Inducement), and four (Deceptive Trade Practices) of the AC. See ECF No. 185 at 28.

**B. New Factual Developments**

During the week of August 3, 2026, Counterclaim Plaintiff sent numerous Toll Brothers, Inc. affiliated entities, current employees, and past ones a demand letter asking for a cure of the Special Warranty Deed for 5131 Vivian St, amongst other matters, under C.R.S. § 38-35-109(3), to which he received no responses.

## III. LEGAL STANDARD

After the period for amendment as a matter of course expires, a party may amend its pleading only with the opposing party's written consent or the Court's leave. The Court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). The recognized grounds for denying leave include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, and futility. Foman v. Davis, 371 U.S. 178, 182 (1962).

The Tenth Circuit considers prejudice to the opposing party the most important factor. Prejudice generally concerns whether the amendment would unfairly impair the opposing party's ability to prepare and present its case, particularly by introducing substantially different factual issues or requiring materially different discovery. Minter v. Prime Equip. Co., 451 F.3d 1196, 1207–10 (10th Cir. 2006). The passage of time alone does not necessarily establish undue delay; the Court considers the reasons for the delay and whether the delay unfairly burdens the opposing party or the Court. Id. at 1205–07.

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. Gohier v. Enright, 186 F.3d 1216, 1218 (10th Cir. 1999). If the deadline for amended pleadings in the scheduling order has expired, the moving party may also be required to demonstrate good cause under Rule 16(b)(4). Fed. R. Civ. P. 16(b)(4); SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1519 (10th Cir. 1990).

## IV. ARGUMENT

Under the Foman framework, granting leave to amend is plainly justified. This Motion is brought without undue delay to ensure the operative counterclaims align with the refined factual record, verified chain-of-title defects, and key procedural developments that have emerged since September 2025.

**A. The Absence of Undue Delay or Bad Faith**

There has been no undue delay in seeking this leave. Counterclaim Plaintiff acted with diligence by waiting for the pending dispositive motions to be addressed so the litigation could reach a stable procedural posture. Most notably, Magistrate Judge Chung issued his Recommendation on the motions to dismiss just days ago, on August 12, 2026. See ECF No. 185. Moving for leave promptly following the Magistrate Judge's Recommendation—and after providing Counterclaim Defendants an opportunity to cure the statutory chain-of-title defects under C.R.S. § 38-35-109(3) following the August 3, 2026 demand letter—demonstrates procedural efficiency, not delay. The proposed FAAC accounts for these recent procedural milestones and sharpens the claims without derailing the case schedule. As the Tenth Circuit has established, delay alone does not justify the denial of leave to amend. Minter, *supra*, 451 F.3d at 1207.

**B. Lack of Prejudice to Counterclaim Defendants**

Prejudice is the touchstone of the Rule 15 inquiry and here, none exists. This litigation is still in the pleading stage. No trial date has been set and discovery has not even started. Granting leave at this juncture does not force Counterclaim Defendants to scramble for new evidence or alter a long-standing trial strategy.

**C. The Amendment is Not Futile**

A proposed amendment is futile only if the amended pleading would be subject to dismissal under Rule 12(b)(6). Gohier, *supra*, 186 F.3d at 1218. Under Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009), the Court accepts well-pleaded factual allegations as true and draws reasonable inferences in the nonmoving party's favor. The Court need not accept legal conclusions or conclusory recitals of a claim's elements as true. A pleading must contain sufficient factual matter to state a claim that is plausible on its face. Fed. R. Civ. P. 12(b)(6). The proposed FAAC easily satisfies this standard by pleading specific, non-conclusory facts establishing prima facie claims for Statutory Civil Theft (C.R.S. § 18-4-405) and Spurious Documents (C.R.S. § 38-35-109(3)). Specifically, the FAAC alleges that specifically named new and existing Counterclaim Defendants obtained and exercised unauthorized control over $726,731 in purchase funds by tendering conveyancing instruments and recorded Statements of Authority executed by signatories, such as Reginald Carveth, who lacked statutory authority under C.R.S. Title 7, and who failed to release or cure those instruments under C.R.S. § 38-35-109(3) following the August 3, 2026 demand letter.

Furthermore, futility cannot be established by counterclaim defense counsel's unsworn assertions that internal, undisclosed corporate authority *could* exist. During Local Rule 7.1(a) conferral, Counterclaim Defendants asserted bare "futility" while refusing to produce any underlying Toll Southwest LLC manager resolutions, claiming such authority is confidential absent a court order. Under Rule 12(b)(6), review is strictly confined to the four corners of the pleading and incorporated public land records. Because the FAAC's well-pleaded factual allegations—anchored to certified public records reflecting a lack of statutory signatory power—stand uncontradicted on the face of the record, the proposed claims are legally cognizable and plausible, rendering the FAAC not futile.

**D. Justice Requires Testing the Claims on the Merits**

Ultimately, the Tenth Circuit strongly favors resolving disputes on their substantive merits rather than on procedural technicalities or rigid timing defaults. Granting leave to file the FAAC ensures that this Court adjudicates the action on an accurate, fully developed record that accounts for critical chain-of-title facts and uncured statutory demands. Denying leave would force the parties to litigate over an incomplete, obsolete pleading that overlooks essential post-pleading developments. In the interest of justice, judicial economy, and fundamental

fairness, the Court should adhere to the liberal mandate of Foman and Rule 15(a)(2) by granting the requested leave.

**IV. CONCLUSION**

Because the proposed FAAC is well-pleaded, legally cognizable, and brought in good faith to align the action with controlling Colorado law, Counterclaim Plaintiff respectfully requests that the Court **GRANT** this Motion for Leave to File the FAAC. See Exs. 2-4.

Respectfully submitted,

August 17, 2026

Jeffrey Gu, Counterclaim Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548