**Jeffrey Gu**
**jeffwgu@gmail.com**
**2332 N Clay St Apt 3**
**Denver, CO 80211**
**1-720-593-1548**
**Counterclaim Plaintiff Pro Se**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| **Toll Brothers, Inc. et al,**<br>**Plaintiffs and**<br>**Counterclaim Defendants**<br>**v.**<br>**Gu et al,**<br>**Defendants and**<br>**Counterclaim Plaintiff** | **Case No.: 1:25-cv-02884-PAB-CYC** |

# COUNTERCLAIM PLAINTIFF'S LIMITED PROCEDURAL OBJECTION TO THE RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE CYRUS Y. CHUNG

## TABLE OF CONTENTS


I. INTRODUCTION 2
II. CONCISE PROCEDURAL OBJECTION 2
III. GROUNDS FOR OBJECTION AND CLARIFICATION 3
  Adoption of Without-Prejudice Posture 3
  The Standing Defects Are Cured by the Proposed FAAC 3
IV. CONCLUSION 5


## I. INTRODUCTION

Counterclaim Plaintiff Jeffrey Gu respectfully submits this Limited Objection under Federal Rule of Civil Procedure 72(b) to Magistrate Judge Cyrus Y. Chung's Recommendation. See ECF No. 185. Counterclaim Plaintiff specifically and narrowly addresses **Recommendation 3** regarding the dismissal of Claims One, Two, and Four against Counterclaim Defendants Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp. (the "Toll Defendants") without prejudice for lack of Article III standing.

## II. CONCISE PROCEDURAL OBJECTION

Counterclaim Plaintiff does not object to the legal rule that a dismissal based on Article III standing must be entered without prejudice under Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006).

However, Counterclaim Plaintiff enters this formal, limited objection to make clear on the record that the jurisdictional standing defects identified in Claims One (Declaratory Judgment), Two (Fraudulent Inducement), and Four (Deceptive Trade Practices under the CCPA) have been fully addressed and cured by Counterclaim Plaintiff's proposed First Amended Answer and Counterclaims ("FAAC") filed with his Motion for Leave to Amend.

## III. GROUNDS FOR OBJECTION AND CLARIFICATION

### Adoption of Without-Prejudice Posture

The Magistrate Judge correctly recognized that because Claims One, Two, and Four failed solely on jurisdictional standing rather than on the merits under Rule 12(b)(6), the Court lacked jurisdiction to adjudicate the claims on the merits. As the Recommendation properly concluded, the claims must be dismissed *without prejudice*.

### The Standing Defects Are Cured by the Proposed FAAC

In the proposed FAAC, Counterclaim Plaintiff has cured this exact defect by replacing the abstract harm with:

1. **Objective Title Defect:** A direct challenge to the statutory validity of recorded public land instruments (the Statements of Authority and Special Warranty Deed involving Toll Brothers, Inc. corporate officer Reginald Carveth) as spurious documents that cloud marketability of title under C.R.S. §§ 38-30-172 and 38-35-201.
2. **Statutory Governance Violations:** Verifiable public corporate timelines demonstrating the absence of mandatory LLC manager resolutions required by C.R.S. §§ 7-80-401(1) and 7-80-403(2).
3. **Statutory Liability for Recording Spurious Documents & Civil Theft:** Concrete statutory causes of action under C.R.S. § 38-35-109(3) (damages and statutory penalties for knowingly recording false/invalid conveyancing instruments) and C.R.S. § 18-4-405 (civil theft for the unlawful taking and unauthorized retention of property), which provide express statutory remedies for the spurious, unauthorized, and deceptive documents.
4. **Direct Economic Loss ($726,731)** A concrete, quantifiable sum paid in purchase funds, earnest money, and loan proceeds extracted pursuant to an unauthorized conveyance.
5. **Preservation of Right to Proceed under Rule 15(a):** To the extent that the Recommendation could be construed as barring Counterclaim Plaintiff from

presenting the revised, concrete statutory and economic claims against the Toll Defendants, Counterclaim Plaintiff formally objects. Because leave to amend must be freely given when justice so requires (Foman v. Davis, 371 U.S. 178, 182 (1962); Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006)), the Court should confirm that adoption of Recommendation 3 operates without prejudice to the filing and consideration of Counterclaim Plaintiff's proposed FAAC.

## IV. CONCLUSION

Counterclaim Plaintiff requests that District Judge Brimmer adopt Recommendation 3 as a dismissal **without prejudice**, confirm that the jurisdictional standing defects do not bar the amended statutory claims, and grant Counterclaim Plaintiff leave to file the First Amended Answer and Counterclaim as submitted as Exhibit 2 of ECF No. 188.

Respectfully submitted,

August 17, 2026

Jeffrey Gu, Counterclaim Plaintiff, Pro Se

[1] jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548