IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02884-PAB-CYC

TOLL BROTHERS, INC., a Delaware corporation;
TOLL SOUTHWEST LLC, a Delaware limited liability company and
TB PROPRIETARY CORP., a Delaware Corporation,

Plaintiffs,

v.

JEFFREY GU, an individual;

Defendant.

TOLL BROTHERS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP LLC, a Colorado Limited Liability Company;
TOLL ARCHITECTURE LLC, a Colorado Limited Liability Company;
TOLL HOLDINGS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP, a Colorado Corporation;
TOLL ARCHITECTURE, INC, a Colorado Corporation;
TOLL BROTHERS, INC, a Colorado Corporation; and
TOLL SOUTHWEST LLC, a Wisconsin Limited Liability Company

Nominal Defendants.

---

**TOLL BROTHERS, INC., TOLL SOUTHWEST LLC, AND TB PROPRIETARY CORP.'S RESPONSE TO JEFFREY GU'S LIMITED PROCEDURAL OBJECTION TO THE RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE CYRUS Y. CHUNG**

---

Plaintiffs and Counterclaim Defendants Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp. (collectively, "Toll") respectfully submit this Response to Defendant Jeffrey Gu's ("Gu") Limited Procedural Objection (the "Objection") (ECF No. 189) to the Recommendation (the "Recommendation") of United States Magistrate Judge Cyrus Y. Chung (ECF No. 185) and state as follows:

## INTRODUCTION

Gu styles his filing as a "Limited Procedural Objection" and expressly limits it to Recommendation Three, which recommends dismissal without prejudice of Gu's claims against

Toll for declaratory judgment, fraudulent inducement, and deceptive trade practices for lack of Article III standing. ECF No. 189 at 1–2. He does not identify any error in Magistrate Judge Chung's standing analysis as applied to the original counterclaims; instead, he accepts that those claims should be dismissed without prejudice and asks only that the Court confirm the dismissal does not bar consideration of his proposed First Amended Answer and Counterclaims ("FAAC"). Thus, the Objection effectively concedes the correctness of the Recommendation's standing disposition of the declaratory judgment, fraudulent inducement, and deceptive trade practices claims.

The Objection does not address, and therefore does not challenge, the Recommendation's disposition of Gu's claims against Toll for civil conspiracy and abuse of process. Gu does not object to the dismissal of civil conspiracy with prejudice for failure to state a claim or to the dismissal of abuse of process with prejudice because amendment would be futile. Those unobjected-to recommendations should be adopted without *de novo* review.

The Objection's sole substantive contention is that the proposed FAAC allegedly cures the standing deficiencies identified in the declaratory judgment, fraudulent inducement, and deceptive trade practices claims by asserting an alleged title defect, corporate-governance violations, statutory claims for spurious documents and civil theft, $726,731 in alleged economic loss, and a purported entitlement to amend under Federal Rule of Civil Procedure 15(a). Notwithstanding the fact that Gu recently filed a Notice of Withdrawal (ECF No. 191) for his Motion for Leave to File the FAAC (the "Motion to Amend") (ECF No. 188), the Objection is not a challenge to any legal or factual error in the Recommendation. Accordingly, this Court should overrule the Objection and adopt the Recommendation in full.

## BACKGROUND AND PROCEDURAL HISTORY

Toll Brothers, Inc. is a publicly traded luxury homebuilder operating in twenty-four states. Toll Southwest LLC is a Delaware limited liability company and subsidiary of Toll Brothers, Inc. that conducts business in Colorado. TB Proprietary Corp. is a Delaware corporation that owns Toll Brothers' registered service marks. ECF No. 1 at ¶¶ 24–25.

In early 2022, Gu purchased a townhome from Toll Southwest in Wheat Ridge, Colorado. The purchase agreement, closing disclosure, and special warranty deed all clearly identified "Toll Southwest LLC" as the "Seller." ECF No. 17 at ¶¶ 34–35; ECF No. 18-1 at 34–42, 212–218, 230–231. Gu later raised concerns about alleged construction defects.

Finding Toll Brothers' responses unsatisfactory, Gu did not pursue construction defect claims through appropriate legal channels. Instead, he pursued a retaliatory course of action. On July 22, 2025, he registered seven entities with the Colorado Secretary of State using names confusingly similar to "Toll Brothers," "TB," and "Toll Southwest," and registered additional entities in Wisconsin and Florida. ECF No. 1 at ¶ 31; ECF No. 17 at ¶¶ 31, 37–38.

On September 12, 2025, Toll filed this trademark infringement action under the Lanham Act (15 U.S.C. §§ 1114, 1125(a)) and Colorado common law. ECF No. 1. On September 29, 2025, Gu filed a 108-page Answer and Counterclaims asserting nine causes of action against a combination of Toll and ten third-party counterclaim defendants. ECF No. 17.

On December 15, 2025, Toll moved to dismiss the five counterclaims directed against Toll. ECF No. 125. Gu filed an Opposition (ECF No. 147), and Toll filed a Reply (ECF No. 162).

On August 12, 2026, Magistrate Judge Chung issued the Recommendation, recommending dismissal of all counterclaims. ECF No. 185. He recommended that counts three and six for civil conspiracy and abuse of process, respectively, be dismissed with prejudice (*id.* at 14, 20–21 & 28), and claims one, two, and four for declaratory judgment, fraudulent inducement, and deceptive trade practices, respectively, be dismissed without prejudice (*id.* at 28). That same day, Gu voluntarily dismissed his claims against ten counterclaim defendants under Rule 41(a)(1)(A)(i) (ECF No. 186), while expressly preserving his claims against Toll.

Five days later, on August 17, 2026, Gu filed his Limited Procedural Objection (ECF No. 189), narrowly addressing Recommendation Three, and his Motion to Amend (ECF No. 188), seeking leave to file the FAAC, which frames his claims as "statutory civil theft" under C.R.S. § 18-4-405 and "spurious documents" under C.R.S. § 38-35-109(3). On August 27, 2026, Gu filed

a Notice of Withdrawal (ECF No. 191) for his Motion to Amend (ECF No. 188), and Magistrate Judge Chung deemed his Motion to Amend withdrawn on August 28, 2026 (ECF No. 192).

## LEGAL STANDARD

### A. Standard of Review for Objections to a Magistrate Judge's Recommendation

Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the district court reviews *de novo* those portions of a magistrate judge's recommendation to which specific, timely objections have been made. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

The Tenth Circuit, like numerous other circuits, enforces a "firm waiver rule" that provides that "the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

In the Recommendation, Magistrate Judge Chung expressly advised (1) that "all parties shall have fourteen days after service [t]hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned"; (2) that "[a] party's failure to file … written objections to proposed findings and recommendations contained in th[e] report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations"; and (3) that "the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court." ECF No. 185 at 29.

A general objection does not suffice to avoid application of the waiver rule. *See One Parcel of Real Property*, 73 F.3d at 1060; *see also Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) ("Frivolous, conclusive or general objections need not be considered by the district court.") (en banc), *overruled on other grounds by Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). As the Tenth Circuit has explained, "only an objection that is sufficiently

specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act …." *One Parcel of Real Property*, 73 F.3d at 1060. Moreover, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (same).

### B. Standards for Dismissal

Article III standing requires: (1) an injury in fact that is concrete, particularized, and actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the challenged conduct; and (3) a likelihood that a favorable decision will redress the alleged injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "A 'concrete' injury must be 'de facto'; that is, it must actually exist." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016).

To survive a Rule 12(b)(6) motion, a claim must have facial plausibility, which exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ARGUMENT

The Objection is narrow. Gu accepts that the original claims one, two, and four must be dismissed without prejudice for lack of Article III standing and identifies no legal or factual error in the Recommendation. Gu's only contention is that the proposed FAAC allegedly cures those defects and should remain available for consideration. The Court should overrule that limited contention and adopt the Recommendation in full.

### A. Gu Has Not Objected to the Dismissal of Claims Three and Six—The Court Should Adopt Those Recommendations Without *De Novo* Review.

Gu's Objection specifically and narrowly addresses only Recommendation Three concerning Claims one, two, and four. ECF No. 189 at 1–2. It says nothing about claim three (civil conspiracy), which Magistrate Judge Chung recommended dismissing for failure to state a claim,

or claim six (abuse of process), which the Magistrate Judge recommended dismissing with prejudice because amendment would be futile. ECF No. 185 at 20–21, 23–24, 28.

Because Gu filed no objection to those recommendations, he has waived further review of them. *See One Parcel of Real Property*, 73 F.3d at 1059 (reaffirming that failure to object waives review); *Thomas v. Arn*, 474 U.S. 140, 148 (1985) (recognizing that "[t]he same rationale that prevents a party from raising an issue before a circuit court of appeals that was not raised before the district court applies here") (quoting *U.S. v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984)) (internal quotation marks omitted). The Court should therefore review the unobjected-to portions of the Recommendation only for clear error and adopt them. This includes Claim three's dismissal for failure to state a claim and Claim six's dismissal *with prejudice* as futile.

The Recommendation's reasoning is sound in any event. Claim three rests on conclusory allegations of an agreement among affiliated entities and other defendants; the transaction documents disclose Toll Southwest as the seller, and parallel conduct or corporate affiliation does not establish a conspiracy. ECF No. 185 at 17–20. Claim six likewise fails because Toll's lawsuit sought the trademark relief demanded in the complaint after Gu refused to dissolve entities using Toll's marks, and the factual basis for that suit forecloses any plausible abuse of process theory. ECF No. 185 at 23–24. Because amendment would be futile, claims three and six should be dismissed with prejudice as the Magistrate Judge recommended.

### B. Gu's "Limited Procedural Objection" to Claims One, Two, and Four Lacks Merit.

Gu states that he "does not object to the legal rule" requiring a standing dismissal to be without prejudice, but enters a "formal, limited objection to make clear on the record that the jurisdictional standing defects identified in Claims One…, Two…, and Four…have been fully addressed and cured" by the proposed FAAC. ECF No. 189 at 2–3. Thus, Gu does not dispute the legal rule or identify any error in the Recommendation's analysis of the original counterclaims; rather, he asks the Court to decide whether his proposed future pleading—which is no longer before the Court because he withdrew his Motion to Amend—allegedly cures them.

That is not a proper objection under Rule 72(b). Gu identifies no legal or factual error in Magistrate Judge Chung's reasoning. Instead, he points to a proposed amended pleading, which he has now withdrawn, and asks the Court to treat his Motion to Amend as a qualification on Recommendation Three. An objection must identify specific error in the Recommendation; it cannot rest on the assertion that a proposed future pleading might cure the defect. *See One Parcel of Real Property*, 73 F.3d at 1060 (holding that "only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute" advances the policies behind the Magistrate's Act).

The Objection is therefore a restatement of the Motion to Amend's arguments repackaged as an objection. Its five alleged "cures" do not undermine the Recommendation's conclusion that the original claims fail for lack of standing, and they cannot convert a request for leave to amend (that he has withdrawn, no less) into a proper challenge to the Recommendation.

### C. Gu's Arguments Concerning the Withdrawn FAAC Are Not Properly Before the Court.

Gu's Rule 15(a) argument that he should be able to amend his counterclaims is also not a proper objection to the Recommendation. ECF No. 189 at 4–5. Instead, it is an argument in support of his withdrawn Motion to Amend. Because Gu has withdrawn that motion, the sufficiency of the proposed FAAC is not presently before the Court. If Gu files another motion for leave to amend his counterclaims, Toll will respond to that motion separately.

The Court should overrule the Limited Procedural Objection.

## CONCLUSION

For the foregoing reasons, and because the Objection does not identify any error in the Recommendation, Toll respectfully requests that the Court:

1. Overrule Gu's Limited Procedural Objection (ECF No. 189);

2. Adopt the Recommendation (ECF No. 185) in full, including dismissal of claims one, two, and four without prejudice for lack of subject matter jurisdiction, and dismissal of claims three and six with prejudice for failure to state a claim and amendment would be futile; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 31, 2026

**FOX ROTHSCHILD LLP**

*/s/ Henry M. Baskerville*

Henry M. Baskerville
1225 17th Street, Suite 2200
Denver, Colorado 80202
Tel: 303.292.1200
Fax: 303.292.1300
hbaskerville@foxrothschild.com

*Counsel for Plaintiffs Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record.

*/s/ Rho Rudolph*
Rhonda Rudolph