IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-02884-PAB-CYC

TOLL BROTHERS, INC., a Delaware corporation,
TOLL SOUTHWEST LLC, a Delaware limited liability company, and
TB PROPRIETARY CORP., a Delaware corporation,

Plaintiff,

v.

JEFFREY GU, an individual,
TOLL BROTHERS LLC, a Colorado limited liability company,
TB PROPRIETARY CORP LLC, a Colorado limited liability company,
TOLL ARCHITECTURE LLC, a Colorado limited liability company,
TOLL HOLDINGS LLC, a Colorado limited liability company,
TB PROPRIETARY CORP., a Colorado corporation,
TOLL ARCHITECTURE, INC, a Colorado corporation,
TOLL BROTHERS, INC, a Colorado corporation, and
TOLL SOUTHWEST LLC, a Wisconsin limited liability company,

Defendants,

and

JEFFREY GU, an individual,

Counterclaimant,

v.

TB PROPRIETARY CORP., a Delaware corporation,
TOLL BROTHERS, INC., a Delaware corporation, and
TOLL SOUTHWEST LLC, a Delaware limited liability company,

Counter-Defendants.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 185]. The Recommendation addressed several motions,

*see generally* Docket No. 185, all but one of which the Court denied as moot upon Jeffrey Gu voluntarily dismissing his claims against the third-party defendants in this case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Docket No. 187. The sole remaining motion addressed in the Recommendation is the motion to dismiss Mr. Gu's counterclaims of Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp. (collectively, the "Toll Brother defendants"). Docket No. 125. The Recommendation recommends granting the motion to dismiss and dismissing counterclaims one, two, and four without prejudice due to lack of standing and dismissing counterclaims three and six with prejudice.[1] Docket No. 185 at 28. Mr. Gu has filed what he characterizes as a "limited objection." Docket No. 189 at 3. In his "limited objection," Mr. Gu does not object to dismissal. Instead, Mr. Gu requests dismissal of counterclaims one, two, and four without prejudice, requests that the Court grant Mr. Gu leave to file his First Amended Answer and Counterclaims, and requests "confirm[ation]" that the counterclaims in his First Amended Answer and Counterclaims are not barred. Docket No. 189 at 5.

Mr. Gu's request that the Court dismiss counterclaims one, two, and four without prejudice is not an objection to the Recommendation because the Recommendation

[1] The Recommendation recommends dismissing counterclaim three for failure to state a claim with respect to all defendants except four third-party defendants who have since been dismissed. Docket No. 185 at 14. The Recommendation recommends dismissing counterclaim three without prejudice against those four third-party defendants. *Id.* However, near the end of the Recommendation, the Recommendation does not mention counterclaim three when discussing the Toll Brother defendants. *Id.* at 28. The Court presumes this is an oversight and that the Recommendation suggests dismissing claim three with prejudice against the Toll Brother defendants, as stated earlier in the Recommendation. *See id.* at 14. Notably, the Toll Brother defendants move for dismissal of counterclaim three in their motion to dismiss. *See* Docket No. 125 at 11.

already recommends dismissing counterclaims one, two, and four against the Toll Brother defendants without prejudice. Docket No. 185 at 28. Moreover, Mr. Gu's requests related to his first amended answer and counterclaims are properly addressed in a motion for leave to file the first amended answer and counterclaims, not in an objection to the Recommendation.[2] Therefore, because Mr. Gu does not object to any portion of the Recommendation, the Court finds that no party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[3] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law as to the motion to dismiss at Docket No. 125. The portions of the Recommendation that address the other motions are moot because the Court has since denied those motions as moot.

Therefore, it is

[2] Mr. Gu filed such a motion, Docket No. 188, but has since withdrawn his motion for leave to file a first amended answer and counterclaims. Docket No. 191. On August 31, 2026, Mr. Gu filed a new motion for leave to file an amended answer and counterclaims. Docket No. 193.

[3] This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 185] is **ACCEPTED in part and REJECTED in part as moot**. It is further

**ORDERED** that Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp.'s Motion to Dismiss Jeffrey Gu's Counterclaims [Docket No. 125] is **GRANTED**. It is further

**ORDERED** that counterclaims one, two, and four are **DISMISSED without prejudice** against Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp. It is further

**ORDERED** that counterclaims three and six are **DISMISSED with prejudice** against Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp.

DATED September 3, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge