IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02884-CYC

TOLL BROTHERS, INC., a Delaware corporation;
TOLL SOUTHWEST LLC, a Delaware limited liability company and
TB PROPRIETARY CORP., a Delaware Corporation

Plaintiffs,

v.

JEFFREY GU, an individual;

Defendant.

TOLL BROTHERS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP LLC, a Colorado Limited Liability Company;
TOLL ARCHITECTURE LLC, a Colorado Limited Liability Company;
TOLL HOLDINGS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP, a Colorado Corporation;
TOLL ARCHITECTURE, INC, a Colorado Corporation;
TOLL BROTHERS, INC, a Colorado Corporation; and
TOLL SOUTHWEST LLC, a Wisconsin Limited Liability Company

Nominal Defendants.

---

**TOLL ENTITIES' RESPONSE IN OPPOSITION TO DEFENDANT GU'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIM (ECF NO. 193)**

---

Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp. (together, the "Toll Entities" or "Toll") respectfully submit this Opposition to Defendant Jeffrey Gu's Motion for Leave to File a First Amended Answer and Counterclaim (ECF No. 193, "Motion").

## INTRODUCTION

Mr. Gu's Motion is not a good-faith attempt to cure pleading deficiencies; it is a transparent effort to relitigate issues already decided against him. On September 9,

2026, Judge Brimmer adopted Magistrate Judge Chung's Recommendation in full. (ECF No. 196, the "Order".) The Order dismissed Claims 3 (Civil Conspiracy) and 6 (Abuse of Process) *with prejudice* for failure to state a claim—a determination that further amendment would be futile. Claims 1, 2, and 4 were dismissed without prejudice for lack of Article III standing—a defect that, as explained below, Mr. Gu's proposed amendments cannot cure. Despite this binding adverse ruling, Mr. Gu persists in his Motion, which was filed just *five days* after the Recommendation and later revised to add new counterclaim defendants. The proposed First Amended Answer and Counterclaim ("FAAC") (ECF No. 193-3) now spans 156 pages, asserts eleven counterclaims (up from six originally), and seeks to add even more new counterclaim defendants, all while relying on the same fundamental theory the Court has already found insufficient.

The Court should deny the Motion for multiple independent reasons: (1) Claims 3 and 6 have already been dismissed *with prejudice* by Judge Brimmer's September 9, 2026 Order (ECF No. 196), precluding any amendment of those claims; (2) the proposed amendments are futile because they fail to cure the Article III standing deficiencies that formed the basis for dismissing Claims 1, 2, and 4; (3) the Motion was filed after undue delay; (4) the Motion is motivated by bad faith and dilatory purposes, as evidenced by the withdrawal of ECF No. 188 and refiling as ECF No. 193 with expanded parties; (5) Mr. Gu has repeatedly failed to cure deficiencies; (6) granting leave would cause undue prejudice to the Toll Entities; and (7) Mr. Gu improperly seeks to add new counterclaim defendants—including Chicago Title Insurance Company, American Heritage Title Agency, Inc., Fidelity National Financial, Inc., and Rocket

Mortgage, LLC—through amendment after strategically dismissing third-party defendants under Rule 41(a).

## FACTUAL AND PROCEDURAL BACKGROUND

The Toll Entities initiated this action on September 12, 2025. (ECF No. 1.) On September 29, 2025, Mr. Gu filed his original Answer and Counterclaims—a 108-page pleading containing 514 paragraphs and 201 exhibits totaling 1,486 pages. (ECF No. 17.)

On December 15, 2025, the Toll Entities moved to dismiss Mr. Gu's counterclaims. (ECF No. 125.) Magistrate Judge Chung issued a Recommendation on August 12, 2026 (ECF No. 185), which Judge Brimmer adopted in full on September 9, 2026 (ECF No. 196).

The Magistrate Judge found that Mr. Gu's claims lacked Article III standing because he "does not articulate how buying a home from a Toll Brothers subsidiary, Toll Southwest, as opposed to the parent company, has harmed him in any 'concrete and particularized' way." ECF No. 185 at 10. The Magistrate Judge also found that "it is abundantly clear that [Mr. Gu] has already put everything he has and everything he can reasonably obtain into this counterclaim—and he still comes nowhere close to stating a facially plausible claim for civil conspiracy." Id. at 20.

One day after the Recommendation, Mr. Gu voluntarily dismissed ten third-party defendants under Rule 41(a). (ECF Nos. 186, 187.) Five days later, he filed ECF No. 188 seeking leave to amend, then withdrew it and refiled as ECF No. 193 on August 31, 2026. The proposed FAAC (ECF No. 193-3) spans 156 pages, asserts eleven counterclaims (up from six), and adds numerous new defendants—including Chicago

Title Insurance Company, American Heritage Title Agency, Fidelity National Financial, Inc., and Rocket Mortgage, LLC.

The Order adopting the Magistrate's Recommendation, which was entered after Gu filed the Motion, dismissed Claims 1, 2, and 4 without prejudice for lack of standing and Claims 3 and 6 *with prejudice* for failure to state a claim. (ECF No. 196.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." However, the Supreme Court has identified several factors that justify denial of leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment …." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Tenth Circuit has emphasized that the grant of leave to amend is not automatic. *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999) (affirming denial of leave to amend where the claims sought to be added were insufficient). A proposed amendment is futile "if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). Similarly, "untimeliness alone is an adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety,* 397 F.3d 1300, 1315 (10th Cir. 2005).

## ARGUMENT

### A. The Proposed Amendments Are Futile and Barred by Res Judicata..

A proposed amendment is futile "if the complaint, as amended, would be subject to dismissal." *Gohier*, 186 F.3d at 1218. Moreover, where claims have been dismissed

with prejudice, res judicata bars their reassertion regardless of how they are relabeled. *See Wilkes*, 314 F.3d at 504. Here, Judge Brimmer's September 9, 2026 Order (ECF No. 196) dismissed Claims 3 and 6 with prejudice—a final adjudication on the merits that precludes any amendment of those claims. As to Claims 1, 2, and 4, Mr. Gu's proposed FAAC (ECF No. 193-3) would remain subject to dismissal for the same fundamental reason the Court dismissed the original counterclaims: Mr. Gu cannot establish Article III standing.

To establish standing, a plaintiff must show "(1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)) (internal quotation marks omitted). Mr. Gu's proposed FAAC identifies five purported "cures," but none supplies the concrete injury Article III demands:

1. **"Objective Title Defect."** Mr. Gu challenges the Statements of Authority and Special Warranty Deed as "spurious documents," but he still owns and possesses the property. A theoretical challenge to the chain of title—where the claimant retains full possession—is precisely the "abstract harm" the Magistrate Judge rejected.

2. **"Statutory Governance Violations."** Mr. Gu's allegations about the absence of LLC manager resolutions under C.R.S. §§ 7-80-401(1) and 7-80-403(2) are generalized grievances about internal corporate governance, not particularized injuries. He does not allege that any corporate governance irregularity caused him personal, concrete harm.

3. **"Statutory Liability for Recording Spurious Documents & Civil Theft."** Mr. Gu's invocation of C.R.S. § 38-35-109(3) and C.R.S. § 18-4-405 merely applies new statutory labels to the same transaction. A statutory cause of action does not create standing where none exists. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016) (noting plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III").

4. **"Direct Economic Loss ($726,731)."** Mr. Gu characterizes his purchase funds as "stolen," but these funds constitute the purchase price for a home he received, owns, and occupies. Paying the purchase price for property that was delivered is contract performance, not injury. This is the identical theory the Magistrate Judge rejected.

5. **"Preservation of Right to Proceed under Rule 15(a)."** This is not a factual allegation curing any deficiency—it is a legal argument that Mr. Gu has improperly embedded in his pleading.

Moreover, Claims 3 (Civil Conspiracy) and 6 (Abuse of Process) are now barred as a matter of law. On September 9, 2026, Judge Brimmer dismissed these claims *with prejudice*. (ECF No. 196.) A dismissal with prejudice operates as an adjudication on the merits. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001); *Clark v. Haas Grp., Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992). The Court's determination that amendment would be futile—based on its finding that Mr. Gu "put everything he has" into the original counterclaim but "still comes nowhere close to stating a facially plausible claim for civil conspiracy," ECF No. 185 at 20—is now binding. Mr. Gu cannot circumvent this adjudication by simply relabeling the same claims or repackaging them

under different statutory headers. His proposed FAAC's Civil Conspiracy claim (Count 3) and the new claims targeting the same conduct are barred by res judicata. *See Wilkes v. Wyo. Dep't of Emp't*, 314 F.3d 501, 504 (10th Cir. 2002) (res judicata bars relitigation of claims that were or could have been raised in prior action). Similarly, Count 6 (Abuse of Process) was dismissed with prejudice because "amendment would be futile." ECF No. 185 at 26. Mr. Gu has not objected to these findings, and the proposed FAAC merely reasserts the same theories under different labels.

Mr. Gu's core problem—which cannot be cured by amendment—is that he has no concrete injury. He received his home, a deed, and title insurance, and has not been dispossessed. No party has challenged his title. The Magistrate Judge found that Mr. Gu's asserted injury is "fundamentally abstract—a claim about what he would have done differently rather than how he has been concretely and particularly harmed." ECF No. 185 at 13. Recasting the grievance as "statutory mortgage lending theft" does not transform abstract complaints into concrete injury. The transaction closed in 2024; Mr. Gu owns his home; paying $726,731 for property he now occupies is not theft—it is a completed purchase.

The FAAC's characterization of the transaction as "statutory mortgage lending theft" under C.R.S. §§ 18-4-405 and 13-21-125 fails. Colorado's theft statute, C.R.S. § 18-4-401, requires obtaining control over property "without authorization" or by "threat or deception." But Mr. Gu authorized every disbursement, signed every closing document, and received the property. The FAAC does not allege that any funds were taken without his consent or that he failed to receive what he paid for.

**B. The Claims Against the New Title Insurance Defendants Are Futile.**

The proposed FAAC adds Chicago Title Insurance Company, American Heritage Title Agency, and Fidelity National Financial as new defendants, alleging breach of statutory duty under C.R.S. § 10-11-106 (Counts 5 and 6) and "underwriter non-delegable supervision" (Count 11). These claims fail for the same reason: Mr. Gu has suffered no concrete injury.

Mr. Gu received a title insurance policy. He has not alleged that any claim was denied, that his title was challenged, or that he was dispossessed. Claims premised entirely on speculative future harm do not satisfy Article III. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (injury must be "actual or imminent, not conjectural or hypothetical") (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)) (internal quotation marks omitted). Leave to add futile claims should be denied.

**C. The Attempted Joinder of Rocket Mortgage Is Improper.**

The proposed FAAC seeks to add Rocket Mortgage, LLC as a "necessary party" under Fed. R. Civ. P. 19(a)(1), but alleges no wrongdoing by Rocket Mortgage. The sole allegation is that Rocket Mortgage is "the current master loan servicer." ECF No. 193-3 at 3. That Mr. Gu has a mortgage serviced by Rocket Mortgage does not make it a proper party to claims about 2024 closing procedures. Leave to join a party against whom no claim is stated should be denied.

**D. Mr. Gu's Motion Was Filed After Undue Delay.**

The Tenth Circuit has affirmed denial of leave to amend where a plaintiff sought amendment only after receiving an adverse recommendation from a magistrate judge. *See Llacua v. Western Range Ass'n*, 930 F.3d 1161, 1189 (10th Cir. 2019) (affirming

denial where plaintiff sought amendment only after magistrate recommended dismissal, noting district court's finding of "strategic gamesmanship"). Indeed, "untimeliness alone is an adequate reason to refuse leave to amend." *Duncan*, 397 F.3d at 1315.

Mr. Gu's assertion that "new factual developments" justify amendment is unavailing. He claims that during August 2026 he "sent numerous Toll Brothers, Inc. affiliated entities, current employees, and past ones a demand letter asking for a cure of the Special Warranty Deed." ECF No. 193 at 5. But demand letters Mr. Gu himself created after receiving an adverse Recommendation are not "new facts." The underlying transaction occurred in 2023-2024. There are no genuinely new facts—only new legal theories formulated in response to the Recommendation. *See Minter*, 451 F.3d at 1206.

The Toll Entities' Motion to Dismiss, filed December 15, 2025, put Mr. Gu on notice of the standing deficiencies more than eight months before he sought leave to amend. He had every opportunity to seek amendment while the Motion was being briefed. Instead, he gambled on a favorable ruling and filed his Motion five days after the adverse Recommendation.

This is precisely the "strategic gamesmanship" the Tenth Circuit identified in *Llacua*. Mr. Gu's delay was not because he lacked information—it was because he hoped amendment would be unnecessary. That is not the diligence Rule 15 rewards.

Moreover, if the scheduling order deadline for amended pleadings has passed, Mr. Gu must demonstrate "good cause" under Rule 16(b)(4). *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Mr. Gu cannot satisfy this standard. The deficiencies were apparent from his original pleading and were identified in the Toll Entities' December 2025 Motion to Dismiss. His failure to seek

amendment during the eight months that motion was pending reflects strategic choice, not diligent effort.

**E. Mr. Gu's Motion Is Motivated by Bad Faith and a Dilatory Purpose.**

The timing and substance of Mr. Gu's filings reveal dilatory motive. On August 12, 2026, the Magistrate Judge issued the Recommendation. The next day, Mr. Gu voluntarily dismissed ten third-party defendants. (ECF Nos. 186, 187.) On August 17, he filed ECF No. 188 seeking leave to amend, then withdrew it and refiled as ECF No. 193 on August 31 with expanded defendants—Chicago Title, American Heritage Title Agency, Fidelity National Financial, and Rocket Mortgage. He also filed an Objection to the Recommendation. (ECF No. 189.)

This pattern—withdrawal, refiling, and expansion of parties while pursuing parallel-track objections—demonstrates the "strategic gamesmanship" the Tenth Circuit condemned in *Llacua*. 930 F.3d at 1189. Mr. Gu hedges his bets at the expense of judicial economy. Courts need not indulge such tactics.

The Motion to Amend and the Objection are functionally the same request—a coordinated attempt to obtain a second bite at the apple. In his Objection, Mr. Gu argues that the standing defects "are cured by the Proposed FAAC." (ECF No. 189 at 3.) His Motion relies on the same argument. This is not good-faith litigation; it is the conduct of a party who lost and is now pursuing every procedural mechanism to avoid that ruling.

This is the "dilatory motive" *Foman* identifies as a basis for denial. 371 U.S. at 182. Mr. Gu should not be rewarded for treating amendment as an insurance policy against adverse rulings.

### F. Mr. Gu Has Repeatedly Failed to Cure Deficiencies.

Mr. Gu's original counterclaim was extraordinary: 108 pages, 514 paragraphs, and 201 exhibits totaling 1,486 pages. As the Magistrate Judge observed, Mr. Gu "put everything he has" into it. Despite this volume, Mr. Gu could not articulate a single concrete injury.

The proposed FAAC expands to 156 pages and adds five claims (from six to eleven), yet relies on the same theory: that internal corporate documents authorizing the sale were deficient. The "cures"—new statutory labels, corporate governance complaints, and "statutory mortgage lending theft" characterizations—do not supply the missing concrete injury. They merely repackage abstract harm in different legal wrapping. The FAAC's expansion from 108 pages to 156 pages exacerbates rather than cures the Rule 8 deficiencies. *See* Fed. R. Civ. P. 8(a)(2); *Arena Land & Inv. Co. v. Petty*, 69 F.3d 547 (10th Cir. 1995) (affirming dismissal of complaint that was "wordy, repetitive and fail[ed] to allege the necessary elements of the claims").

Where a party has had a full opportunity to present its claims and failed, further leave is not required. *See Foman*, 371 U.S. at 182. The sheer volume of Mr. Gu's original filing—and the finding that even with "everything he has" he could not state a claim—demonstrates that further amendment would be futile.

Nor should Mr. Gu's pro se status warrant different treatment. While courts liberally construe pro se filings, this latitude does not excuse failure to satisfy Article III. *See, e.g., Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) ("The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.") The volume and

sophistication of Mr. Gu's filings—156 pages with extensive statutory citations—demonstrate he requires no special accommodation. He simply cannot identify a concrete injury because none exists.

**G. Granting Leave to Amend Would Cause Undue Prejudice to the Toll Entities.**

The Toll Entities have expended significant resources litigating Mr. Gu's deficient counterclaims. The parties have litigated seven motions to dismiss and fully briefed all issues. Permitting a 156-page amended counterclaim—expanding to eleven claims and adding new defendants—would require entirely new dispositive motion practice, effectively restarting the counterclaim litigation.

This is not a case where amendment is sought early in litigation. The Magistrate Judge has issued a comprehensive Recommendation. Allowing amendment now would nullify that work and impose substantial additional costs. *See Minter*, 451 F.3d at 1208.

**H. Mr. Gu Improperly Seeks to Add New Counterclaim Defendants.**

The proposed FAAC seeks to add numerous new counterclaim defendants: Toll Holdings, Inc., Toll Bros., Inc., Westminster Abstract Company, seven individual Toll employees, Chicago Title Insurance Company, American Heritage Title Agency, Fidelity National Financial, Inc., and Rocket Mortgage, LLC.

The procedural context makes this improper. One day after the adverse Recommendation, Mr. Gu dismissed ten third-party defendants under Rule 41(a). (ECF Nos. 186, 187.) He then filed the instant Motion seeking to add *different* defendants. This is classic "strategic gamesmanship." *Llacua*, 930 F.3d at 1189.

Mr. Gu is manipulating procedural rules: using Rule 41(a) to dismiss certain defendants while using Rule 15 to add others. The Court should not permit these mechanisms in tandem to circumvent the Court's Order.[1]

## CONCLUSION

For the foregoing reasons, the Toll Entities respectfully request that the Court:

1. Deny Mr. Gu's Motion for Leave to File First Amended Answer and Counterclaim (ECF No. 193) in its entirety;

2. Find that Claims 3 and 6 have been dismissed with prejudice by the Court's September 9, 2026 Order (ECF No. 196), precluding any amendment of those claims;

3. Adopt the Magistrate Judge's Recommendation (ECF No. 185) as to any remaining objections; and

4. Grant such other and further relief as the Court deems just and proper.

[1] Additionally, D.C.COLO.LCivR 15.1(b) requires that a motion for leave to amend attach a proposed pleading that "strikes through" deleted text and "underlines" added text. Mr. Gu's 156-page FAAC does not comply—it presents a clean document that requires comparison against the original 108-page pleading. This provides an additional procedural ground for denial.

Respectfully submitted,

Dated: September 21, 2026

**FOX ROTHSCHILD, LLP**

*/s/ Henry M. Baskerville*

Henry M. Baskerville
Kiana J. Rugar
1225 17th Street
Suite 2200
Denver, Colorado 80202
Tel: 303.292.1200
Fax: 303.292.1300
hbaskerville@foxrothschild.com
krugar@foxrothschild.com

*Counsel for Plaintiffs/Counterclaim Defendants Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record.

*/s/ Rho Rudolph*
Rhonda Rudolph