**Jeffrey Gu**
**jeffwgu@gmail.com**
**2332 N Clay St Apt 3**
**Denver, CO 80211**
**1-720-593-1548**
**Counterclaim Plaintiff Pro Se**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| **Toll Brothers, Inc. et al,**<br>**Plaintiffs and**<br>**Counterclaim Defendants**<br>**v.**<br>**Gu et al,**<br>**Defendants and**<br>**Counterclaim Plaintiff** | **Case No.: 1:25-cv-02884-PAB-CYC** |

# COUNTERCLAIM PLAINTIFF'S REPLY TO TOLL ENTITIES' RESPONSE IN OPPOSITION TO DEFENDANT GU'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIM

**TABLE OF CONTENTS**

**COUNTERCLAIM PLAINTIFF'S REPLY TO TOLL ENTITIES'**

**RESPONSE IN OPPOSITION TO DEFENDANT GU'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIM........................**

TABLE OF CONTENTS....................................................................

TABLE OF AUTHORITIES....................................................................

Cases....................................................................

Statutes....................................................................

Rules....................................................................

I. INTRODUCTION....................................................................

II. FACTUAL BACKGROUND....................................................................

A. Procedural Posture....................................................................

B. The Fox Rothschild Attorneys Represent the Toll Brothers Plaintiffs............................

C. Demand Letter....................................................................

III. LEGAL STANDARD....................................................................

A. Governing Principles of State Statutory Interpretation in Federal Court.........................

B. Colorado Civil Theft Involving the Mortgage Lending Process....................................

IV. ARGUMENT....................................................................

A. The Proposed Amendments Are Not Futile....................................................................

B. It is Improper for the Toll Brothers Plaintiffs to Advocate for the New Counterclaim Defendants....................................................................

C. There Was No Undue Delay In The Filing Of The Motion..........................................

D. Counterclaim Plaintiff Does Not Exhibit Bad Faith or a Dilatory Purpose. ....................................................................

E. Counterclaim Plaintiff Has Not Repeatedly Failed to Cure Deficiencies........................

F. Granting Leave to Amend Would Not Cause Undue Prejudice to the Toll Entities....................................................................

G. The Filing Did Not Violate D.C.COLO.LCivR 15.1(b)................................................

IV. CONCLUSION....................................................................

# TABLE OF AUTHORITIES

**Cases**

Erie R. Co. v. Tompkins, 304 U.S. 64 (1938) .................................................... 6

Titan Feeding, LLC v. Corey Cattle Co., LLC, Civ. A. No.19-cv-02541-PAB-SKC, 2022 WL 4236829, D. Colo. Sept. 13, 2022) .......................................... 10

Minter v. Prime Equip. Co., 451 F.3d 1196 (10th Cir. 2006) .............................. 14

Patton v. Guyer, 443 F.2d 79 (10th Cir.1971) .................................................... 14

**Statutes**

C.R.S. § 2-4-10 …...................................................................................... 6

C.R.S. § 13-21-125 ................................................................................... 6

C.R.S. § 18-4-401 ............................................................................... 6-7, 9

C.R.S. § 18-4-405 .................................................................................. 5, 9

C.R.S. § 38-35-109 ................................................................................... 5

C.R.S. § 38-35-125 ................................................................................... 8

3 CCR 702-8:8-1-3 ................................................................................... 8

**Rules**

Fed. R. Civ. P. 4 .......... 11

Fed. R. Civ. P. 15(a)(2) .......... 11

Fed. R. Civ. P. 20 .......... 11

D.C.COLO.LAttyR 5 .......... 12

D.C.COLO.LCivR 15.1(b) .......... 15

## I. INTRODUCTION

Counterclaim Plaintiff respectfully submits this reply to Plaintiffs Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp.'s (collectively, Toll Brothers Plaintiffs) Response in Opposition to Defendant's Second Motion for Leave of Court to File the First Amended Answer and Counterclaim (FAAC). See ECF No. 199 (Opposition). It is based upon numerous erroneous suppositions and substantively fails to address why the Toll Brothers Plaintiffs believe the FAAC is futile. Moreover, their counsel appears to advocate for new parties that they have not claimed to represent. Thus, their Response cannot reasonably provide a basis on which to deny leave.

## II. FACTUAL BACKGROUND

### A. Procedural Posture

On August 31, 2026, Counterclaim Plaintiff filed his Second Motion for Leave of Court to File the FAAC. See ECF No. 193 (Motion). With it, he filed 6 exhibits: evidence of conferral (ECF No. 193-1), the proposed FAAC (Proposed FAAC, ECF No. 193-2), a redline version of the proposed FAAC (ECF No. 193-3), and the additional exhibits of the proposed FAAC (ECF Nos. 193-4, 193-5, 193-6).

### B. The Fox Rothschild Attorneys Represent the Toll Brothers Plaintiffs

Henry M. Baskerville and Kiana J. Rugar are counsel only for Plaintiffs/Counterclaim Defendants Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp. See Opposition at 14.

### C. Demand Letter

Counterclaim Plaintiff sent a legal demand letter citing C.R.S. § 38-35-109 and C.R.S. § 18-4-405 to specific Toll Brothers Plaintiffs and their employees on August 3, 2026. See Proposed FAAC at 76, ¶ 571.

## III. LEGAL STANDARD

### A. Governing Principles of State Statutory Interpretation in Federal Court

Under Erie, this Court must apply Colorado substantive law and interpret Colorado statutes in accordance with Colorado's canons of construction. Erie R. Co. v. Tompkins, 304 U.S. 64, 78–80 (1938). C.R.S. § 2-4-10 mandates that statutes must be given their plain and ordinary meaning: "Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." Because the statutory text is clear on its face, Erie requires this Court to enforce it strictly according to its terms, without rewriting the plain mandates of the Colorado Revised Statutes.

### B. Colorado Civil Theft Involving the Mortgage Lending Process

C.R.S. § 13-21-125 states that

> A person who suffers damages as a result of a violation of section 18-4-401, C. R. S., in the mortgage lending process, as defined by section 18-4-401 (9)(e)(I), C. R. S., shall have a private civil right of action against the perpetrator, regardless of whether the perpetrator was convicted of the crime…

And C.R.S. 18-4-401(9)(e)(I) outlines the following:

> "Mortgage lending process" means the process through which a person seeks or obtains a residential mortgage loan, including, without limitation, solicitation, application, or origination; negotiation of terms; third-party provider services; underwriting; signing and closing; funding of the loan; and perfecting and releasing the mortgage.

And, finally, C.R.S. 18-4-401(1) states that

> (1) A person commits theft when he or she knowingly obtains, retains, or exercises control over anything of value of another without authorization or by threat or deception; receives, loans money by pawn or pledge on, or disposes of anything of value or belonging to another that he or she knows or believes to have been stolen, and:
>
> (a) Intends to deprive the other person permanently of the use or benefit of the thing of value…

## IV. ARGUMENT

### A. The Proposed Amendments Are Not Futile

Toll Brothers Plaintiffs are, ostensibly, Colorado real estate experts (they have received, after all, "the prestigious award of National Production Builder from the Home Builders Association of Metro Denver," amongst other accolades. See ECF No. 1 at 6, ¶ 25.). However, they attempt to oversimplify the sales, escrow, and conveyancing process, stating that no civil theft occurred because

> …Mr. Gu authorized every disbursement, signed every closing document, and received the property. The FAAC does not allege that any funds were taken without his consent or that he failed to receive what he paid for.

See Opposition at 7. This assertion fundamentally misapprehends the legal nature of a closing under Colorado law and glosses over the allegations in the FAAC involving the title insurance agent (Westminster Abstract Company), title insurance underwriter (Chicago Title Insurance Company), and escrow agent (Heritage Title Company)–which practically make up most of the new factual allegations. See Proposed FAAC at 73-80. Real property transactions do not operate as direct, bilateral commercial exchanges; they are strictly channeled through licensed escrow agents operating as (supposedly) neutral fiduciaries governed by statutory mandates. Under the Colorado Good Funds Law, C.R.S. § 38-35-125, and Division of Insurance Regulation 8-1-3, an escrow agent is legally prohibited from disbursing purchase funds until all conditions precedent—including a valid, legally effective conveyance executed by an authorized agent—are satisfied. Premature or illegal disbursements, whether caused by Toll Brothers Plaintiffs or other parties such as Heritage Title Company, made in violation of these fiduciary and statutory duties cannot be legitimized by pointing to other signed documentation, especially when there is no proof or allegation that Counterclaim Plaintiff even saw the Special Warranty Deed or knew of Reginald E. Carveth III's involvement during the closing process itself, a question of fact which would be more properly addressed *after* discovery.

Further, Toll Brothers Plaintiffs essentially state that the Court should deny the Motion because the FAAC–overall–suffers from the same Article III standard defect for which the Court dismissed the original counterclaim's counts 1, 2, and 4. See Opposition at 5. However, this ignores the fact that the newly added counts in the FAAC, most of which (besides the common law conversion count) are now based on specific statutes in the Colorado Revised Statutes, have not been analyzed under the said statutes by either District Judge Brimmer or Magistrate Judge Chung. Rather than being "precisely the 'abstract harm' the Magistrate Judge rejected" (ibid.), Counterclaim Plaintiff has rooted his new FAAC counts in the ultimate harm of statutory civil theft in the mortgage lending process. See Proposed FAAC at 95-114.

As District Judge Brimmer articulated when evaluating civil theft and property recovery claims under Colorado law:

> Under Colorado law, a person commits civil theft when he or she "'knowingly obtains, retains, or exercises control over anything of value of another without authorization or by threat or deception,' and acts intentionally or knowingly in ways that deprive the other person of the property permanently." *Van Rees v. Unleaded Software, Inc.*, 373 P.3d 603, 608, 2016 CO 51 (Colo. 2016) (quoting Colo. Rev. Stat. § 18-4-401(1)). A person must have "the specific intent to permanently deprive the owner of the benefit of property." *Id.* In an action for civil theft, a person may maintain an action to recover "property obtained by theft, robbery, or burglary." Colo. Rev. Stat. § 18-4-405; see *Itin v. Ungar*, 17 P.3d 129, 134

> (Colo. 2000) (holding that the [*6] statute provides an owner of property with a private remedy that "requires proof of a specified criminal act").

Titan Feeding, LLC v. Corey Cattle Co., LLC, Civ. A. No. 19-cv-02541-PAB-SKC, 2022 WL 4236829, at *6 (D. Colo. Sept. 13, 2022). In the FAAC, Counterclaim Plaintiff does not include the new Counts 5 (Invalidity of Recorded Documents) and 8 (Statutory Liability for Recording Spurious Documents) in order to be " generalized grievances" about "abstract harm," he includes them to establish the predicates for Toll Southwest LLC and other parties' commission of civil theft in the mortgage lending process. The alleged spurious documents and lack of statutory signatory authority are the deceptions fundamental to establishing the Toll Brothers Plaintiffs' liability for the alleged theft, so including them is not "reassert[ing] the same theories under different labels," as the Toll Brothers Plaintiffs suggest. See Opposition at 7. Rather than rely on the common law as in the initial counterclaim, Counterclaim Plaintiff has, in the FAAC, instead connected Toll Brothers Plaintiffs, affiliates, and employees' actions to statutes enacted by the Colorado legislature, which the Court should read under C.R.S. § 2-4-10 "in context and construed according to the rules of grammar and common usage," not according to the false standard proposed by the Toll Brothers Plaintiffs. Their reliance in their Opposition on opinions rendered about the initial

counterclaim should not cause this Court to ignore the statutory foundations of the FAAC.

**B. It is Improper for the Toll Brothers Plaintiffs to Advocate for the New Counterclaim Defendants**

In their Opposition, Toll Brothers Plaintiffs attempt to litigate on behalf of Chicago Title Insurance Company, American Heritage Title Agency, Inc., Fidelity National Financial, Inc., Rocket Mortgage, LLC, Westminster Abstract Company, and past or present employees, arguing that the additions and proposed claims against these entities are also "futile" or "improper." See Opposition at 8, 12-13. This proxy advocacy is procedurally improper under the Federal Rules of Civil Procedure. Current Toll Brothers Plaintiffs possess no standing to oppose a motion for leave to amend on the ground that claims against proposed new counterclaim defendants fail to state a claim. Under Fed. R. Civ. P. 15(a)(2) and 20, the question of whether a pleading states a viable claim against a newly joined party belongs exclusively to that party once served under Fed. R. Civ. P. 4. Toll Brothers Plaintiffs—represented exclusively by Fox Rothschild LLP attorneys Henry M. Baskerville and Kiana J. Rugar—do not represent Chicago Title Insurance Company, American Heritage Title Agency, Inc., Fidelity National Financial, Inc., Rocket Mortgage, LLC, Westminster Abstract Company, or past and present employees

and have not noticed an entry of appearance for them under D.C.COLO.LAttyR 5. They cannot appoint themselves as legal guardians for unserved corporate entities to shield themselves from an expanded factual record. If and when the newly added title, escrow, and lending defendants are served pursuant to the Federal Rules, they are fully capable of retaining independent counsel and raising their own defenses if they deem it appropriate. Accordingly, the Court should disregard the unauthorized, proxy attempts to assert defenses for non-party entities and individuals.

**C. There Was No Undue Delay In The Filing Of The Motion**

Toll Brothers Plaintiffs allege that the "demand letters Mr. Gu himself created after receiving an adverse Recommendation are not 'new facts'" and are "precisely the 'strategic gamesmanship' the Tenth Circuit identified in *Llacua*." See Opposition at 9. However, the timeline asserted here is contradicted by the record alleged in the FAAC (and, seemingly, would also be by Fox Rothschild's own email servers).

Counterclaim Plaintiff sent a demand letter to Toll Brothers Plaintiffs on August 3, 2026, and Mr. Henry Baskerville acknowledged receipt the next day on August 4. See Proposed FAAC at 76, ¶ 571. Magistrate Judge Chung filed his Recommendation on August 12, 2026. See ECF No. 185. Even if the Toll Brothers

Plaintiffs could establish undue delay under their fabricated timeline, the true timeline shows that Counterclaim Plaintiff's desire to file the FAAC is not the result of "strategic gamesmanship" but a diligent effort to hold those responsible for civil theft of his $726,731 accountable.

**D. Counterclaim Plaintiff Does Not Exhibit Bad Faith or a Dilatory Purpose.**

For the same reasons stated in section IV.A and IV.C *supra*, Counterclaim Plaintiff has not exhibited the bad faith or dilatory purpose as stated in the Opposition.

**E. Counterclaim Plaintiff Has Not Repeatedly Failed to Cure Deficiencies**

For the same reasons stated in section IV.A *supra*, Counterclaim Plaintiff has indeed cured the deficiencies of the original counterclaim, counts 1, 2, and 4 of which were dismissed *without prejudice*. <u>See</u> ECF No. 196 at 4. Moreover, Counterclaim Plaintiff requests leave to file a *First* Amended Answer and Counterclaim and, thus, the word *repeatedly* does not apply in this situation because this is the first instance in which the Counterclaim Plaintiff would be filing this amended document.

Count 3 of the original counterclaim warrants distinct procedural treatment. Notably, Magistrate Judge Chung did not recommend dismissing the original Count 3 with respect to the Toll Brothers Plaintiffs in Recommendation 3 (<u>see</u> ECF

No. 185 at 28), yet District Judge Brimmer ultimately dismissed the count with prejudice in the Order adopting that Recommendation. See ECF No. 196 at 4. Because this outcome introduced a substantive dismissal not originally teed up for rejection in the Magistrate Judge's findings on that specific count, it was procedurally impossible for Counterclaim Plaintiff to brief or contest that specific disposition within the traditional framework of an Objection. See ECF No. 189. Because civil conspiracy claims are inherently collateral, derivative claims tied to underlying substantive wrongs, Counterclaim Plaintiff expressly preserves and reserves all rights to reallege, reassert, or incorporate these civil conspiracy claims (also Count 3 in the FAAC) and underlying factual predicates against the Toll Brothers Plaintiffs as the record and discovery develop.

**F. Granting Leave to Amend Would Not Cause Undue Prejudice to the Toll Entities**

Toll Brothers Plaintiffs state that "have expended significant resources litigating Mr. Gu's deficient counterclaims." They also cite Minter at 1208. However, Minter makes no mention of cost being a substantial factor in the prejudice test, stating that "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.' Minter v. Prime Equip. Co., 451 F.3d 1196, 1208 (quoting Patton v. Guyer, 443 F.2d 79, 86 (10th Cir.1971).)

As stated in the Motion, "No trial date has been set and discovery has not even started. Granting leave at this juncture does not force Counterclaim Defendants to scramble for new evidence or alter a long-standing trial strategy." See Motion at 8.

**G. The Filing Did Not Violate D.C.COLO.LCivR 15.1(b)**

Toll Brothers Plaintiffs assert in a footnote that Counterclaims Plaintiff's Proposed FAAC violates D.C.COLO.LCivR 15.1(b). See Opposition at 13 ("Mr. Gu's 156-page FAAC does not comply—it presents a clean document that requires comparison against the original 108-page pleading. This provides an additional procedural ground for denial."). They are mistaken.

ECF No. 193-2 is clearly the document they refer to as the "clean" one, and ECF No. 193-3 is unequivocally the "comparison" document with the strikethroughs and underlines required by the Court. The Motion, thus, cannot be denied on this procedural basis.

## IV. CONCLUSION

Toll Brothers Plaintiffs bad faith litigation conduct is apparent from its fabrication of timelines and improper advocacy for other parties. Rather than substantially address the merits of the FAAC, they again have thrown up smoke and mirrors in an attempt to confuse the Court about the real problems underlying this case.

Ironically, Toll Brothers Plaintiffs started this action and initially found Counterclaim Plaintiff's counterclaim to be "unintelligible." See ECF No. 125 at 2. Now, these same filings are described as having "sophistication." See Opposition at 12. While this changing opinion of Counterclaim Plaintiff's filings reflects their growing uneasiness with the allegations at hand, Counterclaim Plaintiff nonetheless hopes the Court will not be distracted by the Toll Brothers Plaintiffs persistent attempts to distort its opinion of his pleadings.

Because the Opposition is based upon erroneous suppositions and flawed futility arguments and none of the Foman factors negatively apply, the Counterclaim Plaintiff's Motion for Leave should be **GRANTED**.

Respectfully submitted,

s/ Jeffrey Gu September 23, 2026

Jeffrey Gu, Counterclaim Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548