**Jeffrey Gu**
**jeffwgu@gmail.com**
**2332 N Clay St Apt 3**
**Denver, CO 80211**
**1-720-593-1548**
**Counterclaim Plaintiff Pro Se**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| **Toll Brothers, Inc. et al,**<br>**Plaintiffs and**<br>**Counterclaim Defendants**<br>**v.**<br>**Gu et al,**<br>**Defendants and**<br>**Counterclaim Plaintiff** | **Case No.: 1:25-cv-02884-PAB-CYC** |

**RESPONSE IN OPPOSITION TO MOTION FOR ATTORNEY FEES**

**TABLE OF CONTENTS**


**RESPONSE IN OPPOSITION TO MOTION FOR ATTORNEY FEES**

TABLE OF CONTENTS

TABLE OF AUTHORITIES

Cases

Statutes

Rules

I. INTRODUCTION

II. FACTUAL BACKGROUND

A. Procedural Posture

III. LEGAL STANDARD

A. Federal and Local Rules

B. Statutory Requirements for Unsworn Declarations

C. C.R.S. § 13-17-201

IV. ARGUMENT

A. Failure to Adhere to Local Rule 7.1(a)

B. The Unsigned Declaration Violates Rule 11 and 28 U.S.C. § 1746 and Must Be Stricken

C. Toll Brothers Plaintiffs Have Offered Zero Competent Evidence to Meet Their Burden of Proof

D. The Fee Statute Requires Entire Action Termination and That the Action Lie Primarily in Tort

V. CONCLUSION


**TABLE OF AUTHORITIES**

**Cases**


Elder-Keep v. Aksamit, 460 F.3d 979 (8th Cir. 2006) .................................... 5, 8

Hensley v. Eckerhart, 461 U.S. 424 (1983) ...................................................... 8

Robinson v. Colorado State Lottery Division, 179 P.3d 998 (Colo. 2008) ........ 6, 9

State v. Golden's Concrete Co., 962 P.2d 919 (Colo. 1998) ............................ 6, 9

**Statutes**

28 U.S.C. § 1746 .......................................................................................... 5, 7-8

C.R.S. § 13-17-201 ...................................................................................... 5-6, 9

**Rules**

D.C.COLO.LCivR 5.1(a) ................................................................................. 4, 8

D.C.COLO.LCivR 7.1(a) ................................................................................. 5, 7

Fed. R. Civ. P. 11(a) ................................................................................... 4, 7-8

## I. INTRODUCTION

Counterclaim Plaintiff respectfully submits this opposition to Plaintiffs Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp.'s (collectively, Toll Brothers Plaintiffs) procedurally and substantially invalid Motion for Attorney Fees (Motion). See Motion, ECF No. 198.

## II. FACTUAL BACKGROUND

### A. Procedural Posture

Plaintiffs submitted a filing captioned "MOTION for Attorney Fees by Plaintiffs TB Proprietary Corp., Toll Brothers, Inc., Toll Southwest LLC," on September 17, 2026. See Motion. It was accompanied by several exhibits, including Exhibit A, entitled "DECLARATION OF HENRY M. BASKERVILLE IN SUPPORT OF

PETITION FOR ATTORNEYS' FEES." See Declaration, ECF No. 198-1. The signature block of this Declaration is, notably, blank. Id. at 6.

## III. LEGAL STANDARD

### A. Federal and Local Rules

Under Federal Rule of Civil Procedure 11(a), "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Rule 11(a) establishes a mandatory directive: "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

Complementing the Federal Rules, D.C.COLO.LCivR 5.1(a) and Section 4.3(a) of this Court's Electronic Case Filing Procedures mandate that filers must affix an electronic signature to all filed papers requiring one.

D.C.COLO.LCivR 7.1(a) states that

> Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

**B. Statutory Requirements for Unsworn Declarations**

Federal law authorizes the submission of unsworn declarations in lieu of formal affidavits only where the instrument strictly complies with 28 U.S.C. § 1746. Under § 1746(2), an unsworn matter may be supported by an unsworn declaration only if it is in writing and is expressly:

> "[s]ubscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'."

Without an actual signature, a document cannot be "subscribed," does not invoke the penalties of perjury, and lacks all legal efficacy. Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006) (a "court may properly reject unsworn documents").

**C. C.R.S. § 13-17-201**

Because C.R.S. § 13-17-201 (Fee Statute) creates an exception to the American Rule, Colorado courts narrowly construe its fee-shifting language. The Fee Statute applies only when the entire action is dismissed before trial under Fed. R. Civ. P. 12(b) or the applicable state procedural equivalent, and when the action, viewed in substance and as pleaded, is primarily tortious. State v. Golden's Concrete Co., 962 P.2d 919, 925 (Colo. 1998) ("The statute requires courts to award defendants reasonable attorney fees whenever an entire tort action, but not a single tort claim,

is dismissed…”); Robinson v. Colorado State Lottery Division, 179 P.3d 998, 1010 (Colo. 2008) (“[W]e find that section 13-17-201 does not apply to the dismissal of…claims, where [an] action was pleaded in contract and it was the contract claims that were dismissed.”).

The Fee Statute’s “entire action” requirement means that dismissal of individual tort claims is insufficient; the defendant must obtain dismissal of the action as a whole under Rule 12(b). Thus, fees generally are unavailable when any claim remains pending, when only the tort claims are dismissed while contract or other claims survive, or when dismissal occurs through a procedure other than a pretrial Rule 12(b) dismissal. Golden’s Concrete Co., *supra*, 962 P.2d at 925; Robinson, *supra*, 179 P.3d at 1010. A dismissal without prejudice ordinarily does not satisfy that requirement unless the court ultimately dismisses the entire action under Rule 12(b); amendment or continuation of any claim defeats an award at that stage.

## IV. ARGUMENT

### A. Failure to Adhere to Local Rule 7.1(a)

Toll Brothers Plaintiffs omit a conferral certification in their Motion. See ECF No. 198. Because of their lack of conferral and certification on the Motion, the Motion

should be stricken or denied on this independent basis. See ECF No. 29 at 2 ("Failure to comply may result in the motion being stricken or denied.").

Toll Brothers Plaintiffs are clearly aware of D.C.COLO.LCivR 7.1(a). While in default in late 2025, Toll Brothers Plaintiffs described Counterclaim Plaintiff's alleged procedural errors. See ECF No. 49 at 3 ("Mr. Gu failed to confer with undersigned counsel before filing his motion. This is despite the clear requirements to do so, and despite Magistrate Judge Chung specifically telling Mr. Gu…"). Thus, any violation of Local Rule 7.1(a) here cannot be seen as excusable neglect due to Toll Brothers Plaintiffs clear prior understanding of it.

**B. The Unsigned Declaration Violates Rule 11 and 28 U.S.C. § 1746 and Must Be Stricken**

Under Rule 11(a), this Court "must strike an unsigned paper." Furthermore, because Exhibit A was submitted without a signature, it fails the statutory threshold of 28 U.S.C. § 1746(2). See Declaration at 6. By failing to sign the paper, Mr. Baskerville has not "subscribed" to the document, has not subjected himself to the penalty of perjury under the laws of the United States, and has made no enforceable certifications to this Court under Rule 11(b) regarding the veracity of the factual statements and billing summaries contained therein.

**C. Toll Brothers Plaintiffs Have Offered Zero Competent Evidence to Meet Their Burden of Proof**

As the moving parties, Toll Brothers Plaintiffs bear the strict evidentiary burden of establishing both their entitlement to fees and the reasonableness of the hours and rates claimed. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."). In the absence of an executed, sworn declaration authenticating the underlying billing records and attesting to the necessity and reasonableness of the work performed, there is literally zero competent evidence before the Court. See Declaration at 6.

Because Toll Brothers Plaintiffs failed to comply with the mandatory signature requirements of Fed. R. Civ. P. 11(a), D.C.COLO.LCivR 5.1(a), and 28 U.S.C. § 1746, the Declaration must be stricken, and the Motion must be summarily denied. Elder-Keep, *supra*, 460 F.3d at 984.

**D. The Fee Statute Requires Entire Action Termination and That the Action Lie Primarily in Tort**

Toll Brothers Plaintiffs' assertion that the statutory prerequisites for an award under C.R.S. § 13-17-201 "are met" contradicts established Colorado law. See Motion at 4. Here, the Motion fails at the threshold because the action has not been

terminated. The litigation remains actively pending, and Plaintiff's Motion for Leave to File a First Amended Answer and Counterclaim is currently before the Court. See ECF No. 193. Where an action continues or leave to amend is sought, the "entire action" has not been dismissed under Rule 12(b), and § 13-17-201 cannot be invoked piecemeal. Golden's Concrete Co., 962 P.2d at 925.

Furthermore, under Robinson, the Court must examine the substance of the claims as pleaded; because this dispute arises out of a real estate conveyance involving contractual covenants and statutory mechanisms, it is not an action having its primary basis in tort. Having obtained neither a complete, final dismissal of the entire lawsuit nor established that the action lies primarily in tort, Toll Brothers Plaintiffs have no statutory entitlement to fees under C.R.S. § 13-17-201.

## V. CONCLUSION

There is great irony in a party bragging about "excellent results" but then completely failing to adhere to a Local Rule it explicitly chided its opponent for allegedly failing to follow. See ECF No. 49 at 3. There is further irony in Toll Brothers Plaintiffs' attempt to dump its fees for litigating its failed Local Rule 8.1-based motion on Counterclaim Plaintiff (see ECF No. 28), despite a simple one line dismissal of the theory underpinning it. See ECF No. 93. But perhaps the

greatest irony of all is that Toll Brothers Plaintiffs and their representatives again show an utter disregard for signatory authority or execution requirements for matters of central importance, be it in "sworn" declarations or recorded property conveyances worth $726,731. Because the Motion and its accompanying Declaration contain procedurally fatal errors and the fact that the Fee Statute itself and the precedent built upon it do not support its use here, the Motion should be **STRICKEN** and/or **DENIED**.

Respectfully submitted,

s/ Jeffrey Gu October 8, 2026

Jeffrey Gu, Counterclaim Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548