IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02884-CYC

TOLL BROTHERS, INC., a Delaware corporation;
TOLL SOUTHWEST LLC, a Delaware limited liability company and
TB PROPRIETARY CORP., a Delaware Corporation

Plaintiffs,

v.

JEFFREY GU, an individual;

Defendant.

TOLL BROTHERS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP LLC, a Colorado Limited Liability Company;
TOLL ARCHITECTURE LLC, a Colorado Limited Liability Company;
TOLL HOLDINGS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP, a Colorado Corporation;
TOLL ARCHITECTURE, INC, a Colorado Corporation;
TOLL BROTHERS, INC, a Colorado Corporation; and
TOLL SOUTHWEST LLC, a Wisconsin Limited Liability Company

Nominal Defendants.

---

**DECLARATION OF HENRY M. BASKERVILLE IN SUPPORT OF PETITION FOR ATTORNEYS' FEES**

---

I, Henry M. Baskerville, declare as follows:

1. I am over eighteen years old, competent to make this Declaration, and have personal knowledge of the matters stated here. I submit this Declaration in support of Toll's Petition for Attorneys' Fees under D.C.COLO.LCivR 54.3.

2. I am a partner at Fox Rothschild LLP ("Fox") and counsel for Plaintiffs / Counter-Defendants Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp. I



EXHIBIT
A

am admitted in Colorado and have practiced law for 21 years. I have been licensed in Illinois since 2005 and in Colorado since April 2015.

3. Before joining Fox in March 2025, I was a managing member and head of litigation at Fortis Law Partners. One of my responsibilities was ensuring that the firm's billing rates remained competitive in the Denver market. I regularly discussed rates with practitioners in the industry and reviewed published market information, including the Colorado Bar Association's Economics of Law Practice surveys. Prior to joining Fox in March 2025, I met with a number of national firms with offices based on Denver. Most of those firms felt my rate (which at the time was $675) was too low for the market and that I would have to raise it at least 20-30% upon joining their firm. The desire to keep my rate lower to better help my clients afford to keep me was a primary driver in my decision to join Fox. I believe I am very familiar with the rates charged by law firms in Denver.

4. I have been primarily responsible for this matter and have supervised or reviewed and approved the fees billed for the work addressed by the Petition, including time spent responding to Gu's objection to Magistrate Judge Chung's Recommendation regarding the Motion to Dismiss. Fox professionals enter time contemporaneously, identifying the services performed and time spent.

5. I reviewed the invoices supplied for this analysis, covering work through August 2026, and selected only entries reasonably connected to Toll's Motion to Dismiss Jeffrey Gu's Counterclaims [Docket No. 125]. Composite entries were reduced when the invoice identified the motion-related component. No time for preparing the fee Petition is requested.

6. **Exhibit A-1** to this Declaration is a true and correct copies of the selected billing entries through August 2026. It accurately transcribes or faithfully condenses the contemporaneous invoice descriptions without changing the recorded time. The schedule totals 14.6 hours for me, 99.8 hours for Kiana J. Rugar, 7.1 hours for Brooke Hurlbrink, and 4.9 hours for Rhonda Rudolph, for 126.5 hours total.

7. For this matter, the applicable hourly rates are $500 for me, $400 for Ms. Rugar, $400 for Ms. Hurlbrink, and $250 for Ms. Rudolph. Applying those rates yields $7,300 for my time, $39,400 for Ms. Rugar's time, $2,840 for Ms. Hurlbrink's time, and $1,225 for Ms. Rudolph's time, for a total of $51,285.

8. These rates are reasonable and at or below rates charged in Denver for professionals of comparable experience and responsibility. They are also below the rates described in the model declaration and consistent with rates approved in decisions cited in the Petition. In fact, my standard hourly rate is $720, not $500. As noted, my standard hourly rate at my old firm in 2025 was $675.

9. I have practiced at Fox Rothschild LLP, Fortis Law Partners, Armstrong Teasdale in Denver, Stetler, Duffey & Rotert, Ltd. in Chicago, and the Law Offices of Daniel Lynch in Chicago. I am admitted in Colorado, Illinois, New Mexico, and Wyoming; the United States District Courts for the Districts of Colorado and Wyoming; the Northern District of Illinois, including its Trial Bar; the Central District of Illinois; and the United States Courts of Appeals for the Seventh and Tenth Circuits. My bio is attached as **Exhibit A-2.**

10. I have been rated AV by Martindale-Hubbell and was named to the National Trial Lawyers' Top 40 Under 40 in 2014. I was named a Super Lawyers "Rising Star" in

Illinois from 2012 through 2015 and in Colorado in 2017, and a Super Lawyer each year since 2020. I was named to The Best Lawyers in America in 2017, selected as a "Litigation Star" for commercial litigation by Benchmark Litigation in 2025 and 2026, and ranked by Chambers USA for Litigation: General Commercial in Colorado in 2026. I was recently named to the top 500 litigators nationwide for 2027 by LawDragon.

11. During my 21 years of practice, I have tried dozens of cases before judges, juries, and arbitration panels. I have been qualified as an expert on the reasonableness of legal fees and rates on three occasions. In *Batenburg v. Batmann Consulting, Inc.*, the court adopted my opinions and awarded all requested fees; the ruling was affirmed. *See Batenburg v. Batmann Consulting, Inc.*, Case No. 2019CV34536, 2024 WL 5163711 (Colo. App. 2024).

12. Ms. Rugar has been licensed since 2025. She earned her J.D., summa cum laude, from Lewis and Clark College, Northwestern School of Law in 2025, graduating one semester early and first in her class. She earned an M.A. from Florida Gulf Coast University in 2018, a Certificate in Paralegal Studies from Boston University in 2021, and a B.A., cum laude, from the State University of New York at Albany in 2017. **Her bio is attached as Exhibit A-3.** During law school, she interned with Fortis Law Partners and the National Park Service's Land Resources Division and served on the Animal Law Review. Before law school, she worked as a paralegal. She is admitted in Colorado and the United States District Court for the District of Colorado and is a member of Fox's national Litigation Department.

13. Ms. Hurlbrink earned her J.D. from Boston University School of Law in 2022 and her B.A., *summa cum laude*, from Loyola University Maryland in 2019. Her bio is

attached as **Exhibit A-4.** During law school, she was a member of the Public Interest Law Journal and served as a class representative on the Student Government Association. She previously interned for the Honorable Chad Kenney of the U.S. District Court for the Eastern District of Pennsylvania and the Honorable John Whelan of the Delaware County Court of Common Pleas, and she served as a summer associate at Fox Rothschild. She is admitted to the bar in Pennsylvania. A member of Fox's Litigation Department, she helps clients resolve commercial disputes and mitigate risk, and she serves on the Executive Committee of the Philadelphia Bar Association's Young Lawyers Division. Ms. Hurlbrink assisted me in responding to Mr. Gu’s objections to the Magistrate’s Report and Recommendation dismissing Mr. Gu’s claims because Ms. Rugar was predisposed with another matter.

14. Ms. Rudolph has worked as a paralegal for more than 22 years and has managed hundreds of complex civil litigation matters from inception through trial. She has extensive experience in case management, discovery, e-discovery, document review, trial preparation, drafting legal documents, and coordinating with clients, experts, and litigation teams.

15. The requested fees were reasonably and necessarily incurred. The motion required review of a voluminous counterclaim filing and research and briefing concerning Article III standing, Rules 8, 9(b), and 12(b)(6), fraudulent inducement, declaratory relief, the CCPA, civil conspiracy, abuse of process, litigation privilege, and fee shifting. The work was appropriately delegated and produced dismissal of every claim against Toll.

16. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. See 28 U.S.C. § 1746.

Executed on October 9, 2026, at Denver, Colorado.

Henry M. Baskerville