IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02884-CYC

TOLL BROTHERS, INC., a Delaware corporation;
TOLL SOUTHWEST LLC, a Delaware limited liability company and
TB PROPRIETARY CORP., a Delaware Corporation

Plaintiffs,

v.

JEFFREY GU, an individual;

Defendant.

TOLL BROTHERS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP LLC, a Colorado Limited Liability Company;
TOLL ARCHITECTURE LLC, a Colorado Limited Liability Company;
TOLL HOLDINGS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP, a Colorado Corporation;
TOLL ARCHITECTURE, INC, a Colorado Corporation;
TOLL BROTHERS, INC, a Colorado Corporation; and
TOLL SOUTHWEST LLC, a Wisconsin Limited Liability Company

Nominal Defendants.

---

**PLAINTIFFS' PETITION FOR ATTORNEYS' FEES**

---

Plaintiffs / Counter-Defendants Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp. (collectively, "Toll" or "Defendants"), through undersigned counsel, submit this Reply in support of their Petition for Attorneys' Fees [ECF 198] (the "Petition"). In support, Toll states as follows:

**INTRODUCTION**

In his Response to the Petition ("Response"), Defendant and Counterclaim Plaintiff Jeffrey Gu ("Plaintiff") does not dispute the reasonableness of the fees that Toll requests.

He does not challenge a single hourly rate, time entry, or lodestar calculation. He relies instead on four procedural objections. Each one fails: any defect in the signature on the declaration has been cured; the counterclaim action against Toll sounded in tort; the Court dismissed it in its entirety under Rule 12(b); and Toll's isolated failure to confer does not justify denying the Petition. The Court should award Toll its fees.

## ARGUMENT

### I. The Corrected Declaration Satisfies Rule 11(A) and 28 U.S.C. § 1746.

Plaintiff argues that the Declaration of Henry M. Baskerville must be stricken because its signature block is blank. Resp., 7 [ECF 201]. He further argues that, without the Declaration, Toll has offered no competent evidence of reasonableness. Rule 11(a) does not support that result. It requires a court to strike an unsigned paper, such as an unsigned motion, only "unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). A party may correct the omission "by submitting a duplicate that contains the signature." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. Plaintiff raised the issue on October 8, 2026. Toll filed a signed, corrected declaration two days later, on October 10, 2026. *See* ECF No. 202. The omission was promptly corrected, so Rule 11(a) does not require striking the declaration. Plaintiff's evidentiary argument rests entirely on the missing signature. Once the signature was supplied, the argument fails. The signed declaration authenticates the billing records and supports the rates and hours claimed.

### II. The Counterclaim Action Lies in Tort.

The essence of Plaintiff's claims against Toll is grounded in tort. "When a party has pleaded both tort and non-tort claims, a court must determine, as a matter of law, whether

the essence of that party's action was one in tort, in order to ascertain if section 13–17–201 applies" *Gagne v. Gagne*, 338 P.3d 1152, 1167 (Colo. App. 127) (internal citation omitted). In doing so, the court should focus on the manner in which the claims were pleaded, not what the party should or might have pleaded. *Id.; see Dubray v. Intertribal Bison Co-op.*, 192 P.3d 604, 607 (Colo. App. 2008) (finding that the essence of the action was in tort because most of the claims against the defendants moving for fees were tort claims and the plaintiff "obviously chose to include these claims to obtain relief beyond what was available solely under a breach of contract theory").

Plaintiff contends that the action "involve[es] contractual covenants" and "statutory mechanisms" and therefore does not lie primarily in tort—without providing any further context. Resp., p. 9. His own pleading refutes that characterization. Plaintiff asserted claims for declaratory judgment under C.R.S. § 12-10-201, fraudulent inducement, civil conspiracy, deceptive trade practices, and abuse of process. He asserted no breach of contract claim. Three of the five claims are classic torts, and the deceptive trade practices claim rests on the same alleged misconduct. Furthermore *Robinson*, the case Plaintiff cites, is inapposite. Its holding is limited to actions that were "pleaded in contract" where "it was the contract claims that were dismissed." *Robinson v. Colorado State Lottery Division*, 179 P.3d 998, 1010 (Colo. 2008).

## III. THE ENTIRE ACTION AGAINST TOLL WAS DISMISSED.

Plaintiff next argues that the "entire action" has not been dismissed because his motion for leave to amend is before the Court. Resp. 8-9. The Court granted Toll's Rule 12(b) motion and dismissed every counterclaim asserted against Toll. No claim against Toll survived. Plaintiff cites *State v. Golden's Concrete Co*, for the proposition that

"[w]here an action continues or leave to amend is sought, the 'entire action' has not been dismissed." *Golden's Concrete* says no such thing. The opinion does not address pending litigation, motions to amend, or claims that might be reasserted. It holds that § 13-17-201 "requires courts to award defendants reasonable attorney fees whenever an entire tort action, but not a single tort claim, is dismissed before trial pursuant to C.R.C.P. 12(b), regardless of whether the action was brought in good faith." *State v. Golden's Concrete Co.*, 962 P.2d 919, 925 (Colo. 1998). The court then held that federal law preempted the statute only as to a 42 U.S.C. § 1983 claim. *Id.* at 926. Plaintiff offers no other authority for his rule, and *Golden's Concrete* supports Toll, not Plaintiff. Indeed, the statute mandates attorneys' fees in circumstances when the "entire action" continues. *See, e.g.*, *Smith v. Town of Snowmass Vill.*, 919 P.2d 868, 873 (Colo. App. 1996) (awarding attorney fees and rejecting the argument that the "entire action" had not been dismissed when the claims against the moving party were dismissed but claims against third-parties remain).

Every claim Plaintiff pleaded against Toll was dismissed on Toll's Rule 12(b) motion. A motion for leave to amend asks for relief the Court has not granted, and it does not revive claims the Court has already dismissed. The statute itself forecloses Mr. Gu's argument. It provides that "where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) . . . such defendant shall have judgment for his reasonable attorney fees in defending the action." Colo. Rev. Stat. § 13-17-201(1). The phrase "is dismissed" is absolute. The General Assembly did not condition a fee award on the absence of a pending motion to amend, the conclusion of the broader litigation, or the dismissal being with prejudice. Toll's motion was granted, and Mr. Gu's action against

Toll was dismissed. Under the plain terms of the statute, Toll "shall have judgment" for their reasonable attorney fees.

### IV. The Lack of Conferral Does Not Warrant Denial.

Finally, Plaintiff asks the Court to strike or deny the Petition because Toll did not confer under D.C.COLO.LCivR 7.1(a).[1] The consequence of a conferral failure is discretionary, not mandatory. "Failure to comply *may* result in the motion being stricken or denied." D.C.COLO.MJ V.1 (emphasis added). The Federal Rules also direct courts to construe and administer them "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Courts in this District regularly decline to deny a motion for lack of conferral when doing so would not serve the parties or the administration of justice. *See Sands v. Integon Nat'l Ins. Co.*, No. 18-cv-00714-PAB-NYW, 2020 WL 8188184, at *4 (D. Colo. Mar. 9, 2020) ("Because the alleged violation is not part of a larger pattern of concerning litigation conduct, this court finds that it would not be in the interest of the Parties or the administration of justice to deny this instant Motion without prejudice or strike it at this juncture."), *report and recommendation adopted*, 2020 WL 8188168 (D. Colo. Mar. 25, 2020); *see also Moreno-Gutierrez v. Napolitano*, No. 10-cv-00605-WJM-MEH, 2013 WL 3233574, at *3 n.1 (D. Colo. June 26, 2013) (declining to deny motion for attorneys' fees because "[t]o deny the Motion and require Plaintiff to re-file after conferral would exalt form over substance"); *see also Encompass Ins. Co. v. Brown*, No. 09-cv-00865-CMA-

---

[1] Toll acknowledges that it did not confer and did so to ensure compliance with the deadline to file a motion for attorneys' fees under Fed. R. Civ. P. 54(d)(2)(B)(i), as Toll decided to file the Petition on September 17, 2026, fourteen days after the Court's September 3, 2026 Order.

KMT, 2009 WL 2372149, at *1 n.1 (D. Colo. Aug. 3, 2009) (declining to strike motion for lack of conferral); *Coomer v. Lindell*, No. 22-cv-01129-NYW-SBP, 2024 WL 3989524, at *14 n.6 (D. Colo. Aug. 29, 2024) (same).

The same reasoning applies here. This is Toll's first conferral lapse in this case. Plaintiff, by contrast, has repeatedly disregarded the conferral requirement. *See* ECF Nos. 22, 27, 45, 47, 50. Conferral would also have been futile. Plaintiff opposes the Petition, as his Response makes plain. Denying the Petition only to have it refiled after a conferral that would change nothing would exalt form over substance and waste the resources of the Court and the parties.

**CONCLUSION**

For the foregoing reasons, Toll respectfully requests that the Court grant the Petition and award Toll its reasonable attorneys' fees of $51,285.00.

Dated: October 22, 2026

Respectfully submitted,

FOX ROTHSCHILD LLP

*<u>/s/ Henry M. Baskerville</u>*

Henry M. Baskerville
Kiana J. Rugar
1225 17th Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 292-1200
hbaskerville@foxrothschild.com
krugar@foxrothschild.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2026 a true and accurate copy of the foregoing was served via CM/ECF on all counsel and parties of record.

*/s/ Rhonda Rudolph*
Rhonda Rudolph